# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

DONALD J. ROBERTS, II, and

GUN OWNERS OF AMERICA, INC.,

    Plaintiffs,

v.

U.S. JUSTICE DEPARTMENT,

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, and

REGINA LOMBARDO, in her official capacity as Acting Director, Bureau of Alcohol, Tobacco, Firearms, and Explosives,

    Defendants.

Case No. _____

Hon.

---

| | |
|---|---|
| Kerry L. Morgan (P32645) | Robert J. Olson |
| PENTIUK, COUVREUR & KOBILJAK, P.C. | William J. Olson |
| 2915 Biddle Avenue, Suite 200 | Jeremiah L. Morgan |
| Wyandotte, MI 48192 | WILLIAM J. OLSON, P.C. |
| Main: (734) 281-7100 | 370 Maple Avenue West, Ste 4 |
| F: (734) 281-2524 | Vienna, VA 22180 |
| KMorgan@pck-law.com | T: (703) 356-5070 |
| *Counsel for Plaintiffs* | T: (540) 450-8777 |
| | F: (703) 356-5085 |
| | wjo@mindspring.com |
| | *Of Counsel* |

---

## EXHIBIT C TO COMPLAINT



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco, Firearms and Explosives

*Field Operations*

---

January 16, 2020

700000:ARG
5350

| | |
|---|---|
| **MEMORANDUM TO:** | All Directors, Industry Operations |
| **FROM:** | Deputy Assistant Director (IO)<br>Office of Field Operations |
| **SUBJECT:** | NICS Alternative Permit Sampling Initiative |

The Gun Control Act at 18 U.S.C. § 922(t), generally requires FFLs to initiate a NICS background check before transferring a firearm to an unlicensed person. Under section 922(t)(3), the law allows an exception to the NICS check requirement for holders of qualifying State-issued permits to possess, carry, or acquire firearms. Permits issued within the past 5 years by the State in which the transfer is to take place qualify as alternatives to a NICS check if the law of the State provides that such a permit is to be issued only after an authorized State or local government official has verified that the information available to such official, including NICS check results, does not indicate that possession of a firearm by the applicant would be in violation of Federal, State, or local law. *See* 27 C.F.R. § 478.102(d)(1).

ATF has issued Open Letters recognizing that certain permits issued in 25 States meet the requirements of 922(t)(3). While ATF established criteria for these States to prevent the issuance of NICS alternative permits to prohibited persons, it is important for ATF to evaluate whether prohibited persons have still been able to obtain and use them to acquire firearms without a NICS background check. In order to address this important public safety issue, Field Operations is initiating a program in which IOIs, during inspections of FFLs, will conduct a NICS re-check of a sampling of transactions where a State permit was used as an alternative to a NICS check to acquire firearms.

The sampling will be conducted under the following guidance:

1. The sampling will be only be conducted in States where ATF has issued an Open Letter recognizing a permit as an alternative to conducting a NICS check under 922(t)(3).

All Directors, Industry Operations

2. The sampling will be conducted during all firearms compliance inspections initiated between January 21 and April 24, 2020, where the FFLs conduct transfers to non-licensees.

3. The sampling will only occur during inspections already identified through domain assessments. Area offices should not alter their plans addressing how they will complete their domain assessment priorities.

4. During inspections, IOIs will use a systematic sampling method by reviewing ATF Forms 4473 and identifying 5 percent of transactions during the inspection period where firearms were acquired using a NICS alternative permit in lieu of the FFL conducting a background check. IOIs should always round upward when calculating the 5 percent sample size.

5. IOIs will conduct NICS re-checks through the LEEP portal for the sample of transactions identified. If the NICS re-check results in a denial or requires further research, IOIs will do the necessary research and work with counsel to determine if the transferee is prohibited.

6. If a transferee is found to be prohibited, the IOI will generate a suspicious activity report to their CGIC group for further investigation and, if appropriate, send a referral to the State authority that issued the permit in accordance with the procedures outlined in the IO Manual.

7. The CGIC shall provide the suspicious activity report and supporting investigative documentation to the NICS coordinator who shall proceed following the same protocol, per ATF O 3140.1A, as in a delayed denial with a substantiated disability. However, if the prohibition is a state violation only, the CGIC should refer the matter to the appropriate local law enforcement authority.

8. IOIs should <u>not</u> enter purchaser or transaction information into Spartan if the purchaser is not found to be prohibited.

9. No later than May 30th, 2020, each field division will send consolidated results in digital format using the worksheets provided to fmsisb@atf.gov. Field divisions should also inform FMS of any significant findings as they are identified.

Your assistance in completing this sampling is appreciated and will help Field Operations better identify possible concerns related to issuance and use of NICS alternate permits to acquire firearms without a NICS check. Questions regarding this sampling initiative should be directed to FMS Deputy Chief Kyle Lallensack.

Andrew R. Graham