UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD J. ROBERTS, II,
*et al.*

Plaintiffs,

v.

U.S. DEPARTMENT OF JUSTICE,
*et al.*,

Defendants.

Case No.  1:20-cv-10639-TLL-PTM

Hon. Thomas L. Ludington

**DEFENDANTS' ANSWER**

Defendants the United States Department of Justice ("DOJ"), the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and Regina Lombardo, Acting Director of ATF, through their undersigned counsel, hereby answer Plaintiffs' Complaint and set forth affirmative defenses as follows:

**INTRODUCTORY MATERIAL**

The first page of Plaintiffs' Complaint sets forth Plaintiffs' characterization of their action and prayers for relief, to which no response is required.  To the extent a response is required, admit that: (1) the Michigan Public Safety Advisory of March 3, 2020 rescinded a prior ATF determination that, when transferring a firearm, Michigan federal firearm licensees ("FFLs") may accept a Michigan Concealed Pistol License ("CPL") in lieu of obtaining a background check from the FBI's National Instant Criminal Background Check System ("NICS"); and (2) 27 CFR § 478.102 is the regulation implementing 18 U.S.C. § 922(t)(3).  Otherwise deny, including to deny that Plaintiffs are entitled to their requested relief or to any relief whatsoever.

## JURISDICTION AND VENUE

1. Admit, except to deny that 5 U.S.C. § 702 is a grant of jurisdiction.

2. Admit.

## PARTIES

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. Admit.

6. Admit.

7. Admit.

## STATEMENT OF FACTS

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Paragraph 19 contains Plaintiffs' characterization of Exhibit B to the Complaint, the March 3, 2020 Public Safety Advisory to All Michigan Federal Firearms Licensees, to which no response is required because Exhibit B speaks for itself. To the extent a response is required, admit that Exhibit B is an accurate copy of the March 3, 2020 Public Safety Advisory (which is also available on ATF's website at https://www.atf.gov/firearms/docs/open-letter/public-advisory-all-michigan-ffls-03-03-20/download) ("March 3 PSA"); otherwise, deny.

20. Admit that paragraph 20 accurately quotes Michigan Compiled Laws Section 28.426; otherwise, deny.

21. Admit that paragraph 21 accurately quotes the March 3 PSA; otherwise, deny.

22. Admit that ATF has information that Michigan state officials are not performing NICS checks as required by state and federal law when issuing CPLs; otherwise, deny.

23. Admit that a Michigan License to Purchase ("LTP") satisfies the requirements of 18 U.S.C. § 922(t)(3); otherwise, deny. Specifically deny that Michigan LTPs and CPLs must be treated identically.

24. Admit that ATF has issued more than one public safety advisory in the last 12 months; otherwise, deny.

25. Admit that ATF issued a "Public Safety Advisory to All Alabama Federal Firearms Licensees" on July 22, 2019 ("July 22 PSA"), that paragraph 25 accurately quotes the contents of the July 22 PSA, and that the URL contained in footnote 4 is the correct URL for a full and complete copy of the July 22 PSA. Otherwise, deny.

26. Admit that Alabama Code § 13A-11-75 is the provision of Alabama law reviewed in 2016 to determine whether Alabama CCP permits satisfied the requirements of 18 U.S.C. § 922(t)(3). Otherwise, deny.

27. Admit that ATF has information that Alabama local government officials are not performing NICS checks as required by state and federal law when issuing CCPs; otherwise, deny.

28. Admit that paragraph 28 accurately quotes the July 22 PSA; otherwise, deny.

29. Admit that ATF issued an October 23, 2019 "Open Letter to All Minnesota Federal Firearms Licensees" ("October 23 Open Letter"), and that the October 23 Open Letter is available at the URL set forth in footnote 5. Otherwise, deny.

30. Admit that Exhibit C is a copy of a January 16, 2020 Memorandum from Andrew R. Graham, ATF's Deputy Assistant Director of Field Operations, describing a NICS Alternative Permit Sampling Initiative ("January 16 Memo"). Otherwise, deny.

31. Admit that the January 16 Memo contains the quoted text; otherwise, deny.

32. Admit that the January 16 Memo contains the quoted text; otherwise, deny.

33. Admit that the January 16 Memo contains the quoted text; otherwise, deny.

34. Admit that the January 16 Memo provides instructions for a sampling of ATF Forms 4473 and contains the quoted text. Otherwise, deny.

35. Admit that the January 16 Memo contains the quoted text; otherwise, deny.

36. Deny.

37. Deny.

38. Admit that the NICS Alternative Permit Sampling Initiative will validate a sample of firearms transfers permitted under 18 U.S.C. § 922(t)(3). Otherwise, deny.

39. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

40. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

41. Admit that 28 CFR § 25.6(j) authorizes access to the NICS index for purposes unrelated to NICS background checks required by the Brady Act. Otherwise, deny.

42. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny…

43. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

44. Deny.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation asserted.

46. Paragraph 46 asserts a legal conclusion about the allegations in paragraph 45, to which Defendants lack knowledge or information sufficient to respond. Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the legal conclusion in paragraph 46.

47. Admit that paragraph 47 accurately quotes a headline on the news story linked in footnote 8. Otherwise, deny.

48. Deny.

49. Deny.

50. Deny.

51. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

52. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

53. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

5

54. Deny that ATF's actions are "unauthorized and unlawful," otherwise, Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegation.

55. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

56. Deny.

## FIRST CAUSE OF ACTION

57. Paragraph 57 "reallege[s] paragraphs 1 through 56," to which no response is required. To the extent a response is required, Defendants incorporate their responses to paragraphs 1 through 56.

58. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

59. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

60. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

61. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

62. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

## SECOND CAUSE OF ACTION

63. Paragraph 63 "reallege[s] paragraphs 1 through 62," to which no response is required. To the extent a response is required, Defendants incorporate their responses to paragraphs 1 through 62.

64. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

### THIRD CAUSE OF ACTION

65. Paragraph 65 "reallege[s] paragraphs 1 through 56," to which no response is required. To the extent a response is required, Defendants incorporate their responses to paragraphs 1 through 56.

66. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

67. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

68. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

69. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

70. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, deny.

### FOURTH CAUSE OF ACTION

71. This paragraph contains a legal conclusion, to which no response is required. To the extent a response is required, admit.

72. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, admit.

73. Deny.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

Defendants hereby specifically deny each and every allegation in the Complaint not expressly admitted or denied in this Answer, or to which it has responded that it has insufficient information to admit or deny.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.
2. The March 3 PSA is supported by substantial evidence and is a reasonable interpretation of law.
3. The March 3 PSA is not arbitrary and capricious or an abuse of discretion, and should therefore be affirmed on the administrative record.
4. The March 3 PSA is not an *ultra vires* action by ATF.
5. The March 3 PSA does not violate the United States Constitution or the Administrative Procedure Act, or any other law.
6. The March 3 PSA does not violate 18 U.S.C. § 926(a).

WHEREFORE, having fully answered, Defendants respectfully state that:

1. This Court should enter judgment for Defendants and dismiss this action with prejudice; and
2. Defendants should be granted such further relief as the Court may deem just and proper.

DATED this 18th day of May, 2020.

                                              Respectfully submitted,

                                              JOSEPH H. HUNT
                                              Assistant Attorney General

                                              LESLEY FARBY
                                              Assistant Branch Director


                                              */s/ Eric J. Soskin*
                                              ERIC J. SOSKIN (PA Bar #200663)
                                              Senior Trial Counsel
                                              Federal Programs Branch
                                              U.S. Department of Justice, Civil Division
                                              1100 L Street, NW Rm. 12002
                                              Washington, DC 20530
                                              Telephone: (202) 353-0533
                                              Fax: (202) 616-8470
                                              Email: Eric.Soskin@usdoj.gov
                                              *Counsel for Defendants*