

DEPARTMENT OF THE TREASURY
BUREAU OF "ALCOHOL, TOBACCO AND FIREARMS
WASHINGTON, DC 20226
OCT 2 9 1998

## OPEN LETTER TO ALL MICHIGAN FEDERAL FIREARMS LICENSEES

**Permanent Provisions of the Brady Law.** The purpose of this letter is to advise you of your responsibilities under the permanent provisions of the Brady law. 18 U.S.C. § 922(t). On November 30, 1998, the interim provisions of the Brady law will cease to apply, and the permanent provisions of the Brady law will take effect.

The permanent provisions of the Brady law provide for the establishment of a National Instant Criminal Background Check System (NICS) that licensees must contact before transferring any firearm to unlicensed individuals. While the interim provisions apply only to handguns, the permanent provisions of Brady will apply to all firearms. In addition, under permanent Brady there will no longer be an exemption for the redemption of a firearm from pawn.

**Notification from the Attorney General.** The United States Attorney General will notify licensees when the NICS is established. The Department of Justice (DOJ) has advised ATF that the Attorney General plans to publish a notice in the Federal Register during the last week of October, announcing the establishment of the NICS as of October 31, 1998. Accordingly, licensees will be required to comply with permanent Brady as of November 30, 1998. Copies of the Attorney General's Notice will be available on DOJ's Home Page on the Internet at http://www.foi.gov/programs/nics/index.htm, and DOJ will mail copies of the notice to licensees.

**Initiation of NICS Checks.** To request a background check for long gun transactions you must contact the Federal Bureau of Investigation's NICS Operations Center by dialing 1-877-FBI-NICS (1-877-324-6427). Your call will be answered by an automated menu that allows you to select from several customer services including initiating a NICS background check. Please note that the Michigan permit to purchase a handgun qualifies as an alternative to NICS and you are not required to initiate a NICS check when the purchaser presents the permit.

**Transfers Subject to NICS Check Requirement.** As of November 30, 1998, you will be required to initiate a NICS check prior to transferring a firearm to anyone who is not a licensee. The following steps must be followed prior to transferring a firearm:

1. Have the transferee complete and sign ATF Form 4473, Firearms Transaction Record.

2. Verify the identity of the transferee through a Government-issued photo identification (for example, a driver's license).

3. Contact NICS. You will get either a "proceed," "denied" or "delayed" response from the system. If you get a "delayed" response and there is no additional response from the system, you may transfer the firearm after three business days have elapsed. Of course, you must still comply with .my waiting period requirements under State law.

ATF000001

- 2 -

4.  If you have initiated a NICS check for a proposed firearms transaction, but the transfer of the firearm is not completed, you must retain the Form 4473 in your records for a period of not less than 5 years. If the transfer is completed, the Form 4473 must be retained for at least 20 years.

**Alternatives to a NJCS Check.** The Brady law provides that certain permits may qualify as alternatives to a NICS check. The Michigan permit to purchase a handgun qualified as an alternative to a background check under the interim provisions of Brady, and will continue to qualify as an alternative to the NICS check required by permanent Brady. Of course all such transactions must still comply with State law.

If you transfer a firearm to an unlicensed person pursuant to the permit alternative. you must comply with the following requirements:

1.  Have the transferee complete and sign ATF Form 4473, Firearms Transaction Record.

2.  Verify the identity of the transferee through a Government-issued photo identification (for example, a driver's license).

3.  Verify that the permit was issued within the past 5 years by the State in which the transfer is to occur, and that the permit has not expired under State law.

4.  Either retain a copy of the transferee's permit and at1ach it to the Form 4473, or record on the Form 4473 any identifying number from the permit, the date of issuance, and the expiration date of the permit.

Please note that the Michigan concealed weapons permit did not qualify as an alternate under the interim provisions of Brady and will not qualify under the permanent provisions.

**Final Regulations and Forms 4473.** Final regulations implementing the permanent provisions of the Brady law will be published shortly by ATF. ATF has also modified ATF Form 4473, Firearms Transaction Record, to reflect the changes in the background check system. A copy of these regulations and a small supply of Forms 4473 will be mailed to each licensee under separate cover before November 30, 1998.

**Questions.** If you have any questions, please contact your local ATF office. Questions regarding long gun transaction operational issues should be directed to the FBI at (304) 625-2750. Questions regarding handgun transaction issues should be directed to the local agency issuing the permit.

Jimmy Wooten
Assistant Director
(Firearms, Explosives and Arson)

ATF000002



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

Washington, DC 20226

March 15, 2004

### Open Letter to All Michigan Federal Firearms Licensees

**Michigan Concealed Pistol Permit Not an Alternative to NICS**

The purpose of this letter is to advise you of your responsibilities under the Brady Law, 18 U.S.C. §922(t).

The permanent provisions of the Brady Law took effect on November 30, 1998. The Brady Law generally requires FFL's to initiate a National Instant Criminal Background Check System (NICS) query before transferring a firearm to an unlicensed individual. However, the Brady Law contains a few exceptions to the NICS requirement, including an exception for holders of certain State permits to possess, carry, or acquire firearms. The State of Michigan issues a Concealed Pistol Permit (CPP, but commonly referred to as CCW) and a License to Purchase a Pistol.

The following guidelines apply to the transfer of firearms in Michigan:

> **The Michigan CPP (CCW) issued under the current Michigan statute**
> (effective July 1, 2001)
> Not an alternative to NICS. You must contact NICS for a background check prior to transfer of a firearm.
>
> **The Michigan CPP (CCW) issued under previous Michigan statute**
> Not an alternative to NICS. You must contact NICS for a background check prior to transfer of a firearm.
>
> **Valid License to Purchase a Pistol (valid for 10 days)**
> No NICS query necessary, a valid alternative to NICS.

If you have any questions about this letter, please contact the ATF Director of Industry Operations in Detroit, Michigan, at (313) 259-8050.

Valerie J. Goddard
Special Agent in Charge
Detroit Field Division

ATF000003



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

Washington, DC 20226

March 24, 2006

## Open Letter to Michigan Federal Firearms Licensees

The purpose of this letter is to advise you of an important change to the procedure you may follow beginning March 24, 2006. On this day, Michigan's Concealed Pistol Licenses (CPLs) issued on or after November 22, 2005 will qualify as an alternative to a National Instant Criminal Background Check System (NICS) check. Accordingly, the 1998 Open Letter to Michigan Federal Firearms Licensees (FFLs) is superseded in regards to the information on "Alternatives to a NICS check."

**Background**

The permanent provisions of the Brady Law took effect on November 30, 1998. The Brady Law generally requires licensed dealers to initiate a NICS background check through the FBI (or the State in a Point of Contact State) before transferring a firearm to an unlicensed individual. However, the Brady Law contains a few exceptions to the NICS check requirement, including an exception for holders of certain State permits to possess, carry, or acquire firearms.

In 1998, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) sent an Open Letter to all Michigan FFLs stating Michigan's Permit to Purchase a Handgun would qualify as an alternative to the background check required under the Brady Law, but that the CPL would not. ATF's recognition of the Permit to Purchase a Handgun as a Brady alternative was based on the fact that Michigan conducted background checks through NICS prior to the issuance or renewal of these permits, and denied a permit to anyone prohibited under Federal, State, or local law. This process was not followed before the issuance of a CPL, and therefore the CPL did not qualify for the exception.

Michigan recently passed a law, effective November 22, 2005, changing the way the CPL is issued. The Michigan Attorney General asked ATF to review whether the CPL now meets the statutory and regulatory requirements for the NICS exception. ATF's review found that CPLs issued on or after November 22, 2005, do meet the requirements. Accordingly, all Michigan Permits to Purchase a Handgun and CPLs issued on or after November 22, 2005, now both qualify as NICS check alternatives.

**How This Affects FFLs**

Beginning March 24, 2006, if an unlicensed person presents you with a Michigan CPL issued on or after November 22, 2005, no NICS check is necessary. However, the required information about the license must be recorded in question 23 of the ATF Form 4473, Firearms Transaction Record. As stated above,

ATF000004

the Michigan Permit to Purchase a Handgun continues to be a NICS alternative. Please note, Michigan CPLs issued prior to November 22, 2005 and Michigan's Temporary Concealed Pistol License do not qualify as NICS alternative. Therefore if someone presents you with one of these licenses, you must conduct a NICS check.

If you have any questions, please call your local field office or ATF's Brady Operations Branch at (304) 616-4200. As always, we thank you for your cooperation.

Lewis P. Raden
Assistant Director
Enforcement Programs and Services



**U.S. Department of Justice**

Federal Bureau of Investigation

Clarksburg, WV  26306

January 10, 2020

Ms. Dawn Brinningstaull
Division Director
Criminal Justice Information Center
Michigan State Police
Post Office Box 30634
Lansing, MI  48909

Dear Ms. Brinningstaull:

The purpose of this letter is to present the final results of the June 2019 National Instant Criminal Background Check System audit of Michigan conducted by the Federal Bureau of Investigation's Criminal Justice Information Services (CJIS) Division, CJIS Audit Unit (CAU).  Audit results are based on the assessment of requirements set forth in applicable laws, regulations, rules, policies, and procedures.  For this audit, assessments were conducted of the Criminal Justice Information Center, Michigan State Police and 11 local agencies.

The CAU reviewed your response to the draft audit findings and concluded that it addresses the findings sufficiently to finalize the audit.  Applicable final results will be forwarded to the CJIS Advisory Policy Board and/or the National Crime Prevention and Privacy Compact Council for review pursuant to their respective shared management responsibilities.

ATF000006

Ms. Dawn Brinningstaull

Thank you for your cooperation throughout the audit process.  If you should have any questions, please contact Ms. Cheryl D. Marple-Burke at 304-███████ or ██████████████.

Sincerely yours,

John A. Traxler
Section Chief
Resources Management Section
Criminal Justice Information
  Services Division

By:
Michael D. McIntyre Jr.
Unit Chief

Attachment

2

ATF000007

# Michigan
## 2019 National Instant Criminal Background Check System (NICS)
## Audit Findings and Response

The NICS audit resulted in eight findings of noncompliance.  Pursuant to applicable laws, regulations, rules, policies, and procedures, these findings are currently subject to the formal sanctions process.  This audit cycle consisted of a review of Michigan's Concealed Pistol License (CPL) and NICS Indices records at the Michigan State Police (MSP) and the License to Purchase (LTP) at ten local sheriff's offices.

1. ██████████████████████████
██████████████████████████████
██████████████████████████████
████████████████

██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
████

██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████

██████████████████████████████
██████████████

2. **POC Requirements - POC, Partial-POC, or Alternate Permit Requirements:  Ensure the sale of a firearm, permit to possess or acquire, a permit to carry, or an explosive permit is based on criteria equal to or more stringent than imposed by Title 18,**

ATF000008

Michigan
2019 National Instant Criminal Background Check System (NICS)
Audit Findings and Response

**United States Code (U.S.C.), § 922 (g) or (n) without a state statute authorizing such practice.**

Applicants for the CPL permits in Michigan are not being evaluated and/or denied with criteria based on all of the federal prohibitions outlined within Title 18, U.S.C. 922 (g).  The MSP's Legal Unit believes that based on the statutory language, the MSP CPL Unit's authority only extends to querying the NICS for existing prohibitions, not to make new prohibitions determinations based on information discovered during research.  Due to legal opinions provided to MSP by their attorneys, only those criteria outlined in Michigan state law are applied unless it is documented in the NICS Indices.  Due to the Michigan CPL statute not specifically covering fugitive from justice and misdemeanor crimes of domestic violence, the Legal Unit will not allow the CPL Unit to conduct research and make new prohibition adjudications.  Therefore, the potential of a disqualified individual obtaining a firearm grows because these subjects are being issued a CPL even though federally disqualified information may be available for denial purposes.  In addition, the Legal Unit has also stated due to legalization of recreational marijuana in Michigan, MSP is no longer reporting the use of such to the NICS Indices.

*Jurisdiction-wide response*:  The MSP respectfully disagrees with the breadth of the proposed finding that "[a]pplicants for the CPL permits in Michigan are not being evaluated and/or denied with criteria based on all of the federal prohibitions outlined within Title 18, U.S.C. 922(g)," and, for the reasons stated below, the MSP requests that a final decision regarding the MSP's compliance be deferred in light of the stated considerations.

Under state law, local county clerks are responsible for issuing CPLs in Michigan, based on information provided by the MSP.  MCL 28.425a(2).  Among other administrative duties, the MSP is responsible for verifying through NICS and the state system, LEIN, whether an applicant is ineligible for a CPL because a statutory disqualification applies.  MCL 28.425a(2); MCL 28.425b(6).  Additionally, the county clerk may only issue a CPL if the MSP has determined through NICS that the applicant is not federally prohibited from possessing or transporting a firearm and has verified through ICE databases that he or she is not an illegal alien or a nonimmigrant alien.  MCL 28.426(2).

To be clear—and to set the record straight with respect to the finding that "[d]ue to the Michigan CPL statute not specifically covering fugitive from justice and misdemeanor crimes of domestic violence"—state law expressly requires the MSP to verify through NICS and LEIN whether an applicant has a conviction or pending charges for a variety of enumerated violations of Michigan law or a violation of the law of the United States, another state, or a local unit of government of Michigan or another state that substantially corresponds to one of those enumerated violations.  See MCL 28.425b(7).  At least some of

2

## Michigan
## 2019 National Instant Criminal Background Check System (NICS)
## Audit Findings and Response

those disqualified applicants would be federally prohibited upon further consideration and inquiry, for example, for having a conviction of a "misdemeanor crime of domestic violence" or being a "fugitive from justice," as those terms are defined by federal law and regulations.

Moreover, as noted above, state law specifically requires the MSP to determine the presence of statutory federal disqualifiers through NICS, for example, reporting "fugitives of justice" and those convicted of "misdemeanor crimes of domestic violence." MCL 28.426(2)(a). Simply put, if the presence of this disqualifying information is determined through a background check, the statutory disqualification(s) is in fact reported to the county clerk, and the CPL application is denied as a matter of course.

The MSP unequivocally confirms that it has, does, and will continue performing the clear mandates under the above-cited state statutes governing the CPL process in Michigan. Because investigative efforts have the potential to raise questionable issues of fact that are not necessarily easily resolved due to the inherent limitations of certain records and available resources, internal concerns were raised regarding the scope of the MSP's duties and responsibilities in the CPL process with respect to making and entering final determinations restraining an individual's right to possess a firearm by interpreting and applying federal law under 18 USC 922. To be sure, however, the concerns raised only pertain to some, and not all, of the federal firearm prohibitions listed under 18 USC 922(g) and (n), which are individually addressed in greater detail below in responses to additional, overlapping audit findings.

The MSP remains committed to engaging in every reasonable effort to ensure its legal responsibilities are not only met but exceeded in order to effectuate legislative and congressional directives. These laws have presumably contemplated the appropriate burden of a state agency performing duties under a license or permit process in a non-POC state, like the MSP's role in the CPL process, to reduce the "potential of a [federally] disqualified individual obtaining a firearm" when "federally disqualified information may be available." To that end, the MSP has not been made aware of federal law requiring a state agency in our position to make a final determination of factual and legal issues in applying federal law under 18 USC 922(g) and (n) or, as discussed in response to the final audit finding, any federal law making such a determination a condition to the "alternative permit" status established under 27 CFR 478.102(d) or to be granted access to NICS.

Nevertheless, the MSP has sought further legal guidance from the Michigan Attorney General's Office in order to precisely determine our responsibilities under applicable legal requirements, which has regrettably, but unavoidably, been a lengthy process in light of changes in Michigan law and state-level government. The MSP and its formal legal counsel

ATF000010

## Michigan
## 2019 National Instant Criminal Background Check System (NICS)
## Audit Findings and Response

have been, and intend to continue to be, actively engaged in a resolution of this matter, which we hope to have completed before the conclusion of 2019 or soon thereafter.

*Local Agency-specific response*:  There is no compliance issue identified for local agencies.

**3.** ████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████

████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████████
███████████████████████████████████████████████
█████████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████

████████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
███████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████████████████████████████
█████████████████████████  ███████████████████
███████████████████████████████████

ATF000011

Michigan
2019 National Instant Criminal Background Check System (NICS)
Audit Findings and Response



ATF000012

Michigan
2019 National Instant Criminal Background Check System (NICS)
Audit Findings and Response



ATF000013

Michigan
2019 National Instant Criminal Background Check System (NICS)
Audit Findings and Response

████████████████████████████████████████
████████████████████████████████████
█████████████████████
██████████████████████████████████████
████████████████████████████████████

4. **Federal Denial Criteria - Active Warrant:  Ensure an individual is denied who is a fugitive from justice in accordance with Title 18, U.S.C., § 922 (g) (2).**

Currently MSP is not denying applicants that may have an active warrant.  The MSP's legal advisors have stated MSP's staff cannot conduct the necessary research to determine if the subject is a fugitive from justice based on federal criteria.  Due to not applying this federal prohibition, if an individual is a fugitive from justice, the subject could have been granted a permit thus increasing the likelihood of a prohibited individual obtaining a firearm.

*Jurisdiction-wide response*:  The MSP respectfully disagrees with the breadth of this proposed finding.  As previously explained, CPL applicants entered into NICS as a "fugitive from justice" are reported as a state statutory disqualifier under MCL 28.426, and applicants who would be "fugitives from justice" are reported disqualified if he or she is convicted of or charged with a disqualifying violation under MCL 28.425b.

As the CJIS Audit Unit is likely aware, the "fugitive from justice" federal firearms prohibition includes individuals who have fled Michigan to avoid prosecution of a felony or misdemeanor or to avoid giving testimony in a criminal proceeding and individuals who leave the state knowing felony or misdemeanor charges are pending.  18 USC 921(a)(15); 27 CFR 478.11.

While NICS has supplied "guidance" for applying 18 USC 922(g)(2), determining in the first instance that an individual "is" a fugitive from justice still requires extensive fact finding.  Even if the MSP had infinite resources available to conduct relevant investigations while performing its duties in the CPL process, internal concerns have been raised regarding the MSP's authority to essentially become an adjudicative agency in applying 18 USC 922(g)(2) and related NICS guidance, some of which includes provisions not expressly found in applicable law.  For example, determining whether a CPL applicant is a fugitive from justice would require an analysis of the applicant's intent, which the NICS guidance informs may be "inferred" by the applicant's knowledge of the underlying criminal obligation and departure from the state.  Unfortunately, the "fugitive from justice" criteria is not limited to objective, readily ascertainable facts, such as a conviction or arrest warrant for one or more specific crimes.

ATF000014

## Michigan
## 2019 National Instant Criminal Background Check System (NICS)
## Audit Findings and Response

To be clear on a couple of additional points made in the above proposed finding, it is the MSP's understanding that the most-current NICS guidance does not require a denial on the basis of an "active warrant" alone.

Also, the internally-raised legal concerns have not been with regard to the extent of resources expended for investigative activity in the CPL process; rather, the concerns have related to the MSP's authority to make and enter a final determination of factual and legal issues in applying federal law under 18 USC 922(g)(2) and 27 CFR 478.11.  More specifically, whether it is appropriate and necessary for the MSP, which lacks authority of a POC state, to make and enter such a determination in performing its role in the CPL process.  As previously stated, the MSP and its formal legal counsel have been, and intend to continue to be, actively engaged in a resolution of this matter, which we hope to have completed before the conclusion of 2019 or soon thereafter.

*Local Agency-specific response*:  There is no compliance issue identified for local agencies.

5.  **Federal Denial Criteria - Controlled Substance User:  Ensure individuals are denied who are unlawful users of or addicted to any controlled substance per Title 18, U.S.C., § 922 (g) (3).**

While processing the CPLs, MSP will not deny an applicant that has possession of marijuana charges on their record.  Recreational marijuana is now legal in Michigan; as such, MSP is no longer reporting the use of such to the NICS Indices.  Therefore, MSP legal advisors have opined that the applicants cannot be denied if the prohibition is not in the NICS Indices.

*Jurisdiction-wide response*:  The MSP respectfully disagrees with the proposed finding that "[w]hile processing the CPLs, MSP will not deny an applicant that has possession of marijuana charges on their record."

To the contrary, the CPL application process requires the MSP to report to the county clerk a state statutory disqualifier for an applicant with any "felony" conviction from Michigan or elsewhere or a misdemeanor conviction for possession of a controlled substance in violation of MCL 333.7403 within the preceding eight years.  MCL 28.425b(7)(f) and (h)(vi).  The enactment of the Michigan Regulation and Taxation of Marihuana Act, MCL 333.27951 to MCL 333.27967, has not currently impacted whether or not a statutory disqualification is reported pursuant to MCL 28.425b or MCL 28.426, and thus, whether or not a CPL application is denied on these grounds.  At this time, subject to further legal guidance or change in binding authority, the MSP reasonably anticipates the continuation of these conditions.

ATF000015

That said, as with other federal firearm prohibitions discussed, similar concerns have been internally raised as to whether it is appropriate and necessary for the MSP, which lacks authority of a POC state, to make and enter a final determination of factual and legal issues in applying federal law under 18 USC 922(g)(3) and 27 CFR 478.11 when performing its role in the CPL process. As previously stated, the MSP and its formal legal counsel have been, and intend to continue to be, actively engaged in a resolution of this matter, which we hope to have completed before the conclusion of 2019 or soon thereafter.

The MSP's policies and practices outside the scope of the CPL process are not relevant to this proposed finding, nor does the MSP's policies and practices, either within or outside the scope of the CPL process, control local agencies' ability to enter a federal firearm prohibition under 18 USC 922(g)(3).

*Local Agency-specific response*:  There is no compliance issue identified for local agencies.

6. **Federal Denial Criteria - Misdemeanor Crime of Domestic Violence (MCDV):  Ensure individuals are denied who have been convicted in any court of a MCDV per Title 18, U.S.C., § 922 (g) (9).**

MSP will not deny an applicant that has a MCDV on their record if it is not already in the NICS Indices. The MSP Legal Unit has opined that Michigan does not have to research and make a final determination on MCDVs (Title 18, U.S.C., § 922 (g) (9)) for their ATF-Qualified in-lieu of CPL permits because they are not required to interpret federal law. A list of 50 permits that were being held, were issued after the previous Michigan Attorney General (AG) had provided an opinion supporting the MSP Legal Unit opinion in that were not fully vetted for adherence to the MCDV federal firearm prohibition increasing the likelihood of a prohibited individual obtaining a firearm. Currently, MSP is maintaining a list of active permits that may also be disqualified due to a possible MCDV awaiting the new AG's opinion on the previous AG's decision.

*Jurisdiction-wide response*:  The MSP respectfully disagrees with the breadth of this proposed finding. As previously explained, CPL applicants are reported disqualified if he or she is entered into NICS as having an MCDV conviction or has a conviction of a state-disqualifying offense, some of which would also meet the elements of an MCDV.

Indeed, all CPL applicants having a conviction of assault or domestic assault under MCL 750.81 or MCL 750.81a within the preceding eight years are reported disqualified by the MSP. With respect to the federal firearm prohibitions pertaining to MCDVs, Michigan law provides for—and MSP enforces—this statutory disqualification under MCL 28.426 when information contained in NICS indicates that a CPL applicant has committed a disqualifying

9

## Michigan
### 2019 National Instant Criminal Background Check System (NICS)
### Audit Findings and Response

offense under the MCDV prohibition.  The MSP then reports the same to the county clerk, and the CPL application is denied.

As with other federal firearm prohibitions discussed, the ability of the MSP to make and enter MCDV determinations is limited by—and made more challenging on account of—several factors, including, but not limited to, non-uniform or incomplete reporting by local and federal criminal justice agencies and the possibility that many misdemeanor offenses include disjunctive elements that may (but do not necessarily) constitute disqualifying conduct.

In view of these challenges, MSP has not only raised concerns with, but has also proactively sought guidance from, federal and state authorities, to ameliorate the thoroughness and efficacity of firearm background checks conducted in conjunction with CPL applications. And, although it remains an open question whether it is appropriate and necessary for the MSP, which lacks authority of a POC state, to make and enter a final determination of factual and legal issues in applying federal law under 18 USC 922(g)(9) when performing its role in the CPL process, the MSP nevertheless continues to report to the county clerk the presence of disqualifying offenses on the basis of what is contained both in NICS and LEIN.

As generally discussed in the above proposed finding, in July 2018, the MSP received an informal opinion of the Michigan Attorney General recommending that the MSP make and enter determinations of federal firearm prohibitions.  This recommendation applied generally, but the MCDV disqualifications were specifically contemplated.  Pursuant to that recommendation, the MSP Legal Resources and Education Unit and CPL Unit worked diligently and cooperatively to develop internal policies to process CPL applicants whom the CPL Unit believed may meet the elements of the MCDV disqualifier.

Upon implementing those practices, the MSP did in fact make and enter determinations under 18 USC 922(g)(9).  During this time, concerns became heightened when discovering the potential complexities involved in making final determinations that a CPL applicant is or is not federally disqualified as having committed an MCDV.  Generally, it is necessary to consider evolving federal caselaw and often necessary to rely on the interpretation of quite old case records that were very likely not created in contemplation of recording information for the application of a federal firearm disqualifier.  More specifically, applying the "civil rights restored" MCDV exception under 18 USC 921(a)(33)(B)(ii) can in some cases present considerable questions of law and fact.  In Michigan, a person's right to vote is revoked while the person is incarcerated for a "crime."  MCL 168.758b.  This has created a counterintuitive application of the "civil rights restored" MCDV exception.  See United States v Bridges, 696 F 3d 474 (CA 6, 2012).

10

# Michigan
## 2019 National Instant Criminal Background Check System (NICS)
## Audit Findings and Response

Also during this time, Michigan experienced changes in law and state government, and those changes combined with the complexities involved in some cases under some federal firearm prohibitions led the MSP to seek additional guidance from the Michigan Attorney General's Office in 2019.  As previously stated, the MSP and its formal legal counsel have been, and intend to continue to be, actively engaged in a resolution of this matter, which we hope to have completed before the conclusion of 2019 or soon thereafter.

It should be noted that from approximately November 2016 to December 2018, the MSP CPL Unit isolated 76 CPL applications that were sent for further internal department review due to a possible MCDV federal disqualification.  This number is but a fraction of the total number of CPL applicants processed by the MSP.  In 2017, for example, 137,345 CPL applications were received, and in 2018, 141,250 CPL applications were received.

Furthermore, the MSP remains willing to work with the federal government to ensure it has available information relating to potential MCDV disqualifications in the absence of the MSP making and entering a final determination of a MCDV federal disqualification through the CPL application process at this time.

_Local Agency-specific response_:  There is no compliance issue identified for local agencies.

7.  **Alternate Permit Requirements - Alternate Permit NICS Check and Renewal Process: Ensure a NICS check is conducted prior to the issuance of a permit valid to purchase a firearm as required by federal law.**

The exception to the required NICS background check as outlined in Title 27 C.F.R., Part 478.102 (d) (1) in part states that the provisions of paragraph (a) shall not apply if  - the transferee has presented to the licensee a valid permit or license that allows the transferee to possess, acquire, or carry a firearm; was issued not more than five years earlier by the state in which the transfer is to take place; and the law of the state provides that such a permit or license is to be issued only after an authorized government official has verified that the information available to such official does not indicate that possession of a firearm by the transferee would be in violation of federal, state, or local law.  MSP is not applying all federal prohibitions outlined in Title 18, U.S.C., § 922 (g) (1-9) and (n) when adjudicating subjects who have applied for a CPL.  The MSP's legal advisors believe the MSP CPL Unit's authority only extends to check the NICS for existing prohibitions, not to make new prohibition determinations.  Therefore, MSP's CPL Unit is restricted from making any new prohibition determinations specific to the fugitive from justice, Title 18, U.S.C., § 922 (g) (2); unlawful users of or addicted to any controlled substance, Title 18, U.S.C., § 922 (g) (3); and misdemeanor crimes of domestic violence, Title 18, U.S.C., § 922 (g) (9).  LTP permits were not affected by this legal opinion.

ATF000018

## Michigan
## 2019 National Instant Criminal Background Check System (NICS)
## Audit Findings and Response

*Jurisdiction-wide response*:  The MSP respectfully disagrees with the proposed finding that a NICS check is not being "conducted prior to the issuance of a permit valid to purchase a firearm as required by federal law."  In fact, a NICS check has, is, and will continue to be conducted as a matter of course for every CPL application, as required pursuant to state law under MCL 28.425b and MCL 28.426.

The MSP respectfully disagrees with the breadth of the proposed finding that the MSP "is not applying all federal prohibitions outlined in Title 18, U.S.C., § 922 (g) (1-9) and (n) when adjudicating subjects who have applied for a CPL."  Issues affecting the MSP's response to this audit finding have been discussed above within multiple responses to prior, overlapping audit findings.

As the above analysis reflects and as the CJIS Audit Unit is likely well aware, POC states are defined as "an intermediary between an FFL and the federal databases checked by the NICS" that "perform NICS inquiries, [and] determine whether matching records provide information demonstrating that an individual is disqualified from possessing a firearm under Federal or state law."  28 CFR 25.2 (alteration added).  A POC state is an agency with "express or implied authority to perform POC duties pursuant to state statute, regulation, or executive order."  Id.  Conversely, as cited above, a requirement of an "alternative permit" status is that the license be issued only after an authorized government official has verified that the information available to such official does not indicate that possession of a firearm by the transferee would be in violation of federal, state, or local law.  27 CFR 478.102(d); 18 USC 922(t)(3)(A).

The obvious distinction between the responsibilities of a POC-designated state, which the MSP is not, and a state performing a permitting or licensing function approved as an exception under 27 CFR 478.102(d) is being considered in the analysis of the MSP's authority to make and enter final determinations of federal firearm prohibitions under 18 USC 922(g) and (n).  As previously stated, the MSP and its formal legal counsel have been, and intend to continue to be, actively engaged in a resolution of this matter, which we hope to have completed before the conclusion of 2019 or soon thereafter.

The MSP would like to convey the below statistics representing the volume of CPL applications received, which were also noted in the discussion of MCDV federal disqualifiers.  Please note that a Pistol Sales Record (PSR) completed under MCL 28.422a that is accompanied with a CPL number does not necessarily mean the PSR was completed as an "alternate permit."

•  In 2019, as of August 1, 104,329 CPL applications were received (90,420 PSR with CPL number received)

ATF000019

## Michigan
## 2019 National Instant Criminal Background Check System (NICS)
## Audit Findings and Response

- In 2018, 141,250 CPL applications were received (163,930 PSR with CPL number received)
- In 2017, 137,345 CPL applications were received (180,481 PSR with CPL number received)
- In 2016, 179,940 CPL applications were received (214,158 PSR with CPL number received)

It should be noted that in every reported instance where a NICS background check produced information that indicated an applicant was ineligible for a CPL because a statutory disqualification applies, the MSP CPL Unit has denied CPL applications accordingly. Furthermore, under state law, MSP reserves the right to revisit and reconsider previously granted applications based on newly reported information and or changing guidelines.

*Local Agency-specific response*:  There is no compliance issue identified for local agencies.

While not a finding of noncompliance, the NICS audit did identify one area of concern.

1. ████████████████████████████████████████████████████
████████████████████████████████████

████████████████████████████████████████
███████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████████
██████

████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████████
███████████████████████████████
█████████████████████████████

████████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████

ATF000020

Michigan
2019 National Instant Criminal Background Check System (NICS)
Audit Findings and Response

███████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

████████████

█████████████████████████████████████████████████████

Additional comments:

The MSP would like to make the following additional comments generally relating to proposed findings 3, 5, 6, 7, and 8:

- The MSP respectfully disagrees with the number of audit findings listed above.  Numbers 3, 5, 6, 7, and 8 share the same underlying finding—alleged failure report statutory disqualifiers for CPL applicants to whom determinations of federal firearm prohibitions under 18 USC 922(g) and (n) apply.

- The MSP remains committed, in partnership with the federal government, to ensuring a meaningful application of federal and state law with respect to firearm and licensing disqualifications.  However, it is important to the MSP that it acts appropriately within the legal authority it has been granted.  If it is determined as a matter of law or policy that the MSP will not enter and make final determinations of federal firearm prohibitions under 18 USC 922(g) and (n) as part of its role in the Michigan CPL application process, the MSP nevertheless intends to continue a mutually beneficial relationship with the federal government, such as NICS, to provide information the MSP may discover that NICS may find relevant in making those final determinations, subject to any direct, irreconcilable conflict with state law.

- The State of Michigan would like to take this opportunity to renew its request to collaborate with NICS to identify—and ultimately make final determinations with respect to—information that may indicate the presence of federal firearm prohibitions.  The MSP CPL Unit originally proposed a cooperative arrangement of this nature—similar to that which NICS provides to FFLs when conducting firearms background checks—in September 2017.  In short, the proposal called for the MSP CPL Unit to gather relevant records that could potentially constitute a federal prohibition, and refer that information to NICS so that NICS may make and enter the final determination under federal law.

ATF000021

Michigan
2019 National Instant Criminal Background Check System (NICS)
Audit Findings and Response

- The MSP again requests that a final decision regarding the MSP's compliance with these proposed findings be deferred in light of the explanations provided above. Of specific note, the MSP is aware of NICS-provided training and statements in the NICS Training Manual that expressly advise states to "check with your legal counsel to ensure compliance with all applicable state and federal laws" before contributing information to the NICS Indices.

FBI additional comments:



In addition, the CAU would provide these further comments in relation to the MSP's response. While not a full POC state, the MSP is a partial POC concerning the issuing the LTP and issuing of the CPL, which are ATF qualified permits, allowing the purchase of a firearm without the additional requirement for a NICS check prior to the transfer from an FFL to the purchaser.

Though CAU acknowledges the responses provided, the MSP remains responsible for corrective actions to bring Michigan into compliance with federal law and policies that govern the use of NICS and the issuance of the ATF in-lieu of permits.

ATF000022

| | |
|---|---|
| **From:** | Lallensack, Kyle E. |
| **To:** | Gluck, Jason H. |
| **Subject:** | FW: Michigan ATF-Qualified permit and MCDV research |
| **Date:** | Monday, June 3, 2019 9:43:07 AM |

**From:** Epstein, Eric M. ███████████████

**Sent:** Friday, March 22, 2019 2:38 PM

**To:** Gilbert, Curtis W. ███████████████>; Carlson, Krissy Y. ███████████████;
Lallensack, Kyle E. ███████████████ Paskalis, Anne Marie ███████████████

**Subject:** Fwd: Michigan ATF-Qualified permit and MCDV research

Please see below. It would appear that we are going to need to reopen the case on Michigan
alternate permits.

Eric Epstein
Senior Policy Counsel

Begin forwarded message:

> **From:** "Garrison, Joann (CJIS) (FBI)" ███████████████
> **Date:** March 22, 2019 at 2:24:13 PM EDT
> **To:** "Epstein, Eric M. (ATF)" ███████████████, "Kil, Sophia Y. (ATF)"
> ███████████████
> **Cc:** "Wright, Joseph V. (CJIS) (FBI)" ███████████████, "Bumgardner, Julie K. (CJIS)
> (FBI)" ███████████████, "Riddle, Dorothy L. (CJIS) (FBI)" ███████████████
> "Koch, Krista L. (CJIS) (FBI)" ███████████████
> **Subject: Michigan ATF-Qualified permit and MCDV research**
>
> Good afternoon Eric,
>
> I hope this email finds you well.
>
> I wanted to touch base with you regarding an issue that began in 2017 with the
> state of Michigan. Our NICS legal counsel and ATF have previously worked
> with Michigan State Police (MSP), their legal counsel, and the Michigan AG
> regarding the state's opinion that Michigan does not have to research and make a
> final determination on misdemeanor crimes of domestic violence (MCDV 922
> g(9)) for their ATF-Qualified in lieu of permit because they are not required to
> interpret federal law. During this time the NICS also discovered that the MSP
> was not researching for federal criteria on 922 g(3) and possible 922 g(2) as well.
> The MSP argued that we are requiring them to interpret federal law to which we
> explained we were not, the FBI and ATF have already done that and provided
> guidance on the application of the federal prohibitions. Much back and forth
> discussion occurred on this issue however back in July 2018 we were advised by
> the MSP that the Michigan AG granted MSP the authority to make determinations
> on MCDV and enter those in the NICS Indices database. Part of that process

included review of the case/application by a MSP analyst as a second legal review then to the MSP legal team for a 3rd review prior to entry.

Yesterday we received information from the MSP that in January a new AG was elected, Dana Nessel, and the direction that the MSP permit unit has received in the past on this issue has changed. Kevin Collins, Field Support Section Manager with the MSP, has indicated they were advised by their MSP legal counsel that they are not adhering to the previous direction provided by the previous Michigan AG, they are waiting on an opinion from the new AG as to whether the new AG agrees with the process.

The MSP's permit unit current status is to not make any determination on the permit applications where MCDV is concerned, stop processing until the new opinion is delivered. The MSP permit unit currently has 54 permit cases that will be issued if they are not reviewed prior to the new AG's opinion. Kevin was advised last week by MSP legal counsel that the issue was delivered to the new AG however there is no word yet on the AG's opinion.

There is a potential for 54 permits to be issued that were not fully vetted for adherence to the MCDV federal firearm prohibition which could result in disqualified individuals receiving firearms.

I am asking for your office to review and provide guidance on what the next steps should be. Julie Bumgardner, Office of General Counsel, is copied on this request. Please feel free to reach out to Julie or myself with any questions or clarifications on the history of this issue.


Thank you.
JoAnn Garrison
FBI Liaison Specialist
National Instant Criminal Background
Check System
304-███████████

This message has been transmitted to you by the FBI Criminal Justice Information Services Division's National Instant Criminal Background Check System Section. The message, along with any attachments, is to be considered confidential and legally privileged. No part of it is to be disseminated or reproduced without written consent of the sender. If you are not the intended recipient of this message, please destroy it promptly without any retention, dissemination, or reproduction (unless required by law), and please notify the sender of the error immediately by separate e-mail or by calling 304-625-7474

**From:** Lallensack, Kyle E.
**To:** Gluck, Jason H.
**Subject:** FW: MI MCDV research issue
**Date:** Monday, June 3, 2019 9:41:42 AM

---

**From:** Lallensack, Kyle E.
**Sent:** Monday, April 22, 2019 2:32 PM
**To:** Carlson, Krissy Y. ████████████████████
**Subject:** RE: MI MCDV research issue

Thanks Krissy,  I think this is the opposite though.  MSP is pushing the applications to the county clerks without doing further research.  The clerks are then issuing if they don't otherwise find something to deny on, not necessarily denying all.

---

**From:** Carlson, Krissy Y. ████████████████████
**Sent:** Monday, April 22, 2019 9:15 AM
**To:** Lallensack, Kyle E. ████████████████████
**Subject:** Fwd: MI MCDV research issue

FYI

Krissy Y. Carlson
Division Chief, Firearms and Explosives Industry
Cell (████████████████

Begin forwarded message:

> **From:** "Carlson, Krissy Y." ████████████████████
> **Date:** April 22, 2019 at 9:14:34 AM EDT
> **To:** "Epstein, Eric M." ████████████████████
> **Cc:** "Gilbert, Curtis W." ████████████████████, "Paskalis, Anne Marie" ████████████████████, "Vann, James P." ████████████████████
> **Subject: Re: MI MCDV research issue**
>
> Well alrighty then.
>
> They are processing and just denying, instead of doing the research right?  In that case, I see no public safety issue.  In my opinion, If they chose to deny their residents then that's their liability.  I recommend we let them handle it.
>
> Krissy Y. Carlson
> Division Chief, Firearms and Explosives Industry
> Cell ████████████████

ATF000025

On Apr 22, 2019, at 8:58 AM, Epstein, Eric M. ████████████ wrote:

Fyi - latest on the Michigan concealed permit issue.

- Eric

**Eric M. Epstein, Senior Policy Counsel (Firearms and Explosives)**
**Bureau of Alcohol, Tobacco, Firearms and Explosives**
**United States Department of Justice**
**99 New York Ave., NE, Room 6E-363**
**Washington, D.C.  20226**
**Tel:  202-**████
**Fax: 202-**████

---

**From:** Garrison, Joann (CJIS) (FBI) ████████████
**Sent:** Monday, April 22, 2019 8:49 AM
**To:** Epstein, Eric M. ████████████ ; Bumgardner, Julie K. (CJIS) (FBI) ████████████
**Cc:** Moore, Eric M. (CJIS) (FBI) ████████████ Koch, Krista L. (CJIS) (FBI) ████████████ ; Wright, Joseph V. (CJIS) (FBI) ████████████ Baker, Joseph M. (CJIS) (FBI) ████████████ ; Casey, Nicholas (CK) (FBI) ████████████ ; Mullenax, Todd D. (CJIS) (FBI) ████████████ Lintner, Ernest A. ████████████
**Subject:** RE: MI MCDV research issue

All,

I received a message from Kevin Collins with MSP.  He indicated the MSP legal counsel spoke with their AG and they are not interested in having a call to discuss matters that have been previously talked about.  They are standing firm that they do not have to conduct research for MCDV.  They are more interested in waiting to receive an opinion and direction from their AG.  An informational brief was completed and sent to the AG on Wednesday, April 17.

As it stands, they are not amenable to having a call.

Eric and Julie, can you advise how you want to proceed in this matter?

Thank you.

JoAnn Garrison
FBI Liaison Specialist
National Instant Criminal Background
Check System
304-████

█████████████████

This message has been transmitted to you by the FBI Criminal Justice Information Services Division's National Instant Criminal Background Check System Section. The message, along with any attachments, is to be considered <u>confidential</u> and legally privileged.  No part of it is to be disseminated or reproduced without written consent of the sender.  If you are not the intended recipient of this message, please destroy it <u>promptly</u> without any retention, dissemination, or reproduction (unless required by law), <u>and</u> please notify the sender of the error <u>immediately</u> by separate e-mail or by calling 304-625-7474

**From:** Epstein, Eric M. ████████████████████

**Sent:** Tuesday, April 9, 2019 1:40 PM

**To:** Garrison, Joann (CJIS) (FBI) ████████████

**Cc:** Moore, Eric M. (CJIS) (FBI) ██████████████; Koch, Krista L. (CJIS) (FBI) ███████████; Wright, Joseph V. (CJIS) (FBI) █████████████ Baker, Joseph M. (CJIS) (FBI) ██████████; Casey, Nicholas (CK) (FBI) ████████████; Mullenax, Todd D. (CJIS) (FBI) ██████████████; Lintner, Ernest A. (ATF) ███████████████

**Subject:** RE: MI MCDV research issue

Thanks for the update Joann.  This is unfortunate news.

- Eric

**Eric M. Epstein, Senior Policy Counsel (Firearms and Explosives)**
**Bureau of Alcohol, Tobacco, Firearms and Explosives**
**United States Department of Justice**
**99 New York Ave., NE, Room 6E-363**
**Washington, D.C.  20226**
**Tel:  202-**████
**Fax: 202-**█████

**From:** Garrison, Joann (CJIS) (FBI) ███████████

**Sent:** Tuesday, April 09, 2019 12:53 PM

**To:** Epstein, Eric M. ████████████

**Cc:** Moore, Eric M. (CJIS) (FBI) █████████████; Koch, Krista L. (CJIS) (FBI) ███████████; Wright, Joseph V. (CJIS) (FBI) ██████████████; Baker, Joseph M. (CJIS) (FBI) █████████████; Casey, Nicholas (CK) (FBI) ███████████; Mullenax, Todd D. (CJIS) (FBI) ████████████; Lintner, Ernest A. ██████████████

**Subject:** MI MCDV research issue

Eric,

I contacted Kevin Collins, Field Support Section Manager with the
Michigan State Police (MSP).

Kevin indicated the CPL permit applications were on hold due to research
needing conducted for potential MCDV research.  Per guidance from the
MSP legal counsel, they were advised to move the applications along.
Kevin indicated the applications were moved to the county clerk, the
county in which the person applied for the CPL, with an indication they
were unable to establish a qualifier.  This tells the county clerk the
applications were qualified by the MSP.  Unless the county clerk finds
some other reason to deny, the permits are issued.

He stated 63 CPL applications were pushed to the county clerks.  He
checked with the clerks a few moments ago and received the breakdown
below:

- 1 suspended
- 1 expired
- 11 Disqualified/Revoked (state DQ)
- 50 approved

From these stats, 50 CPLs were issued and potentially prohibiting under
the MCDV prohibition.

Kevin additionally indicated we may want to include the MI Attorney
General as the MSP legal counsel will not make a decision on research
without their guidance.

I have reached out to Julie Bumgardner, NICS OGC, to initiate a
conference call and will follow up with you as soon as possible.

Thank you for your assistance today.

JoAnn Garrison
FBI Liaison Specialist
National Instant Criminal Background
Check System
304-███████

This message has been transmitted to you by the FBI Criminal Justice Information
Services Division's National Instant Criminal Background Check System Section.
The message, along with any attachments, is to be considered confidential and legally
privileged.  No part of it is to be disseminated or reproduced without written consent
of the sender.  If you are not the intended recipient of this message, please destroy it
promptly without any retention, dissemination, or reproduction (unless required by
law), and please notify the sender of the error immediately by separate e-mail or by
calling 304-625-7474

**From:**          Lallensack, Kyle E.
**To:**            Gluck, Jason H.
**Subject:**       FW: ATF - NICS Meeting Agenda 4-9.docx
**Date:**          Monday, June 3, 2019 9:42:41 AM
**Attachments:**   ATF - NICS Meeting Agenda 4-9.docx
                   ATT00001.txt

-----Original Message-----
From: Lallensack, Kyle E.
Sent: Tuesday, April 9, 2019 7:50 AM
To: Casey, Nicholas (CK) (FBI) ███████████
Subject: ATF - NICS Meeting Agenda 4-9.docx

Here you go Nick.  My apologies, I thought I had already shared this.  Talk to you soon.

Thanks!

Kyle



**ATF/NICS Quarterly Meeting**
Tuesday April 9, 2019
10:00am to 12:00pm
ATF HQ 6.S-100 (VTC)





VII.   Potential issues with Michigan's process for researching possible MCDV
       convictions prior to issuing permits – JoAnn Garrison

**From:**      Lallensack, Kyle E.
**To:**          Gluck, Jason H.
**Subject:**   FW: MI permit
**Date:**      Monday, June 3, 2019 9:40:15 AM

---

**From:** Baker, Joseph M. (CJIS) (FBI) ███████████
**Sent:** Friday, May 31, 2019 2:15 PM
**To:** Lallensack, Kyle E. ███████████████
**Subject:** FW: MI permit

---

**From:** Garrison, Joann (CJIS) (FBI) ███████████
**Sent:** Wednesday, April 10, 2019 10:05 AM
**To:** Baker, Joseph M. (CJIS) (FBI) ██████████
**Cc:** Wright, Joseph V. (CJIS) (FBI) █████████████; Moore, Eric M. (CJIS) (FBI) ████████████; Casey, Nicholas (CK) (FBI) ██████████████; Mullenax, Todd D. (CJIS) (FBI) ████████████████
**Subject:** MI permit

Mike,

Please share the information below with your staff for auditing purposes.

Michigan has 2 ATF-Qualified permits.  The Michigan State Police (MSP) researches and issues the Concealed Pistol License (CPL).  This program is ran under Kevin Collins.  The local Police Departments research and issue the License to Purchase (LTP).  This program is ran under Jason Pierce.  Both Kevin and Jason are under the legal direction of Michigan State Police legal however the local PDs each have their own legal counsel.

After speaking with Kevin, he has indicated they have been directed to issue CPLs without conducting the research for MCDV.  50 of those CPLs have been issued to date.

I spoke with Jason a few minutes ago.  He indicated he trains the local PDs and his training consists of disqualification based on federal firearm prohibition.  He stated he did receive information from MSP legal yesterday indicating research for g9 was not to be conducted on the CPL but no direction was provided for the LTP.  He does and will continue to direct the local PDs to conduct research according to the federal law on all LTP applications.  During his training he always references the statue indicating the federal law must be applied to the LTP.  He has had no indication whatsoever that the local PDs are not conducting the research properly.  Jason indicated if he receives any advisement otherwise, he will contact me.

Please let me know if you have any questions.

Thanks!

JoAnn Garrison
FBI Liaison Specialist
National Instant Criminal Background
Check System
304-███████

This message has been transmitted to you by the FBI Criminal Justice Information Services Division's National Instant Criminal Background Check System Section. The message, along with any attachments, is to be considered confidential and legally privileged. No part of it is to be disseminated or reproduced without written consent of the sender. If you are not the intended recipient of this message, please destroy it promptly without any retention, dissemination, or reproduction (unless required by law), and please notify the sender of the error immediately by separate e-mail or by calling 304-625-7474

| | |
|---|---|
| **From:** | Lallensack, Kyle E. |
| **To:** | Gluck, Jason H. |
| **Subject:** | FW: [Not Virus Scanned] [WARNING: ATTACHMENT UNSCANNED][WARNING: MESSAGE ENCRYPTED]Michigan-Permit issue |
| **Date:** | Monday, June 3, 2019 9:40:03 AM |

**From:** Garrison, Joann (CJIS) (FBI) ███████████████

**Sent:** Friday, May 31, 2019 3:09 PM

**To:** Lallensack, Kyle E. ███████████████

**Cc:** Epstein, Eric M. <Eric.Epstein@atf.gov>; Carlson, Krissy Y. ███████████████; Curtis, Jason M. ███████████████; Wright, Joseph V. (CJIS) (FBI) ███████████████; Moore, Eric M. (CJIS) (FBI) ███████████████ Casey, Nicholas (CK) (FBI) ███████████████

**Subject:** RE: [Not Virus Scanned] [WARNING: ATTACHMENT UNSCANNED][WARNING: MESSAGE ENCRYPTED]Michigan-Permit issue

Kyle,

So far we are aware this issue is impacting the Concealed Pistol License (CPL) that us issued by the Michigan State Police.  We have not been told that the License to Purchase (LTP) issuance has had any impact.  The individual working over the LTP program trains the local agencies to follow the prohibition s and we have not received any direction that they are holding any application and releasing without proper research.  With that being said, we are getting possible indications that it may affect the LTP once the AG office opinion comes down.  There is a potential both programs will be following the opinion from the AG.  We do not know at this time.

The CJIS Audit Unit will be in Michigan June 24-28, 2019.

Please let me know if you have any more questions or concerns.

JoAnn Garrison
FBI Liaison Specialist
National Instant Criminal Background
Check System
304-███████████
███████████

This message has been transmitted to you by the FBI Criminal Justice Information Services Division's National Instant Criminal Background Check System Section.  The message, along with any attachments, is to be considered confidential and legally privileged.  No part of it is to be disseminated or reproduced without written consent of the sender.  If you are not the intended recipient of this message, please destroy it promptly without any retention, dissemination, or reproduction (unless required by law), and please notify the sender of the error immediately by separate e-mail or by calling 304-625-7474

**From:** Lallensack, Kyle E. ███████████████ >

**Sent:** Thursday, May 30, 2019 3:10 PM
**To:** Garrison, Joann (CJIS) (FBI) ███████████
**Subject:** RE: [Not Virus Scanned] [WARNING: ATTACHMENT UNSCANNED][WARNING: MESSAGE ENCRYPTED]Michigan-Permit issue

Hi Joann, as a follow up to the below. Do you know if the answers refer to all types of firearm permits issued in MI. Also, can you tell us when the audit is going to take place?

Thank you!

Kyle Lallensack
Chief, FIPB
(202) ███████ (office)
███████ (cell)



PROTECTING THE PUBLIC
SERVING OUR NATION

---

**From:** Garrison, Joann (CJIS) (FBI) ███████████
**Sent:** Tuesday, May 28, 2019 12:35 PM
**To:** Carlson, Krissy Y. ███████████
**Cc:** McQuillan, Stephen L. ███████████; Epstein, Eric M. ███████████;
Moore, Eric M. (CJIS) (FBI) ███████████; Casey, Nicholas (CK) (FBI) ███████████;
Wright, Joseph V. (CJIS) (FBI) ███████████; Gilbert, Curtis W. ███████████;
Lallensack, Kyle E. ███████████
**Subject:** RE: [Not Virus Scanned] [WARNING: ATTACHMENT UNSCANNED][WARNING: MESSAGE ENCRYPTED]Michigan-Permit issue

Krissy,

I have addressed your questions in green.
If I receive further information I will forward it along.

Thank you for this information. As I read it, they are not disqualifying for marijuana use/charges, as it is now legal in Michigan. Correct, the response provided indicates they are not applying the federal prohibition. So even though marijuana is still an illegal drug federally, Michigan is not applying the federal prohibition to subjects that may be disqualified? "The MSP is not at this time (related to above). " The related to above indicates they believe the FBI/ATF should be making that determination.

Additionally, they are pulling police reports for MCDV's to check for qualifying prohibitors. What do they mean by they "process it and log for pending outcome" (when they do find a prohibiting relationship)? Did they just admit to providing a CPL to a known prohibited person? Yes, MSP has advised they will request the documentation needed to research the prohibition however they are not finalizing any research as they believe the FBI or ATF should review the documentation and

determine if it meets the federal prohibition.  They have admitted to issuing permits when there is a potential prohibition that has not been established or cleared.

JoAnn Garrison
FBI Liaison Specialist
National Instant Criminal Background
Check System
304-██████
███████████

This message has been transmitted to you by the FBI Criminal Justice Information Services Division's National Instant Criminal Background Check System Section.  The message, along with any attachments, is to be considered <u>confidential</u> and legally privileged.  No part of it is to be disseminated or reproduced without written consent of the sender.  If you are not the intended recipient of this message, please destroy it <u>promptly</u> without any retention, dissemination, or reproduction (unless required by law), <u>and</u> please notify the sender of the error <u>immediately</u> by separate e-mail or by calling 304-625-7474

---

**From:** Carlson, Krissy Y. ███████████████
**Sent:** Tuesday, May 28, 2019 8:29 AM
**To:** Garrison, Joann (CJIS) (FBI) █████████████
**Cc:** McQuillan, Stephen L. (ATF)████████████████; Epstein, Eric M. (ATF)
████████████████         Moore, Eric M. (CJIS) (FBI) ████████████; Casey, Nicholas (CK)
(FBI)████████████; Wright, Joseph V. (CJIS) (FBI)████████████ Gilbert, Curtis W. (ATF)
████████████; Lallensack, Kyle E. (ATF)████████████████
**Subject:** Re: [Not Virus Scanned] [WARNING: ATTACHMENT UNSCANNED][WARNING: MESSAGE ENCRYPTED]Michigan-Permit issue

Good Morning!

Thank you for this information.  As I read it, they are not disqualifying for marijuana use/charges, as it is now legal in Michigan.


Additionally, they are pulling police reports for MCDV's to check for qualifying prohibitors.  What do they mean by they "process it and log for pending outcome" (when they do find a prohibiting relationship)?  Did they just admit to providing a CPL to a known prohibited person?

Krissy Y. Carlson
Division Chief, Firearms and Explosives Industry
Cell (████████████

On May 24, 2019, at 11:41 AM, Garrison, Joann (CJIS) (FBI)████████████ wrote:

> This message has not been virus scanned because it contains encrypted or
> otherwise protected data. Please ensure you know who the message is coming

from and that it is virus scanned by your desktop antivirus software.

Good Morning Eric, Krissy, and Steve,

I wanted to share some information with you that our CJIS Audit Unit (CAU) has acquired from Michigan during their pre-audit process.  Below are questions asked of Kevin Collins, Field Support Section Manager CJIS, Michigan State Police, and his responses in red.  As you can see from his response below MI is not holding any permit applications.  He also provided a list of the first permit application we had inquired about, the initial 63 applications were 50 were released without the proper research.  It is in an encrypted file.  I will send the password to the file in a separate email.  The CAU will be traveling to MI during the last week of June.

1) When asked about the "Shall" issue overriding the NICS check, you stated for the CPL: "Shall does not override the NICS check for CPL, except in the case of the MCDV and Controlled Substance (specifically, marijuana).  Based on the statutory language, MSP's Legal Unit believes the MSP CPL Unit's authority only extends to check the NICS for existing prohibitions, not to make new prohibition determinations.  Because recreational marijuana is now legal in Michigan, the MSP is no longer reporting the use of such to the NICS Index."

    i. Does this mean that no research would be conducted on charges that appear on a criminal history record, whether in state or out of state, would not be researched for domestic violence criteria and only those in the NICS Index would be used to determine if the subject was not eligible for the CPL? Yes, mostly.  This is a long story that I'm happy discuss with you.  The NICS Section staff and the ATF are well aware of the MSP's stance.  We are currently waiting on direction from the Michigan Attorney General.

    ii. You're no longer entering marijuana use to the NICS Index.  So even though marijuana is still an illegal drug federally, Michigan is not applying the federal prohibition to subjects that may be disqualified? The MSP is not at this time (related to above).  We still provide the training for locals but do not provide them legal advice.  Whether a local PD/SO enters marihuana use into the NICS Index is between them and their corporate counsel.

    iii. Are the applications for the subjects with possible MCDVs on their records, still being held for processing awaiting the opinion from the MI AG or are they being processed and issued? We are no longer holding onto any applications pending federal determinations.  We are processing them all.  I am specifically aware of 63 previously being held that have since been pushed back out to the county clerks and 50 were approved that could possibly be federally prohibited.  Is it possible to obtain that list of approved applicants? Yes, I can

provide that list.  And are there others currently being issued and/or held that would fit this criteria?  We are no longer holding on any applications pending federal determinations. We are processing them all.  For applications that indicate a possible MCDV, we are obtaining a police report for the particular offense.  If the police report documents a MCDV qualifying relationship, we process it and log it pending the outcome of the MI AG opinion.  We will follow up or pass along to NICS/ATF, depending on the MI AG opinion.

      iv.   The pre-audit questionnaire is state is only true for the CPL correct or is it being applied to the Purchase Permit as well?  Generally, this issue pertains only to the CPL.  However, it does have a residual effect on the LTP.  For example, If an MSP trooper finds someone in possession/use of marihuana and does not enter that possession/use into the NICS Index, there will not be a NICS Index record for the local PD/SO to deny on when performing a background check for a LTP.

If we received any further communication from Michigan on this matter, I will forward it respectively.

Thank you.

JoAnn Garrison
FBI Liaison Specialist
National Instant Criminal Background
Check System
304-███████

This message has been transmitted to you by the FBI Criminal Justice Information Services Division's National Instant Criminal Background Check System Section.  The message, along with any attachments, is to be considered confidential and legally privileged.  No part of it is to be disseminated or reproduced without written consent of the sender.  If you are not the intended recipient of this message, please destroy it promptly without any retention, dissemination, or reproduction (unless required by law), and please notify the sender of the error immediately by separate e-mail or by calling 304-625-7474.

<SecureZIP Attachments.zip>

| CPL # | Last Name | First Name | Application Date | Final Status |
|---|---|---|---|---|
| | H | G | 11/18/2016 | Approved |
| | S | D | 1/3/2017 | Approved |
| | T | R | 2/1/2017 | Approved |
| | A | C | 2/8/2017 | Approved |
| | S | P | 4/18/2017 | Approved |
| | B | R | 4/20/2017 | Approved |
| | M | A | 5/10/2017 | Suspended |
| | W | s | 3/17/2017 | Approved |
| | Y | J | 3/17/2017 | Approved |
| | M | S | 6/6/2017 | Approved |
| | S | K | 5/24/2017 | Approved |
| | C | D | 6/12/2017 | Approved |
| | G | T | 4/28/2017 | Approved |
| | A | A | 7/5/2017 | Approved |
| | B | R | 8/15/2017 | Approved |
| | A | L | 8/14/2017 | Approved |
| | D | J | 9/5/2017 | Approved |
| | G | D | 9/12/2017 | Approved |
| | N | T | 9/21/2017 | Approved |
| | C | Br | 7/10/2017 | Approved |
| | W | A | 10/23/2017 | Approved |
| | C | J | 11/28/2017 | Approved |
| | B | G | 11/27/2017 | Approved |
| | T | R | 1/8/2018 | Approved |
| | B | R | 4/6/2017 | Approved |
| | D | W | 1/22/2018 | Approved |
| | P | R | 2/12/2018 | Approved |
| | H | R | 2/14/2018 | Approved |
| | R | K | 2/22/2018 | Approved |
| | H | S | 6/8/2018 | Approved |
| | C | B | 8/9/2018 | Approved |
| | St | K | 5/26/2017 | Approved |
| | D | S | 6/27/2016 | Disqualified on 8 year DQ |
| | C | D | Rapback received 07/31/2018 | Expired |
| | E | F | Rapback received 08/23/2018 | Revoked on 8 year DQ |
| | C | J | 4/5/2018 | Approved |
| | D | R | 6/28/2018 | Approved |
| | W | J | 8/6/2018 | Disqualified on 3 year DQ |
| | B | R | 3/31/2017 | Disqualified on 8 year DQ |
| | L | T | Rapback received 08/17/2018 | Revoked on 8 year DQ |
| | M | D | 8/8/2018 | Disqualified on 8 year DQ |
| | P | K | 7/31/2018 | Disqualified on 8 year DQ |
| | C | T | 9/17/2018 | Approved |
| | G | A | 12/4/2017 | Approved |
| | H | W | 9/17/2018 | Approved |
| | H | J | 9/11/2018 | Disqualified on felony |

| CPL # | Last Name | First Name | Application Date | Final Status |
|---|---|---|---|---|
| | S | R | 9/19/2018 | Approved |
| | D h | A | 10/16/2018 | Disqualified on 8 year DQ |
| | Mc | S | 2/27/2018 | Approved |
| | R | J | 5/2/2018 | Approved |
| | R | A | 2/26/2018 | Disqualified on 8 year DQ |
| | H | B | 10/30/2018 | Approved |
| | E | D | 12/10/2018 | Approved |
| | S | T | 2/4/2019 | Approved |
| | B | S | 4/10/2018 | Approved |
| | A | E | 2/8/2018 | Approved |
| | | T | 8/21/2018 | Approved |
| | E | B | 1/29/2018 | Approved |
| | H | T | 6/15/2018 | Approved |
| | A | M | 4/26/2018 | Approved |
| | G | K | 3/15/2018 | Approved |
| | R | J | 12/29/2017 | Approved |

MSP CPL Possible MCDV Tracking Sheet

| Last | First | CPL# | Document | Relationship | Force | Jail |
|------|-------|------|----------|--------------|-------|------|
| Smith | John | 1234567A | PD Report | Yes | NA | NA |
| █ | R | █ | PD Report | Yes | NA | NA |
| R | A | █ | PD REPORT | YES | YES | |
| B | S | █ | PD REPORT | YES | | |
| W | V | █ | PD Report | Yes | | |
| H | S | █ | Rapsheet | | YES | |
| K | A | █ | Rapsheet | | YES | |
| B | C | █ | PD Report | YES | | |
| R | T | █ | Rapsheet | | YES | |
| W | L | █ | PD Report | Yes | | |
| W | A | █ | PD Report | yes | yes | |
| H | D | █ | | | | |
| C r | M | █ | PD Report | Yes | Yes | |
| P | M | █ | | | | |
| P | K | █ | PD Report | Yes | | |
| G | A | █ | PD Report | Yes | YES | |
| B | C | █ | | | | |
| K | G | █ | | | | |
| C | W | █ | Rapsheet | | YES | N/A |
| E | G | █ | PD Report | YES | | |
| T | A | █ | PD Report | YES | YES | |
| B | M | █ | | | | |
| S | A | █ | | | | |
| R | P | █ | PD Report | Yes | | |
| S | R | █ | PD Report | YES | | |
| H | T | █ | Court Recs | Yes | Yes | |
| C | R | █ | PD report | yes | yes | |
| H | D | █ | pd report | yes | yes | |
| R | A | █ | PD Report | Yes | Yes | |
| S | D | █ | PD Report | Yes | | |
| S | S | █ | PD Report | YES | | |
| S | A | █ | PD Report | Yes | | |
| B | L | █ | Rapsheet | | yes | |
| R | D | █ | PD Report | yes | yes | |

ATF000040

MSP CPL Possible MCDV Tracking Sheet



| | | | | | | |
|---|---|---|---|---|---|---|
| O | M | | PD Report | Yes | | |
| S | R | | PD Report | yes | yes | |
| K | A | | PD Report | yes | yes | |
| S | D | L | PD REPORT | YES | | |
| C | R | T | Rapsheet | | yes | |
| K | R | | Rapsheet | | yes | |
| S | R | | PD Report | Yes | | |
| V | G | | PD REPORT | YES | | |
| S | R | | PD REPORT | YES | | |
| W | K | | PD Report | Yes | | |
| M | K | | Rapsheet | | YES | |
| P | C | s | PD Report | Yes | | |
| T | W | | PD Report | Yes | | |
| S | B | | PD Report | Yes | N/A | |
| A | R | | PD Report | Yes | | |
| B | R | | PD Report | Yes | YES | |
| A | G | | Rapsheet | | Yes | |
| P | | | PD REPORT | YES | | |
| S | D | | PD Report | Yes | | |
| C | M | | PD report | Yes | | |
| P | J | | Rapsheet | N/A | Yes | N/A |
| H | | | Rapsheet | | YES | |
| T | S | | PD report | Yes | | |
| C | C | | Rapsheet | | Yes | |

ATF000041

MSP CPL Possible MCDV Tracking Sheet

**Comments**

(example)

REQUESTED JAIL RECORDS

domestic report uploaded
PD report ordered

PD report ordered

domestic report uploaded
domestic report uploaded
PD no records

PD report ordered
PD report ordered
qualifying relationship
ROA located but court file destroyed. May get transcripts from court recorder.
Judgment - A&B, transcript - relationship

ROA list separate last name.  PD has not responded after multi attempts

ATF000042

MSP CPL Possible MCDV Tracking Sheet

Two offenses, wife is victim in both but PD report only rec'd for one.

Misd. complaint states assault or a& b. Will likely need transcript.

Per Skylar, meets relat - sexual partners who reside together

Vic. Was step-child, felony conv., prison term listed
CCH all meets
GA conviction! All meets. Donna sent to GA on 6/21/19 but they will not enter into NICS. Full explanation on profile.

PD report uploaded
Pled Nolo Contedere for Aggravated Assault
750.82 - Assault W/ Dangerous Weapon; rapback; ALL MEETS
PD report uploaded-victims were her kids
Aggrevated Assault charge

ATF000043



From: Lalensack, Kyle E.
To: Cluck, Jason H.
Subject: FW: Michigan NICS audit information
Date: Monday June 3 2019 9 39:51 AM
Attachments: image001.png

From: Lalensack  Kyle E.
Sent: Friday  May 31  2019 2:56 PM
To: Carlson  Kristy T ▓▓▓▓▓▓▓▓; Gilbert  Curtis W ▓▓▓▓▓▓▓▓
Subject: Fwd: Michigan NICS audit information

FYI on the Michigan plan.

Sent from my iPhone

Begin forwarded message:

> From: "Baker  Joseph M. (CJIS) (FBI)" ▓▓▓▓▓▓▓▓
> Date: May 31  2019 at 2:49:28 PM EDT
> To: "Lalensack  Kyle E. (ATF)" ▓▓▓▓▓▓▓▓
> Subject: Michigan NICS audit information
>
> Kyle
>
> Attached is what my audit manager has in the system so far for Michigan  a few gaps where I would guess the agency has not confirmed yet.  She is at the state all day on 27 June [Thursday] with Mr. Collins  so the out brief will be that day.  I will get back to you with the time and the rest of the schedule.   I plan on being in MI for at least the out brief also.
>
> Thanks,
> Mike
>
>
> Joseph "Mike" Baker
> Supervisory MAPA
> FBI – CJIS Division
> CJIS Audit Unit – NICS Audit Team
> Email ▓▓▓▓▓▓▓▓
> Desk: ▓▓▓▓
> Cell ▓▓▓▓▓▓▓▓

## Michigan

| | | | | | |
|---|---|---|---|---|---|
| **Audit Type:** | NICS | **Fiscal Year:** | 2019 | **Cycle:** | 3.00 |
| **Audit Manager:** | Marple-Burke, Cheryl | **Start Date:** | 6/24/2019 | **End Date:** | 6/28/2019 |

**Audits**

### Cheboygan County Sheriff'S Office Cheboygan (MI1611600)

**Start Date/Time:**      **End Date/Time:**

**Auditors**

McIntosh, Annette

**Address**

|  |  |
|---|---|
| Address: | |
| Address 2: | |
| City: | |
| State: | |
| Zip: | |

**Primary Contact**

|  |  |
|---|---|
| Title: | |
| Name: | |
| Position: | |
| Primary Phone: | |
| Primary Ext: | |
| Alternate Phone: | |
| Email: | |
| Fax: | |

ATF000045

| | |
|---|---|
| **From:** | Lallensack, Kyle E. |
| **To:** | Gluck, Jason H. |
| **Subject:** | FW: Michigan Alternate Permits |
| **Date:** | Tuesday, July 16, 2019 12:57:03 PM |
| **Attachments:** | image001.png |
| | Letter to Michigan re Alternate Permits - 7-16-19.docx |
| | Public Safety Advisory to Michigan Federal Firearms Licensees - 7-16-19.docx |
| **Importance:** | High |

For the admin record.  Thanks Jason.

**From:** Epstein, Eric M. ████████████
**Sent:** Tuesday, July 16, 2019 10:45 AM
**To:** Carlson, Krissy Y. ████████████
**Cc:** Gilbert, Curtis W. ████████████; Vann, James P. ████████████; Lallensack, Kyle E. ████████████
**Subject:** RE: Michigan Alternate Permits
**Importance:** High

Good morning Krissy.  As promised, attached please find a draft letter to the State of Michigan and corresponding Public Safety Advisory, for your review and consideration.

I am also available to discuss it with you this week or next.

- Eric

**Eric M. Epstein, Senior Policy Counsel (Firearms and Explosives)**
**Bureau of Alcohol, Tobacco, Firearms and Explosives**
**United States Department of Justice**
**99 New York Ave., NE, Room 6E-363**
**Washington, D.C.  20226**
**Tel:  202-████**
**Fax: 202-████**

**From:** Carlson, Krissy Y. ████████████
**Sent:** Friday, July 05, 2019 8:03 AM
**To:** Epstein, Eric M. <████████████>
**Cc:** Gilbert, Curtis W. ████████████>; Vann, James P. ████████████>; Lallensack, Kyle E. <████████████>
**Subject:** Michigan

Good Morning!

What is the status of your drafting the letter to the Michigan Attorney General's office regarding their violation of Brady and their NICS Alternative status?

In light of their refusal to meet with Curtis last week, I feel it is even more pertinent that we get this letter out (or at least over to DOJ).

Please let me know if you feel we need to meet about this again.

*Krissy Y. Carlson*

Division Chief, Firearms and Explosives Industry Division
6.N-648
Direct:  (202) ██████
Cell: ████████





**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Enforcement Programs and Services*

[DATE STAMP]

*Washington, DC 20226*

www.atf.gov

Honorable Dana Nessel, Attorney General
State of Michigan
G. Mennen Williams Building
525 W. Ottawa Street
P.O. Box 30212
Lansing, Michigan  48909

Dear Attorney General Nessel:

This letter is to inform you that the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has determined that Michigan's Concealed Pistol License (CPL) no longer qualifies as an alternative to an FBI National Instant Criminal Background Check System (NICS) check which is otherwise required prior to the transfer of a firearm by a Federal firearms licensee (FFL).

The federal Brady law, codified at 18 U.S.C. § 922(t), generally requires FFLs to initiate a NICS background check before transferring a firearm to an unlicensed person.  The Brady law allows an exception to the NICS check requirement for holders of qualifying state-issued permits to possess, carry, or acquire firearms.  Permits issued within the past 5 years by the state in which the transfer is to take place qualify as alternatives to a NICS check if the law of the state provides that such a permit is to be issued only after an authorized State or local government official has verified that the information available to such official, including NICS check results, does not indicate that possession of a firearm by the applicant would be in violation of federal, state, or local law.  *See* 18 U.S.C. § 922(t)(3) and 27 C.F.R. § 478.102(d)(1).  The legislative history of the Brady law makes clear that, in order for a State permit to qualify as a Brady alternative, a State or local government official must conduct a full NICS background check and determine that the applicant is not prohibited by law from possessing a firearm:

> New subsection (t) would provide that these background check requirements would be inapplicable to firearm transfers in three circumstances:  (1) The transferee has, within the five years preceding the transfer and after having his or her criminal background checked by a State or local government, received from his or her State or residence a permit that allows him or her to possess a firearm; …

H.R. Rep. No. 103-344 (Public Law 103-159) (emphasis added).[1]

---

[1] *See also* 18 U.S.C. § 922(s) (interim Brady law provision noting that the chief state or local law enforcement officer must "determine" whether "a transaction would violate Federal, State, or local law").

-2-

Honorable Dana Nessel, Attorney General
State of Michigan

By letter dated February 7, 2006, former Michigan Attorney General Mike Cox requested that
ATF recognize CPLs as an alternative to a NICS background check.  ATF agreed and responded
to your office by letter of March 14, 2006, and notified all Michigan FFLs by Open Letter dated
March 24, 2006, that CPLs issued on or after November 22, 2005, qualified as an alternative to a
NICS check.  ATF's determination was based on applicants satisfying the requirements set forth
in MCL 28.426:  (a) a full NICS check being conducted by an authorized Michigan government
official; (b) a determination made by that official that the permit holder is not prohibited under
federal or state law from possessing firearms; and (c) the permit being denied if the individual is
prohibited from possessing a firearm under federal (or state) law.

In 2017, ATF was informed by the FBI that although the Michigan State Police (MSP), the
authority responsible for issuing CPLs, was accessing the NICS Index to obtain prohibited
person information, it was not conducting the necessary research or rendering a final
determination as to whether a CPL applicant was prohibited by federal law from possessing a
firearm.  Specifically, ATF was informed that MSP was holding in an indefinite open status at
least 40 CPLs because it was waiting for a decision from FBI NICS that these individuals were
drug abusers prohibited under 18 U.S.C. § 922(g)(3), or persons convicted of a misdemeanor
crime of domestic violence prohibited under 18 U.S.C. § 922(g)(9) – federal prohibitions for
which there is apparently no State equivalent.  During a conference call with representatives
from your office, MSP, and the FBI, ATF agreed with the FBI that, under the Brady law and
implementing regulations, State or local officials were required to make a conclusive
determination as to whether an individual is prohibited by federal law from possessing firearms,
at least for the purpose of issuing alternate permits.[2]  ATF further clarified that Michigan
officials were ***not interpreting federal law***, but merely applying federal law to the facts and
circumstances of each license applicant.  To assist Michigan officials in applying federal law,
FBI offered to provide training to MSP personnel, and ATF agreed to give MSP case specific
guidance upon request.  In July 2018, FBI was advised by MSP that your office had granted
MSP the authority to make federal prohibited person determinations and enter prohibited
individuals into the NICS Index.

However, in May and June 2019, FBI's Criminal Justice Information Services Division Audit
Unit (CJIS) conducted an audit to determine Michigan's compliance with the use of NICS.  CJIS
found that MSP legal counsel had reversed its position pending a new opinion from your office,
and was no longer determining whether CPL applicants were prohibited under federal law from
possessing firearms.  ATF was further informed that at least 50 CPLs had been issued to
applicants who appeared to be federally prohibited due to a conviction for a misdemeanor crime
of domestic violence, and that CPLs were being issued to federally prohibited habitual marijuana
users because marijuana had been legalized in Michigan.[3]

---

[2] Unlike a NICS check on a potential firearm purchaser, for alternate permit issuance, FBI NICS does not investigate
or determine whether the prospective permit holder is prohibited; rather, it provides access through the NICS Index
so that the State or local government officials can make that determination themselves.  *See* 28 C.F.R. 25.6(j).
[3] Marijuana (under the spelling "Marihuana") is listed in the federal Controlled Substances Act as a
Schedule I controlled substance.  21 U.S.C. § 812(c)(10).  Regardless of state law, federal law does not
provide any exception allowing the use of marijuana for medicinal or recreational purposes.

Honorable Dana Nessel, Attorney General
State of Michigan


The issuance of CPLs to individuals who are prohibited by federal law from possessing firearms creates an unacceptable risk to public safety by allowing potentially dangerous individuals to obtain firearms.  In light of the foregoing, ATF has determined that Michigan's CPL issuance process does not meet the requirements set forth in the Brady law.  Consequently, effective immediately, Michigan's CPLs no longer qualify as a NICS check alternative; ATF has issued the enclosed Public Safety Advisory to all Michigan FFLs reflecting this determination.

If the State of Michigan desires to have its CPLs again qualify as an alternative to NICS, the following corrective measures will need to be taken:

1.    The State must ensure that CPLs are only issued after an authorized government official has conducted a full NICS check, including the Immigration Alien Query (IAQ), conducts the necessary research, and if the official determines that there exists a federal prohibitor, the prohibited applicant does not receive a CPL, as required by MCL 28.426;

2.    A full NICS check, including the IAQ, must be completed by an authorized Michigan official on all individuals previously issued CPLs without a full NICS check or without conducting the necessary research and make an updated prohibited person determination;

3.    All CPLs previously issued to individuals found to be prohibited from receiving or possessing firearms under federal or state law must be revoked, pursuant to MCL 28.428 or other applicable law, and recovered from those individuals; and

4.    Should you determine that an individual is in possession of a firearm in violation of federal, but not state law, those cases should immediately be referred to the local ATF field office.

Unless these corrective measures are fully implemented, FFLs will be unable to accept Michigan CPLs as a NICS alternative under the Brady law.  If you have any questions, please do not hesitate to contact ATF.  Likewise, if the State of Michigan is interested in establishing a CPL program that meets the requirements to qualify as a NICS check alternative, ATF stands ready to provide technical guidance.  Please do not hesitate to contact me directly at 202-648-7122.

Sincerely yours,


Marvin G. Richardson
Assistant Director
Enforcement Programs and Services



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Enforcement Programs and Services*

[DATE STAMP]                     *Washington, DC 20226*
                                www.atf.gov

## PUBLIC SAFETY ADVISORY TO ALL MICHIGAN FEDERAL FIREARMS LICENSEES

The purpose of this public safety advisory is to notify you of an important change to the procedure you must follow to comply with the Brady Handgun Violence Protection Act (Brady Act), codified at 18 U.S.C. § 922(t), when transferring a firearm to an unlicensed person.

The permanent provisions of the Brady Act took effect on November 30, 1998. The Brady Act generally requires Federal firearms licensees (FFLs) to initiate a National Instant Criminal Background Check System (NICS) check before transferring a firearm to an unlicensed person. However, the Brady Act contains exceptions to the NICS check requirement, including an exception for holders of certain state permits to possess, carry, or acquire firearms. The law and implementing regulations provide that permits issued within the past 5 years may qualify as alternatives to the NICS check if certain other requirements are satisfied. Most importantly, the authority issuing the permit must conduct a NICS background check and must deny a permit to anyone prohibited from possessing firearms under federal, state, or local law.

On March 24, 2006, ATF issued an Open Letter to All Michigan FFLs informing them that ATF had reviewed Michigan law and determined that Michigan's Concealed Pistol Licenses (CPLs) issued on or after November 22, 2005, qualified as an alternative to a NICS check. ATF's determination was based on applicants satisfying the requirements set forth in MCL 28.426:
(a) a full NICS check being conducted by an authorized Michigan government official;
(b) a determination made by that official that the permit holder is not prohibited under federal or state law from possessing firearms; and (c) the permit being denied if the individual is prohibited from possessing a firearm under federal (or state) law.

Based on recent information received from the Federal Bureau of Investigation, Criminal Justice Information Services Division Audit Unit, ATF has determined that, notwithstanding the express requirements of the Brady Act, its implementing regulations, and MCL 28.426, Michigan CPLs have been, and continue to be issued to certain individuals without a determination by Michigan officials as to whether they were prohibited under federal law from possessing firearms. ATF was specifically informed that CPLs were and continue to be issued to applicants who were likely prohibited due to a conviction for a misdemeanor crime of domestic violence (18 U.S.C. § 922(g)(9)), and that CPLs were and continue to be issued to federally prohibited habitual marijuana users (18 U.S.C. § 922(g)(3)) because marijuana was legalized in Michigan.[1]

---

[1] Marijuana (under the spelling "Marihuana") is listed in the federal Controlled Substances Act as a Schedule I controlled substance and is thus unlawful to possess or use. 21 U.S.C. § 812(c)(10). Regardless of state law, federal law does not provide any exception allowing the use of marijuana for medicinal or recreational purposes.

-2-

**LAW ENFORCEMENT ADVISORY TO ALL MICHIGAN FEDERAL FIREARMS LICENSEES** (cont.)

Because Michigan officials issued CPLs to individuals who are federally prohibited, firearms were subsequently transferred to these individuals, thereby creating a substantial public safety concern.  For this reason, the Brady law requires us to find that Michigan CPLs no longer qualify as a NICS check alternative.  **In the interest of public safety, and effective immediately, FFLs in Michigan may no longer accept CPLs as an alternative to a NICS check.  Unless another exception applies, a NICS check must be conducted whenever you transfer a firearm to an unlicensed person even if the individual presents an unexpired CPL**.

If you have any questions about Michigan's Concealed Pistol License qualifying as an alternative to the NICS check, please call ATF's Firearms Industry Programs Branch at (202) 648-7190.

Marvin G. Richardson
Assistant Director
Enforcement Programs and Services

ATF000052

| | |
|---|---|
| **From:** | Carlson, Krissy Y. |
| **To:** | Perdas, Andrew M.; Gluck, Jason H. |
| **Subject:** | FW: Michigan permits with possible MCDV charges |
| **Date:** | Monday, July 22, 2019 1:33:15 PM |
| **Attachments:** | image001.png |

Hi!  Please see below.  Please save as a part of the Michigan Administrative Record.

*Krissy Y. Carlson*

Division Chief, Firearms and Explosives Industry Division

6.N-648

Direct:  (202) █████

Cell: █████



---

**From:** Gilbert, Curtis W. █████████████
**Sent:** Monday, July 22, 2019 12:32 PM
**To:** Carlson, Krissy Y. ██████████████; Epstein, Eric M. █████████████
**Subject:** Fwd: Michigan permits with possible MCDV charges


Begin forwarded message:

> **From:** "Baker, Joseph M. (CJIS) (FBI)" █████████████
> **Date:** July 22, 2019 at 11:39:47 AM EDT
> **To:** "Gilbert, Curtis W. (ATF)" █████████████
> **Subject: Michigan permits with possible MCDV charges**
>
> Curtis,
>
> Good morning.   I am sorry I have not been in touch sooner on this matter.  Mr. Collins from MI did not respond for an updated information request.   What we do know if that there are 13 permits that were denied and 50 that were sent to the counties with a "qualified" response (the county could have denied them for other reasons based on their research but we do not have the end results). Michigan has maintained that list to go and revoke the permits, if approved at the county level and the AG decision supports the decision.   We are going to ask for a updated number for the final report.  As soon as we have the response I will provide you with an update.

Thanks,
Mike


Joseph "Mike" Baker
Supervisory MAPA
FBI – CJIS Division
CJIS Audit Unit – NICS Audit Team
Email: ███████████████
Desk: 304-█████████
Cell: ███████████

**From:** Perdas, Andrew M.
**To:** Gluck, Jason H.
**Subject:** FW: Michigan NICS Alternative Permits Briefing Paper and Administrative Record
**Date:** Thursday, August 15, 2019 3:43:22 PM
**Attachments:** image001.png
Briefing Paper - Michigan NICS Alternative Permits 8-14-2019 - final.docx
Michigan Administrative Record 8-14-19 final.docx

FYI.

**From:** Carlson, Krissy Y. ███████████████
**Sent:** Thursday, August 15, 2019 2:48 PM
**To:** Gilbert, Curtis W. ████████████
**Cc:** Perdas, Andrew M. ███████████████; Epstein, Eric M. ████████████;
Richardson, Marvin G. ██████████████; Mendoza, B. Scott
███████████████

**Subject:** Michigan NICS Alternative Permits Briefing Paper and Administrative Record

Please find attached the briefing paper and administrative record for the
Michigan NICS alternative permit issue.  These documents are background
information for the letter to the Michigan Attorney General and Open Letter to
FFLs.

Please let me know if you have any questions.

*Krissy Y. Carlson*

Division Chief, Firearms and Explosives Industry Division

6.N-648

Direct:  (202)████████

Cell: ████████████



Firearms and Explosives Industry Division
Firearms Industry Programs Branch
August 14, 2019

SUBJECT:    Michigan-Issued NICS Alternative Permits

PURPOSE:    To discuss Federal firearms licensee (FFL) firearms transfers in Michigan to unlicensed persons who may be prohibited by Federal law from possessing a firearm.  Specifically, Michigan firearm permits are being used as an alternative to a NICS background check, but many permits are issued without complying with 18 U.S.C. 922(t).

BACKGROUND:

- Under 18 U.S.C. 922(t)(1), a licensed importer, licensed manufacturer, or licensed dealer ("licensee") shall not transfer a firearm to any other person who is not licensed unless the licensee contacts the National Instant Criminal Background Check System ("NICS") to conduct a background check on the nonlicensee.

- Under section 922(t)(3), a NICS background check shall not apply if the nonlicensee presents a permit that allows the nonlicensee to possess or acquire a firearm (*i.e.,* the nonlicensee obtains a "NICS alternative" permit). The permit must have been issued not more than 5 years earlier by the State in which the transfer is to take place and State law provides that such permit is to be issued only after an authorized government official has verified that the information available to such official does not indicate that possession of a firearm by the nonlicensee would be in violation of law. Title 27, Code of Federal Regulations, Section 478.102(d)(1)(iii) clarifies that the information available to such official includes the NICS (*i.e.,* the authorized government official must conduct a NICS background check of the nonlicensee before issuing such permit).

- February 7, 2006: ATF received letter from State of Michigan, Office of the Attorney General, requesting NICS exemption status for Concealed Pistol License (CPL) issued in accordance with Michigan Compiled Law (MCL) 28.426.  The letter stipulated that the permits would be issued pursuant to MCL 28.426 and the issuance process would entail the following:

  - A full NICS check being conducted by an authorized Michigan government official;
  - A determination made by that official that the permit holder is not prohibited under federal or state law from possessing firearms; and
  - The permit being denied if the individual is prohibited from possessing a firearm under federal (or state) law.

- March 24, 2006:  ATF Issued an Open Letter to all Michigan Federal Firearms Licensees ("Open Letter") advising that Michigan CPLs issued on or after November 22, 2005 qualified as an alternative to the NICS background check requirement.

1

- In 2017, ATF learned from FBI's NICS Unit that while the Michigan State Police (MSP), the authority responsible for issuing CPLs, was accessing the NICS Index to obtain prohibited person information, it was not conducting the necessary research or rendering a final determination as to whether a CPL applicant was prohibited by federal law from possessing a firearm.

  - Specifically, ATF was informed that MSP was holding in an indefinite open status at least 40 CPLs because it was waiting for a decision from FBI NICS as to whether or not these individuals were drug abusers prohibited under 18 U.S.C. § 922(g)(3), or persons convicted of a misdemeanor crime of domestic violence prohibited under 18 U.S.C. § 922(g)(9) – federal prohibitions for which there is apparently no State equivalent.
  - During a conference call on June 27, 2017, with representatives from the Michigan State Attorney General, MSP, FBI, and ATF, ATF agreed with the FBI that, under the Brady law and implementing regulations, State or local officials were required to make a conclusive determination as to whether an individual is prohibited by federal law from possessing firearms, at least for the purpose of issuing alternate permits.  ATF further clarified that Michigan officials were not interpreting federal law, but merely applying federal law to the facts and circumstances of each license applicant.
  - To assist Michigan officials in applying federal law, FBI offered to provide training to MSP personnel, and ATF agreed to give MSP case specific guidance upon request.

- Unlike a NICS check on a potential firearm purchaser, for alternate permit issuance, FBI NICS does not investigate or determine whether the prospective permit holder is prohibited; rather, it provides access through the NICS Index so that the State or local government officials can make that determination.  *See* 28 C.F.R. 25.6(j).  NICS and MSP disagree as to which agency must conduct the necessary research into a potentially prohibiting misdemeanor crime of domestic violence conviction, and make the final official determination as to a federal prohibition.  MSP believes that since the misdemeanor conviction could result in a federal prohibition, but not a state prohibition, that it does not have the authority or expertise to make that determination.

- In 2019, NICS, through a pre-audit and full audit of MSP's use of NICS, determined that MSP was no longer holding permits in an open status, and had approved for issuance at least 50 CPLs to individuals who appeared to be federally prohibited due to a conviction for a misdemeanor crime of domestic violence, as they refuse to conduct the necessary research to render a final determination as to whether the applicant was prohibited by federal law from receiving a firearm.  It was also determined that CPLs are being issued to habitual marijuana users because marijuana use was legalized in Michigan.

- The issuance of CPLs to individuals who are prohibited by federal law from possessing firearms creates an unacceptable risk to public safety by allowing potentially dangerous individuals to obtain firearms.  In light of the foregoing, ATF has determined that Michigan's CPL issuance process does not meet the requirements in the Brady law.

ATF000057

ISSUES IDENTIFIED BY NICS:

- On April 9, 2019, Joann Garrison, FBI Liaison Specialist, stated that 50 CPLs were issued despite applicants having potentially Misdemeanor Crime of Domestic Violence (MCDV) prohibitions.  Per guidance from the MSP legal counsel, they were advised to move the applications along.  Kevin Collins, Field Support Section Manager with MSP indicated the applications were moved to the county clerk, the county in which the person applied for the CPL with an indication they were unable to establish a qualifier.  This tells the county clerk the applications were qualified by the MSP.  Unless the county clerk found some other reason to deny, the permits were issued.

- On April 22, 2019, Joann Garrison, FBI Liaison Specialist, stated she received a message from Kevin Collins, MSP, Field Support Section Manager.  Collins indicated the MSP legal counsel spoke with their AG and they are not interested in having a call to discuss matters that have been previously talked about.  They are standing firm that they do not have to conduct research for MCDV.  They are more interested in waiting to receive an opinion and direction from their AG.  An informational brief was completed and sent to the AG on Wednesday, April 17, 2019.

- On May 24, 2019, Joann Garrison, FBI Liaison Specialist e-mailed Krissy Carlson, Steve McQuillan, and Eric Epstein of ATF regarding MSP's issuance of CPLs.  Garrison confirmed that MSP is no longer holding application pending federal determinations but are instead processing them all.  In a follow-up e-mail, Garrison explains MSP has admitted to approving permits for issuance when a potential prohibition has not been established or cleared.

- In May and June 2019, FBI's Criminal Justice Information Services Division Audit Unit (CJIS) conducted an audit to determine Michigan's compliance with the use of NICS.  CJIS found that MSP legal counsel had reversed its position pending a new opinion from the Michigan Attorney General's Office, and was no longer determining whether CPL applicants were prohibited under federal law from possessing firearms.
  - ATF was further informed that at least 50 CPLs had been approved for issuance to applicants who appeared to be federally prohibited due to a conviction for a misdemeanor crime of domestic violence.  Joann Garrison of FBI-NICS stated that Kevin Collins, Field Support Section Manager with MSP, disclosed this information to her.
  - Additionally, CPLs were also being issued to federally prohibited habitual marijuana users because marijuana had been legalized in Michigan.

- ATF representatives attempted to meet with the Michigan AG's Office along with NICS during their audit closing; however, Michigan AG's office informed NICS that they would not attend the meeting if ATF representatives were present.

ATF000058

| | |
|---|---|
| **From:** | Carlson, Krissy Y. |
| **To:** | Gluck, Jason H. |
| **Cc:** | Close, Valentina |
| **Subject:** | Fwd: NICS Alternate Permit (CPL / CCW) |
| **Date:** | Friday, November 15, 2019 7:02:34 AM |
| **Attachments:** | NICS Re-Check of Michigan CPL Holders.pdf |
| | ATT00001.htm |

Good Morning!

Please include in the administrative Record.

Krissy Y. Carlson
Division Chief, Firearms and Explosives Industry
Cell ▓▓▓▓▓▓▓▓

Begin forwarded message:

> **From:** "Mendoza, B. Scott" ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
> **Date:** November 13, 2019 at 8:56:26 AM CST
> **To:** "Graham, Andrew R." ▓▓▓▓▓▓▓▓▓▓▓▓▓, "Gilbert, Curtis W."
> ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
> **Cc:** "Deir, James M." ▓▓▓▓▓▓▓▓▓▓▓, "McQuillan, Stephen L."
> ▓▓▓▓▓▓▓▓▓▓▓, "Mitchem, Marianna S."
> ▓▓▓▓▓▓▓▓▓▓▓▓▓, "Lallensack, Kyle E."
> ▓▓▓▓▓▓▓▓▓▓▓▓▓, "Carlson, Krissy Y." < ▓▓▓▓▓▓▓▓▓▓▓▓▓
> **Subject: RE: NICS Alternate Permit (CPL / CCW)**
>
> Gentlemen,
> As requested, attached is a briefing paper summarizing the results of Detroit FD's
> sampling of Michigan CPLs used as an exception to a NICS check.
>
> Please let us know if you have any questions.  Thanks, Scott Mendoza, DIO-Detroit,
> 313-▓▓▓▓▓
>
> ---
>
> **From:** Graham, Andrew R. ▓▓▓▓▓▓▓▓▓▓▓▓
> **Sent:** Saturday, October 05, 2019 7:32 AM
> **To:** Mendoza, B. Scott ▓▓▓▓▓▓▓▓▓▓▓▓
> **Cc:** Deir, James M. ▓▓▓▓▓▓▓▓▓▓; Gilbert, Curtis W. < ▓▓▓▓▓▓▓▓▓▓▓ >
> **Subject:** Re: NICS Alternate Permit (CPL / CCW)
>
> Scott I appreciate the update, consider the request for extension approved. Please
> continue this sampling for another 30 days. Thank you.
>
> Sent from my iPhone
>
> On Sep 30, 2019, at 1:23 PM, Mendoza, B. Scott ▓▓▓▓▓▓▓▓▓▓▓ wrote:

ATF000059

DAD Graham,

As discussed during your recent visit to the Detroit FD, sample NICS checks on CPL-based firearms transferees were significantly limited by our IOIs' focus on the completion of in-progress inspections and FY19 mandatory work during the month of September.  As a result, fewer than 5 inspections included sample NICS checks.

In order to provide a broader base of data on which to base a briefing paper, we respectfully request a one-month extension for sampling. Having an additional month in which to begin FY20 firearms compliance inspections and perform sample NICS checks during the field phase of those inspections should expand the sample sufficiently.  If this is acceptable to you, we would look to submit the briefing paper by November 6, 2019, which is four business days after the extra month.

Let me know if you have any questions.  Thanks, Scott Mendoza, DIO-Detroit



**From:** Graham, Andrew R. ██████████████
**Sent:** Monday, August 26, 2019 10:52 AM
**To:** Deir, James M. <████████████████; Mendoza, B. Scott ████████████████████; Henderson, William T. ████████████████████; Hummel, Hans C. ██████████████
**Cc:** Gilbert, Curtis W. ████████████████; Richardson, Marvin G. ████████████████; McMullan, William P. ████████████████; Lauder, George H. ████████████████████; Graham, Andrew R. ████████████████████>; Mitchem, Marianna S. ████████████████████
**Subject:** NICS Alternate Permit (CPL / CCW)

***** FOR INTERNAL USE ONLY ***** FOR INTERNAL USE ONLY ***** FOR INTERNAL USE ONLY *****

Good morning SACs and DIOs I hope you are all doing well. I am sending this message on behalf of EPS as discussions with the FBI over states with NICS alternate permit use continues. In light of the recent issues identified with your AOR's NICS Alt permits, we recommend that your IOIs conduct sample background checks on purchasers who are using these permits. As you know, we were recently permitted to send out a Public Safety Advisory for Alabama FFL's revoking their use of CPLs in lieu of NICS.  The Nashville FD was able to provide several examples of how prohibited persons were identified as receiving firearms due to their use of these CPLs.  This information was extremely useful in our argument to be able to revoke their CPLs. So, effective September 01, 2019 and concurrently

for 30 days, during DE firearm compliance inspections have your IOIs run (10 - 15) sample NICS background checks on non-licensees using a CCW/CPL to obtain firearms.  Please present this analysis in a briefing paper format to DAD Gilbert and I by the close of business October 4th 2019. I appreciate your assistance with this matter. Feel free to contact me if you have any questions. Thank you and have a great week.

Andrew R. Graham
Deputy Assistant Director (IO)
Desk# 202-6███████
Cell#███████████
E-Mail:██████████████████



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Detroit Field Division*

November 12, 2019
www.atf.gov

MEMORANDUM TO: Deputy Assistant Director (FO-IO)
Deputy Assistant Director (EPS)

THRU: Special Agent in Charge, Detroit Field Division

FROM: Director, Industry Operations, Detroit Field Division

SUBJECT: NICS Re-Check of Michigan Concealed Pistol License Holders

This briefing memorandum is in response to DAD Graham's August 26, 2019, e-mail message regarding acceptance of Michigan's Concealed Pistol License (CPL) as an exception to a NICS check, pursuant to 27 CFR 478.102(d)(1). As directed, as a supplemental step during firearms compliance inspections performed in September 2019, Detroit Field Division IOIs performed NICS-re-checks on prospective firearms transferees who presented a CPL to a Federal Firearms Licensee in lieu of undergoing a NICS check. Michigan's CPL is a recognized exception to the NICS check otherwise required of non-licensed firearms transferees. There is concern that the screening process employed by the State of Michigan in issuing CPLs may not always satisfy Federal requirements. On October 5, 2019, DAD Graham granted an extension of the sampling initiative through October 2019.

ATF's NICS re-check sampling over the last two months was intended to aid ATF's assessment of the CPLs continuing status as a recognized NICS exception by identifying potential examples of CPLs issued to persons Federally prohibited from receiving or possessing firearms. The sampling initiative was conducted during 24 FFL compliance inspections and produced 231 NICS re-checks of customers who presented a CPL at the time of attempted transfer. Sampling was limited to not more than 15 re-checks per inspection. Of the 231 re-checks performed, initial NICS responses were 194 Proceed, 29 Delay, and 8 Deny.

In addition to NICS re-checks performed during an ATF compliance inspection, one FFL which was not under ATF inspection voluntarily provided information on 6 customers who had recently presented CPLs in an attempt to purchase firearms but were denied by NICS. This FFL requires all customers to undergo a NICS check regardless of CPL status but documents a CPL if one is presented by the

ATF000062

-2-

customer. ATF performed re-checks on these 6 CPL holders and received 2 initial Proceed responses, 3 Delay responses, and one Deny response.

Results of the Detroit Field Division's CPL sampling initiative can be summarized as follows:
- ATF inspections on which NICS re-checks of CPL holders were performed: 24
- NICS re-checks performed: 231
- Final NICS denials received: 9
- Active CPL holders deemed Federally prohibited by ATF: 3
- Federally prohibited CPL holders with handguns registered to them by the State: 2
- Federally prohibited CPL holders known to have obtained a firearm using their CPL: 0
- Referrals of Federally prohibited persons having an active CPL and/or handgun registration: 3

While ATF's limited sampling of CPLs did not identify a prohibited CPL holder using a CPL to circumvent a NICS check and obtain a firearm, some prohibited persons have managed to obtain a CPL while under GCA disability. Their possession of a CPL poses a public safety risk insofar as these prohibited CPL holders did not disclose a Federal firearms disability on the ATF Form 4473 they executed at the time of attempted purchase. Only through an FFL's robust internal controls (i.e., NICS checks mandated for *all* prospective sales) were firearms transfers to prohibited persons averted. "Lie and Try" becomes a more effective tactic for defeating the GCA when a prohibited CPL holder encounters an FFL observing just the minimum requirements of the law.

B. Scott Mendoza

Scott Mendoza

| | |
|---|---|
| **From:** | Perdas, Andrew M. |
| **To:** | Firearms Industry Programs Branch Staff |
| **Subject:** | FW: Michigan Open Letter Draft Update |
| **Date:** | Monday, January 6, 2020 8:53:13 AM |
| **Attachments:** | image001.png |
| | Open Letter to Michigan re Alternate Permits 1-06-2020.docx |

For your awareness.  The attached advisory letter will be sent to Michigan FFLs in the near future.

**From:** Carlson, Krissy Y. ███████████████
**Sent:** Monday, January 6, 2020 8:44 AM
**To:** Lange, Andrew R. ████████████████
**Cc:** Mitchem, Marianna S. ████████████████; Perdas, Andrew M.
████████████████; Vann, James P. ████████████████
**Subject:** Michigan Open Letter Draft Update

Hi!  For today's briefing, please find attached with edits changing "Open Letter" to "Public Safety Advisory".

*Krissy Y. Carlson*

Division Chief, Firearms and Explosives Industry Division

6.N-648

Direct:  (202)███████

Cell: ███████████





**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Enforcement Programs and Services*

*Washington, DC 20226*

www.atf.gov

## PUBLIC SAFETY ADVISORY TO ALL MICHIGAN FEDERAL FIREARMS LICENSEES

The purpose of this Public Safety Advisory is to inform you of an important change to the procedure you must follow to comply with the Brady Handgun Violence Prevention Act (Brady law), 18 U.S.C. § 922(t), when transferring a firearm to an unlicensed person.

The Brady law generally requires FFLs to initiate a National Instant Criminal Background Check System (NICS) check before transferring a firearm to an unlicensed person.  Nonetheless, pursuant to 18 U.S.C. § 922(t)(3), the Brady law contains exceptions to the NICS check, including an exception for holders of certain State permits to possess, carry, or acquire firearms.  The law and implementing regulations provide that permits issued within the past 5 years may qualify as alternatives to the NICS check if certain other requirements are satisfied.  This includes a requirement that a government official verifies that the possession of the firearm would not be in violation of law.

On March 24, 2006, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) published an Open Letter to all Michigan Federal firearm licensees (FFLs) finding that a Michigan State Concealed Pistol License (CPL) issued on or after November 22, 2005, could be used as an alternative to initiating a NICS background check prior to transferring a firearm to an unlicensed person.

ATF based this determination on the requirements of 18 U.S.C. § 922(t) and the requirements set forth in State statute MCL 28.426.  In relevant part, that State statute required that a license "shall not be issued to an applicant" unless "[t]he issuing agency has determined through the federal national instant criminal background check system (NICS) that the applicant is not prohibited under federal law from possessing or transporting a firearm."

In spite of this specific statutory requirement, ATF recently received information from the Federal Bureau of Investigation, Criminal Justice Information Services Division Audit Unit that Michigan CPLs have been, and continue to be issued to certain applicants without a determination by Michigan officials as to whether the applicant is prohibited under Federal law from possessing or transporting firearms.  Specifically, ATF learned that CPLs were and continue to be issued to applicants who were likely prohibited due to a conviction for a misdemeanor crime of domestic violence (18 U.S.C. § 922(g)(9)), and to habitual marijuana users (18 U.S.C. § 922(g)(3)).  Although possession and use of marijuana is lawful in Michigan,

-2-

OPEN LETTER TO ALL MICHIGAN FEDERAL FIREARMS LICENSEES (continued)

marijuana remains a "controlled substance" under Federal law, and those using marijuana are prohibited from possessing or transporting a firearm pursuant to 18 U.S.C. 922(g)(3).

The ATF Open Letter issued to All Michigan Federal Firearms Licensees on March 24, 2006 is rescinded as of the date of this letter because, as explained above, a valid Michigan CPL is no longer a NICS alternative under 18 U.S.C. § 922(t).

**All Michigan FFLs are required to conduct a NICS background check prior to the transfer of a firearm to a non-licensee, even if that individual possesses a valid, unexpired CPL.**

If you have any questions about this Public Safety Advisory, please call ATF's Firearms Industry Programs Branch at (202) 648-7190.

Curtis W. Gilbert
Acting Assistant Director
Enforcement Programs and Services

ATF000066

| | |
|---|---|
| **From:** | Carlson, Krissy Y. |
| **To:** | Perdas, Andrew M. |
| **Cc:** | Mitchem, Marianna S.; Gluck, Jason H. |
| **Subject:** | FW: Michigan Open Letter Draft Update |
| **Date:** | Monday, January 6, 2020 10:51:49 AM |
| **Attachments:** | Open Letter to Michigan re Alternate Permits 1-06-2020ARL.docx |
| | image001.png |

Please find attached for your records.

*Krissy Y. Carlson*

Division Chief, Firearms and Explosives Industry Division

6.N-648

Direct:  (202) ███████

Cell:  ████████████



---

**From:** Lange, Andrew R. ████████████████████
**Sent:** Monday, January 06, 2020 10:20 AM
**To:** Carlson, Krissy Y. ████████████████
**Subject:** RE: Michigan Open Letter Draft Update

Krissy,

I added space at the beginning for a date stamp and fixed a spacing issue on the 2nd page.

Thanks.

Andrew

---

**From:** Carlson, Krissy Y. ████████████████
**Sent:** Monday, January 6, 2020 8:44 AM
**To:** Lange, Andrew R. ████████████████
**Cc:** Mitchem, Marianna S. ████████████████ Perdas, Andrew M.
████████████████; Vann, James P. ████████████████
**Subject:** Michigan Open Letter Draft Update

Hi!  For today's briefing, please find attached with edits changing "Open Letter" to "Public Safety Advisory".

*Krissy Y. Carlson*

ATF000067

Division Chief, Firearms and Explosives Industry Division
6.N-648
Direct:  (202) ███████
Cell:  █████████





**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Enforcement Programs and Services*

*Washington, DC 20226*

www.atf.gov

## PUBLIC SAFETY ADVISORY TO ALL MICHIGAN FEDERAL FIREARMS LICENSEES

The purpose of this Public Safety Advisory is to inform you of an important change to the procedure you must follow to comply with the Brady Handgun Violence Prevention Act (Brady law), 18 U.S.C. § 922(t), when transferring a firearm to an unlicensed person.

The Brady law generally requires FFLs to initiate a National Instant Criminal Background Check System (NICS) check before transferring a firearm to an unlicensed person. Nonetheless, pursuant to 18 U.S.C. § 922(t)(3), the Brady law contains exceptions to the NICS check, including an exception for holders of certain State permits to possess, carry, or acquire firearms. The law and implementing regulations provide that permits issued within the past 5 years may qualify as alternatives to the NICS check if certain other requirements are satisfied. This includes a requirement that a government official verifies that the possession of the firearm would not be in violation of law.

On March 24, 2006, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) published an Open Letter to all Michigan Federal firearm licensees (FFLs) finding that a Michigan State Concealed Pistol License (CPL) issued on or after November 22, 2005, could be used as an alternative to initiating a NICS background check prior to transferring a firearm to an unlicensed person.

ATF based this determination on the requirements of 18 U.S.C. § 922(t) and the requirements set forth in State statute MCL 28.426. In relevant part, that State statute required that a license "shall not be issued to an applicant" unless "[t]he issuing agency has determined through the federal national instant criminal background check system (NICS) that the applicant is not prohibited under federal law from possessing or transporting a firearm."

In spite of this specific statutory requirement, ATF recently received information from the Federal Bureau of Investigation, Criminal Justice Information Services Division Audit Unit that Michigan CPLs have been, and continue to be issued to certain applicants without a determination by Michigan officials as to whether the applicant is prohibited under Federal law from possessing or transporting firearms. Specifically, ATF learned that CPLs were and continue to be issued to applicants who were likely prohibited due to a conviction for a

-2-

OPEN LETTER TO ALL MICHIGAN FEDERAL FIREARMS LICENSEES (continued)

misdemeanor crime of domestic violence (18 U.S.C. § 922(g)(9)), and to habitual marijuana users (18 U.S.C. § 922(g)(3)).  Although possession and use of marijuana is lawful in Michigan, marijuana remains a "controlled substance" under Federal law, and those using marijuana are prohibited from possessing or transporting a firearm pursuant to 18 U.S.C. 922(g)(3).

The ATF Open Letter issued to All Michigan Federal Firearms Licensees on March 24, 2006 is rescinded as of the date of this letter because, as explained above, a valid Michigan CPL is no longer a NICS alternative under 18 U.S.C. § 922(t).

**All Michigan FFLs are required to conduct a NICS background check prior to the transfer of a firearm to a non-licensee, even if that individual possesses a valid, unexpired CPL.**

If you have any questions about this Public Safety Advisory, please call ATF's Firearms Industry Programs Branch at (202) 648-7190.

Curtis W. Gilbert
Acting Assistant Director
Enforcement Programs and Services

ATF000070

| | |
|---|---|
| **From:** | Lange, Andrew R. |
| **To:** | Allen, Joseph J. |
| **Cc:** | Gilbert, Curtis W. |
| **Subject:** | RE: MI Advisory Letter on Alternate Permits |
| **Date:** | Wednesday, February 12, 2020 4:46:19 PM |
| **Attachments:** | Open Letter to Michigan re Alternate Permits 1-06-2020.docx |

We would like to get this out as soon as possible.  I attached a copy of the letter for review.  Thanks.

---

**From:** Allen, Joseph J. ████████████████
**Sent:** Wednesday, February 12, 2020 4:38 PM
**To:** Lange, Andrew R. ████████████████
**Subject:** Re: MI Advisory Letter on Alternate Permits

Yes, but given the elapsed time since we briefed, we'll need to update DOJ. What's the target date?

On Feb 12, 2020, at 3:24 PM, Lange, Andrew R. ████████████████ wrote:

> Hi Joe,
>
> Has the Michigan advisory letter on alternate permits been approved for release?
>
> Thanks.
>
> Andrew
>
> **Andrew Lange**
> Acting Deputy Assistant Director
> Office of Enforcement Programs and Services
> Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)
> 99 New York Avenue, N.E.
> Room 5N-603
> Washington, DC 20226
> 202-████████

**NOTICE: This e-mail message and any attached files are intended solely for the use of the addressee(s) named above in connection with official business.  This communication may contain Sensitive But Unclassified information that may be statutorily or otherwise prohibited from being released without appropriate approval.  Any review, use, or dissemination of this e-mail message and any attached file(s) in any form outside of the Bureau of Alcohol, Tobacco, Firearms & Explosives or the Department of Justice without express authorization is strictly prohibited.**

| | |
|---|---|
| **From:** | Epstein, Eric M. |
| **To:** | Gilbert, Curtis W.; Mitchem, Marianna S. |
| **Subject:** | FW: Michigan Letters |
| **Date:** | Wednesday, February 26, 2020 3:09:39 PM |
| **Attachments:** | Open Letter to Michigan re Alternate Permits 11-20-2019.docx |
| | Letter to Michigan re Alternate Permits 11-20-2019.docx |
| | image001.png |

Here is the most recent version I found (11-20-19), with Andrew's edits, but I thought the Open Letter had been renamed a "Public Safety Advisory."

- Eric

**Eric M. Epstein, Senior Policy Counsel**
**Bureau of Alcohol, Tobacco, Firearms and Explosives**
**United States Department of Justice**
**99 New York Ave., NE, Room 6E-363**
**Washington, D.C.  20226**
**Tel:  202-**█████

**From:** Lange, Andrew R. ████████████████
**Sent:** Wednesday, November 20, 2019 12:48 PM
**To:** Gilbert, Curtis W. ████████████████
**Cc:** Epstein, Eric M. ████████████████ ; Vann, James P. ████████████ ; Close, Valentina
████████████ Knapp, Michael S. ████████████ ; Mitchem, Marianna S.
████████████ Carlson, Krissy Y. ████████████
**Subject:** RE: Michigan Letters

Approved.

**From:** Carlson, Krissy Y. ████████████████
**Sent:** Wednesday, November 20, 2019 12:45 PM
**To:** Lange, Andrew R. ████████████ ; Gilbert, Curtis W. ████████████
**Cc:** Epstein, Eric M. ████████████ ; Vann, James P. ████████████ ; Close, Valentina
████████████ ; Knapp, Michael S. ████████████ ; Mitchem, Marianna S.
████████████
**Subject:** RE: Michigan Letters

Please find amended letters attached.

*Krissy Y. Carlson*

Division Chief, Firearms and Explosives Industry Division

6.N-648

Direct:  (202) ████████

Cell:  ████████



**From:** Lange, Andrew R. ██████████████
**Sent:** Monday, November 18, 2019 5:43 PM
**To:** Carlson, Krissy Y. ████████████; Gilbert, Curtis W. ████████████████
**Cc:** Epstein, Eric M. █████████████; Vann, James P. ████████████████; Close, Valentina ████████████; Knapp, Michael S. ████████████████; Mitchem, Marianna S. ████████████
**Subject:** RE: Michigan Letters

Krissy,

Please find attached my suggested edits.

Thanks.

Andrew

**From:** Carlson, Krissy Y. ████████████
**Sent:** Monday, November 18, 2019 3:53 PM
**To:** Gilbert, Curtis W. ████████████
**Cc:** Lange, Andrew R. ████████████ Epstein, Eric M. ████████████; Vann, James P. ████████████ Close, Valentina ████████████ Knapp, Michael S. ████████████; Mitchem, Marianna S. ████████████
**Subject:** Michigan Letters

Hi!  Please find attached the updated letters for Michigan.  I don't believe Joe Allen, nor PGA, has seen these yet.

*Krissy Y. Carlson*
Division Chief, Firearms and Explosives Industry Division
6.N-648
Direct:  (202) ████████
Cell:  ████████



**From:** Gilbert, Curtis W.
**To:** Epstein, Eric M.; Mitchem, Marianna S.
**Subject:** FW: Michigan Letters
**Date:** Wednesday, February 26, 2020 1:09:00 PM
**Attachments:** image001.png
Open Letter to Michigan re Alternate Permits 11-18-2019.docx
Letter to Michigan re Alternate Permits 11-18-19.docx

Here is what I have.

---

**From:** Gilbert, Curtis W.
**Sent:** Monday, November 18, 2019 3:54 PM
**To:** Allen, Joseph J. ████████████████████████ Board, Daniel L., Jr.
████████████████
**Subject:** FW: Michigan Letters

---

**From:** Carlson, Krissy Y. ████████████████
**Sent:** Monday, November 18, 2019 3:53 PM
**To:** Gilbert, Curtis W. ████████████
**Cc:** Lange, Andrew R. ████████████████; Epstein, Eric M. ████████████; Vann, James P. ████████████████; Close, Valentina ████████████████; Knapp, Michael S. ████████████; Mitchem, Marianna S. ████████████████
**Subject:** Michigan Letters

Hi!  Please find attached the updated letters for Michigan

*Krissy Y. Carlson*

Division Chief, Firearms and Explosives Industry Division

6.N-648

Direct:  (202) ████████

Cell:  ████████████

**From:**       Allen, Joseph J.
**To:**         Deir, James M.; Mendoza, B. Scott; McQuillan, Stephen L.
**Cc:**         Richardson, Marvin G.; Gilbert, Curtis W.; Lauder, George H.
**Subject:**    Michigan CPL Letter/Advisory -Monday
**Date:**       Sunday, March 1, 2020 12:50:24 PM
**Attachments:** Michigan Public Safety Advisory final draft 2-29-2020.pdf
                Michigan AG Letter final draft 2-29-2020.pdf

All, My apology for the Sunday email.  Per my discussions with SAC Deir and ADD Richardson, I will be in the Detroit FD tomorrow to ease logistics on outreach to both Michigan US Attorneys,  MSP, and the Michigan AG's office regarding the issuance of the letter to AG Nessel and posting of the public safety advisory.  The final letter and advisory are attached and will be signed by AD Gilbert & dated effective 3/2 (Tuesday).

For notifications, we will follow the same basic process used previously:  SAC notice call to the U.S. Attorneys (with me as Director rep); notice call to MSP (with SAC, DIO Mendoza, DC McQuillan, and me – if necessary-- as Director rep) , and notice call by ADD Richardson to AG Nessel (or her designee).

Despite my late notice, we can hopefully accomplish all three notice calls tomorrow, with Tuesday also available for AG call if needed.

Please let me know if you have any questions.


Thanks, Joe



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Enforcement Programs and Services*

Washington, DC 20226

www.atf.gov

### PUBLIC SAFETY ADVISORY TO ALL MICHIGAN FEDERAL FIREARMS LICENSEES

The purpose of this Open Letter is to advise you of an important change to the procedure you must follow to comply with the Brady Handgun Violence Prevention Act (Brady law), 18 U.S.C. § 922(t), when transferring a firearm to an unlicensed person.

The Brady law generally requires FFLs to initiate a National Instant Criminal Background Check System (NICS) check before transferring a firearm to an unlicensed person. Nonetheless, pursuant to 18 U.S.C. § 922(t)(3), the Brady law contains exceptions to the NICS check, including an exception for holders of certain State permits to possess, carry, or acquire firearms. The law and implementing regulations provide that permits issued within the past 5 years may qualify as alternatives to the NICS check if certain other requirements are satisfied. This includes a requirement that a government official verifies that the possession of the firearm would not be in violation of law.

On March 24, 2006, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) published an Open Letter to all Michigan Federal firearm licensees (FFLs) finding that a Michigan State Concealed Pistol License (CPL) issued on or after November 22, 2005, could be used as an alternative to initiating a NICS background check prior to transferring a firearm to an unlicensed person.

ATF based this determination on the requirements of 18 U.S.C. § 922(t) and the requirements set forth in State statute MCL 28.426(2). In relevant part, that State statute required that a CPL shall not be issued to an applicant unless the Michigan State Police "has determined through the federal national instant criminal background check system that the applicant is not prohibited under federal law from possessing or transporting a firearm [and] has verified through the United States Immigration and Customs Enforcement databases that the applicant is not an illegal alien or a nonimmigrant alien."

In spite of this specific statutory requirement, ATF recently received information from the Federal Bureau of Investigation, Criminal Justice Information Services Division Audit Unit that Michigan CPLs have been, and continue to be issued to certain applicants without a determination by Michigan officials as to whether the applicant is prohibited under Federal law from possessing or transporting firearms. Specifically, ATF learned that CPLs were and

-2-

PUBLIC SAFETY ADVISORY TO ALL MICHIGAN FEDERAL FIREARMS LICENSEES
(continued)

continue to be issued to applicants who were likely prohibited due to a conviction for a
misdemeanor crime of domestic violence (18 U.S.C. § 922(g)(9)), and to habitual marijuana
users (18 U.S.C. § 922(g)(3)).  Although possession and use of marijuana is not unlawful under
Michigan law, marijuana remains a "controlled substance" under Federal law, and those using
marijuana are prohibited from possessing or transporting a firearm pursuant to 18 U.S.C.
§ 922(g)(3).

The ATF Open Letter issued to All Michigan Federal Firearms Licensees on March 24, 2006 is
rescinded as of the date of this letter because, as explained above, a valid Michigan CPL is no
longer a NICS alternative under 18 U.S.C. § 922(t).

**All Michigan FFLs are required to conduct a NICS background check prior to the transfer
of a firearm to a non-licensee, even if that individual possesses a valid, unexpired CPL.**

If you have any questions about this Open Letter, please call ATF's Firearms Industry Programs
Branch at (202) 648-7190.



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Enforcement Programs and Services*

Washington. DC 20226

www.atf.gov

Honorable Dana Nessel, Attorney General
State of Michigan
G. Mennen Williams Building
525 W. Ottawa Street
P.O. Box 30212
Lansing, Michigan  48909

Dear Attorney General Nessel:

This letter is to inform you that the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)
has determined that Michigan's Concealed Pistol License (CPL) no longer qualifies as an
alternative to an Federal Bureau of Investigation (FBI) National Instant Criminal Background
Check System (NICS) check which is otherwise required prior to the transfer of a firearm by a
Federal firearms licensee (FFL).

The Federal Brady Handgun Violence Prevention Act (Brady law), codified at 18 U.S.C. §
922(t), generally requires FFLs to initiate a NICS background check before transferring a firearm
to an unlicensed person.  The Brady law allows an exception to the NICS check requirement for
holders of qualifying state-issued permits to possess, carry, or acquire firearms.  Permits issued
within the past 5 years by the State in which the transfer is to take place qualify as alternatives to
a NICS check if the law of the State provides that such a permit is to be issued only after an
authorized State or local government official has verified that the information available to such
official, including NICS check results, does not indicate that possession of a firearm by the
applicant would be in violation of Federal, State, or local law.  *See* 18 U.S.C. § 922(t)(3) and 27
C.F.R. § 478.102(d)(1).  The legislative history of the Brady law makes clear that, in order for a
State permit to qualify as a Brady alternative, a State or local government official must conduct a
full NICS background check and determine that the applicant is not prohibited by law from
possessing a firearm:

> New subsection (t) would provide that these background check requirements would be
> inapplicable to firearm transfers in three circumstances:  (1) The transferee has, within
> the five years preceding the transfer and after having his or her criminal background
> checked by a State or local government, received from his or her State or residence a
> permit that allows him or her to possess a firearm; …

ATF000078

Honorable Dana Nessel, Attorney General
State of Michigan

H.R. Rep. No. 103-344 (Public Law 103-159) (emphasis added).[1]

By letter dated February 7, 2006, former Michigan Attorney General Mike Cox requested that ATF recognize CPLs as an alternative to a NICS background check. ATF agreed and responded to your office by letter of March 14, 2006, and notified all Michigan FFLs by Open Letter dated March 24, 2006, that CPLs issued on or after November 22, 2005, qualified as an alternative to a NICS check. ATF's determination was based on applicants satisfying the requirements set forth in MCL 28.426: (a) a full NICS check being conducted by an authorized Michigan government official; (b) a determination made by that official that the permit holder is not prohibited under Federal or State law from possessing firearms; and (c) the permit being denied if the individual is prohibited from possessing a firearm under Federal (or State) law.

In 2017, ATF was informed by the FBI that although the Michigan State Police (MSP), the authority responsible for running background checks for the issuance of CPLs, was accessing the NICS Index to obtain prohibited person information, but it was not conducting the necessary research or rendering a final determination as to whether a CPL applicant was prohibited by Federal law from possessing a firearm. Specifically, ATF was informed that MSP was holding in an indefinite open status at least 40 CPLs because it was waiting for a decision from FBI NICS that these individuals were drug abusers prohibited under 18 U.S.C. § 922(g)(3), or persons convicted of a misdemeanor crime of domestic violence prohibited under 18 U.S.C. § 922(g)(9) – Federal prohibitions for which there is apparently no State equivalent. During a conference call with representatives from your office, MSP, and the FBI, ATF agreed with the FBI that, under the Brady law and implementing regulations, State or local officials were required to make a conclusive determination as to whether an individual is prohibited by Federal law from possessing firearms, at least for the purpose of issuing alternate permits.[2] ATF further clarified that Michigan officials were *not interpreting Federal law*, but merely applying Federal law to the facts and circumstances of each license applicant. To assist Michigan officials in applying Federal law, FBI offered to provide training to MSP personnel, and ATF agreed to give MSP case specific guidance upon request. In July 2018, FBI was advised by MSP that your office had granted MSP the authority to make Federal prohibited person determinations and enter prohibited individuals into the NICS Index.

However, in May and June 2019, FBI's Criminal Justice Information Services Division Audit Unit (CJIS) conducted an audit to determine Michigan's compliance with the use of NICS. CJIS found that MSP legal counsel had reversed its position pending a new opinion from your office, and was no longer determining whether CPL applicants were prohibited under Federal law from possessing firearms. ATF was further informed that CPLs had been issued to applicants who appeared to be federally prohibited due to a conviction for a misdemeanor crime of domestic

---

[1] *See also* 18 U.S.C. § 922(s) (interim Brady law provision noting that the chief State or local law enforcement officer must "determine" whether "a transaction would violate Federal, State, or local law").

[2] Unlike a NICS check on a potential firearm purchaser, for alternate permit issuance, FBI NICS does not investigate or determine whether the prospective permit holder is prohibited; rather, it provides access through the NICS Index so that the State or local government officials can make that determination themselves. *See* 28 C.F.R. 25.6(j).

ATF000079

-3-

Honorable Dana Nessel, Attorney General
State of Michigan

violence, and that CPLs were being issued to federally prohibited habitual marijuana users because marijuana had been legalized in Michigan.[3]

The issuance of CPLs to individuals who are prohibited by Federal law from possessing firearms creates an unacceptable risk to public safety by allowing potentially dangerous individuals to obtain firearms. In light of the foregoing, ATF has determined that Michigan's CPL issuance process does not meet the requirements set forth in the Brady law. Consequently, effective immediately, Michigan's CPLs no longer qualify as a NICS check alternative; ATF has issued the enclosed Public Safety Advisory to all Michigan FFLs reflecting this determination.

If the State of Michigan desires to have its CPLs again qualify as an alternative to NICS, the following corrective measures will need to be taken:

1.  The State must ensure that CPLs are only issued after an authorized government official has conducted a full NICS check, including the Immigration Alien Query (IAQ), conducts the necessary research, and if the official determines that there exists a Federal prohibitor, the prohibited applicant does not receive a CPL, as required by MCL 28.426;
2.  A full NICS check, including the IAQ, must be completed by an authorized Michigan official on all individuals previously issued CPLs without a full NICS check or without conducting the necessary research and make an updated prohibited person determination;
3.  All CPLs previously issued to individuals found to be prohibited from receiving or possessing firearms under Federal or State law must be revoked, pursuant to MCL 28.428 or other applicable law, and recovered from those individuals; and
4.  Should you determine that an individual is in possession of a firearm in violation of Federal, but not State law, those cases should immediately be referred to the local ATF field office.

Unless these corrective measures are fully implemented, FFLs will be unable to accept Michigan CPLs as a NICS alternative under the Brady law. If you have any questions, please do not hesitate to contact ATF. Likewise, if the State of Michigan is interested in establishing a CPL program that meets the requirements to qualify as a NICS check alternative, ATF stands ready to provide technical guidance. Please do not hesitate to contact me directly at 202-648-7122.

Sincerely yours,

Acting Assistant Director
Enforcement Programs and Services

---

[3] Marijuana (under the spelling "Marihuana") is listed in the Federal Controlled Substances Act as a Schedule I controlled substance. 21 U.S.C. § 812(c)(10). Regardless of State law, Federal law does not provide any exception allowing the use of marijuana for medicinal or recreational purposes.

ATF000080

| From: | Allen, Joseph J. |
|---|---|
| To: | Gilbert, Curtis W.; Richardson, Marvin G. |
| Cc: | Chittum, Thomas L.; Lauder, George H. |
| Subject: | RE: Michigan Public Safety Advisory and Letter to Michigan AG |
| Date: | Wednesday, February 26, 2020 3:35:23 PM |
| Attachments: | Letter to Michigan re Alternate Permits 11-20-2019.docx |
| | Open Letter to Michigan re Alternate Permits 11-18-2019.docx |

Curtis, We need to coordinate with the Detroit SAC/USAO before placing the call to the Michigan AG's office.  Today is not the best day for that coordination.  We will aim for outreach tomorrow.

Thank you, Joe

**From:** Gilbert, Curtis W. ██████████
**Sent:** Wednesday, February 26, 2020 3:28 PM
**To:** Richardson, Marvin G. ████████████████; Allen, Joseph J. ████████████
**Subject:** Michigan Public Safety Advisory and Letter to Michigan AG

Gentlemen,

Here are the two letters.  I have signed copies ready to go.

Thanks
Curtis


Curtis W. Gilbert
Acting Assistant Director
Enforcement Programs & Services
202█████████ (Direct)
████████ (Cell)

ATF000081

| From: | Gilbert, Curtis W. |
|---|---|
| To: | Richardson, Marvin G.; Allen, Joseph J. |
| Subject: | Michigan Public Safety Advisory and Letter to Michigan AG |
| Date: | Wednesday, February 26, 2020 3:28:00 PM |
| Attachments: | Letter to Michigan re Alternate Permits 11-20-2019.docx |
| | Open Letter to Michigan re Alternate Permits 11-18-2019.docx |

Gentlemen,

Here are the two letters.  I have signed copies ready to go.

Thanks
Curtis


Curtis W. Gilbert
Acting Assistant Director
Enforcement Programs & Services
202-███████ (Direct)
███████ (Cell)

ATF000082

| | |
|---|---|
| **From:** | Perdas, Andrew M. |
| **To:** | Firearms Industry Programs Branch Staff |
| **Subject:** | Fwd: Public Safety Advisory to Michigan re Alternate Permits 11-20-2019 (Det DC edits).docx |
| **Date:** | Sunday, March 1, 2020 5:09:14 PM |
| **Attachments:** | Public Safety Advisory to Michigan re Alternate Permits 11-20-2019 (Det DC edits).docx |
| | ATT00001.htm |

Everyone,
This just came in on Saturday.

Please rearrange your telework & AWS schedule and plan on being in the office tomorrow morning. We are stuffing envelopes to send to Michigan FFLs. With all hands on deck we should make quick work of it.

If you have a scheduled appointment or other obligation that you can't make it in, please let me know as I understand this is last minute.

I'll send everyone a text as well. Please confirm receipt of either email or text.

Thank you and see you tomorrow.
Andy


Begin forwarded message:

> **From:** "Mitchem, Marianna S." ████████████████████
> **Date:** February 29, 2020 at 12:28:44 PM EST
> **To:** "Perdas, Andrew M." ████████████████, "Townsell, Christina L."
> ████████████████
> **Subject: Public Safety Advisory to Michigan re Alternate Permits 11-20-2019 (Det DC edits).docx**
>
> Good morning,
>
> We need to pull all FIPB folks together to send out the attached letter to all Michigan FFLs. I have already reached out to FESD for a list of FFLs and their addresses.
>
> Andy-please make sure all of FIPB is in the office on Monday.
>
> Christina-Since you have gone through this drill (Alabama letter), can you advise what you need from me so that we can start this Monday morning?
>
> Thanks!



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Enforcement Programs and Services*

*Washington, DC 20226*

www.atf.gov

## PUBLIC SAFETY ADVISORY TO ALL MICHIGAN FEDERAL FIREARMS LICENSEES

The purpose of this Open Letter is to advise you of an important change to the procedure you must follow to comply with the Brady Handgun Violence Prevention Act (Brady law), 18 U.S.C. § 922(t), when transferring a firearm to an unlicensed person.

The Brady law generally requires FFLs to initiate a National Instant Criminal Background Check System (NICS) check before transferring a firearm to an unlicensed person. Nonetheless, pursuant to 18 U.S.C. § 922(t)(3), the Brady law contains exceptions to the NICS check, including an exception for holders of certain State permits to possess, carry, or acquire firearms. The law and implementing regulations provide that permits issued within the past 5 years may qualify as alternatives to the NICS check if certain other requirements are satisfied. This includes a requirement that a government official verifies that the possession of the firearm would not be in violation of law.

On March 24, 2006, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) published an Open Letter to all Michigan Federal firearm licensees (FFLs) finding that a Michigan State Concealed Pistol License (CPL) issued on or after November 22, 2005, could be used as an alternative to initiating a NICS background check prior to transferring a firearm to an unlicensed person.

ATF based this determination on the requirements of 18 U.S.C. § 922(t) and the requirements set forth in State statute MCL 28.426(2). In relevant part, that State statute required that a CPL shall not be issued to an applicant unless the Michigan State Police "has determined through the federal national instant criminal background check system that the applicant is not prohibited under federal law from possessing or transporting a firearm [and] has verified through the United States Immigration and Customs Enforcement databases that the applicant is not an illegal alien or a nonimmigrant alien."

In spite of this specific statutory requirement, ATF recently received information from the Federal Bureau of Investigation, Criminal Justice Information Services Division Audit Unit that Michigan CPLs have been, and continue to be issued to certain applicants without a determination by Michigan officials as to whether the applicant is prohibited under Federal law from possessing or transporting firearms. Specifically, ATF learned that CPLs were and continue to be issued to applicants who were likely prohibited due to a conviction for a

PUBLIC SAFETY ADVISORY TO ALL MICHIGAN FEDERAL FIREARMS LICENSEES (continued)

misdemeanor crime of domestic violence (18 U.S.C. § 922(g)(9)), and to habitual marijuana users (18 U.S.C. § 922(g)(3)).  Although possession and use of marijuana is not unlawful under Michigan law, marijuana remains a "controlled substance" under Federal law, and those using marijuana are prohibited from possessing or transporting a firearm pursuant to 18 U.S.C. § 922(g)(3).

The ATF Open Letter issued to All Michigan Federal Firearms Licensees on March 24, 2006 is rescinded as of the date of this letter because, as explained above, a valid Michigan CPL is no longer a NICS alternative under 18 U.S.C. § 922(t).

**All Michigan FFLs are required to conduct a NICS background check prior to the transfer of a firearm to a non-licensee, even if that individual possesses a valid, unexpired CPL.**

If you have any questions about this Open Letter, please call ATF's Firearms Industry Programs Branch at (202) 648-7190.

Curtis W. Gilbert
Acting Assistant Director
Enforcement Programs and Services

| From: | Mitchem, Marianna S. |
|---|---|
| To: | Gilbert, Curtis W. |
| Cc: | Perdas, Andrew M.; Lange, Andrew R. |
| Subject: | Re: Letter to Michigan AG re Alternate Permits |
| Date: | Saturday, February 29, 2020 12:23:07 PM |

Will do.

We will have a Q&A draft for you to review on Monday.

Marianna Mitchem
Bureau of ATF
Chief, Firearms and Explosives Industry Division
202-▮▮▮▮ (o) ▮▮▮▮▮▮ (c)

> On Feb 28, 2020, at 11:48 AM, Gilbert, Curtis W. ▮▮▮▮▮▮▮▮ wrote:
>
>
> We are planning on getting these out on Monday.  We should have Talking Points and Q&As for these already, but please ensure that we do.
>
> Curtis
>
>
> Curtis W. Gilbert
> Acting Assistant Director
> Enforcement Programs & Services
> 202-▮▮▮▮ (Direct)
> ▮▮▮▮ (Cell)
>
>
>
> <Letter to Michigan re Alternate Permits 11-20-2019 (Det DC edits).docx>
> <Public Safety Advisory to Michigan re Alternate Permits 11-20-2019 (Det DC edits).docx>

**From:**    Gilbert, Curtis W.
**To:**      Lange, Andrew R.
**Subject:**  Fwd: Letter to Michigan AG re Alternate Permits
**Date:**    Friday, March 6, 2020 11:30:37 AM

Begin forwarded message:

> **From:** "Allen, Joseph J." ▮▮▮▮▮▮▮▮▮▮▮
> **Date:** February 28, 2020 at 12:27:28 PM EST
> **To:** "Gilbert, Curtis W." ▮▮▮▮▮▮▮▮▮
> **Subject: Re:  Letter to Michigan AG re Alternate Permits**
>
>
> Curtis, It was cleared along with the Minnesota letter last fall  through ODAG (Adam Braverman POC at that time) and OAG (Tim Shea POC at that time). When we have the final, I'll update the new DAG POC John Higgins.
>
> Thanks, Joe
>
> On Feb 28, 2020, at 11:29 AM, Gilbert, Curtis W. ▮▮▮▮▮▮▮▮▮▮▮ wrote:
>
>> Joe
>> Who over at the department has been notified of this?  Want to make sure Cox is aware.
>>
>> Curtis
>>
>>> On Feb 27, 2020, at 3:43 PM, Allen, Joseph J. ▮▮▮▮▮▮▮▮▮▮▮ wrote:
>>>
>>>
>>> Curtis, Marvin and I have reviewed and concur with the small edits.  Please accept the edits and update final draft.
>>>
>>> We will set up the AG/USA call on Monday.
>>>
>>> Thanks, Joe
>>>
>>> ---
>>> **From:** Gilbert, Curtis W. ▮▮▮▮▮▮▮▮▮▮▮
>>> **Sent:** Thursday, February 27, 2020 12:39 PM
>>> **To:** Allen, Joseph J. ▮▮▮▮▮▮▮▮▮

ATF000087

**Subject:** Fwd: Letter to Michigan AG re Alternate Permits

FYSA


Begin forwarded message:

> **From:** "Epstein, Eric M."
> ███████████████████
> **Date:** February 27, 2020 at 11:38:11 AM EST
> **To:** "Gilbert, Curtis W."
> ███████████████████
> **Cc:** "Paskalis, Anne Marie"
> ███████████████████ "Lange,
> Andrew R." ████████████████, "Chu,
> Vivian S." ████████████████
> **Subject: Letter to Michigan AG re Alternate
> Permits**
>
>
> Hi Curtis - I mentioned that our Division
> Counsel had a couple of last minute edits to the
> Michigan alternate permit letters, for which I
> agree.  Hopefully, it's not too late to
> incorporate these minor changes.  Please see
> attached.
>
> Thanks,
>
> - Eric
>
> **Eric M. Epstein, Senior Policy Counsel**
> **Bureau of Alcohol, Tobacco, Firearms and**
> **Explosives**
> **United States Department of Justice**
> **99 New York Ave., NE, Room 6E-363**
> **Washington, D.C.  20226**
> **Tel:  202-**████████

| From: | Gilbert, Curtis W. |
|---|---|
| To: | Mitchem, Marianna S.; Perdas, Andrew M. |
| Cc: | Lange, Andrew R. |
| Subject: | Re: Letter to Michigan AG re Alternate Permits |
| Date: | Friday, February 28, 2020 7:40:57 PM |

Also. We need to get a group to stuff envelopes for this project.

> On Feb 28, 2020, at 12:48 PM, Gilbert, Curtis W. ▮▮▮▮▮▮▮▮▮▮ wrote:

We are planning on getting these out on Monday. We should have Talking Points and Q&As for these already, but please ensure that we do.

Curtis

Curtis W. Gilbert
Acting Assistant Director
Enforcement Programs & Services
202-▮▮▮▮▮ (Direct)
▮▮▮▮▮▮▮ (Cell)

<Letter to Michigan re Alternate Permits 11-20-2019 (Det DC edits).docx>
<Public Safety Advisory to Michigan re Alternate Permits 11-20-2019 (Det DC edits).docx>

ATF000089

| | |
|---|---|
| **From:** | Mitchem, Marianna S. |
| **To:** | Gilbert, Curtis W. |
| **Cc:** | Perdas, Andrew M.; Lange, Andrew R. |
| **Subject:** | Re: Letter to Michigan AG re Alternate Permits |
| **Date:** | Saturday, February 29, 2020 12:23:07 PM |

Will do.

We will have a Q&A draft for you to review on Monday.

Marianna Mitchem
Bureau of ATF
Chief, Firearms and Explosives Industry Division
202 ████████ (o)  ████████ (c)

> On Feb 28, 2020, at 11:48 AM, Gilbert, Curtis W. ███████████████ wrote:

> We are planning on getting these out on Monday.  We should have Talking Points and Q&As for these already, but please ensure that we do.

> Curtis

> Curtis W. Gilbert
> Acting Assistant Director
> Enforcement Programs & Services
> 202-████ (Direct)
> ████████ (Cell)

> <Letter to Michigan re Alternate Permits 11-20-2019 (Det DC edits).docx>
> <Public Safety Advisory to Michigan re Alternate Permits 11-20-2019 (Det DC edits).docx>

| | |
|---|---|
| **From:** | Allen, Joseph J. |
| **To:** | Deir, James M.; Mendoza, B. Scott; McQuillan, Stephen L. |
| **Cc:** | Richardson, Marvin G.; Gilbert, Curtis W.; Lauder, George H. |
| **Subject:** | Michigan CPL Letter/Advisory -Monday |
| **Date:** | Sunday, March 1, 2020 12:50:24 PM |
| **Attachments:** | Michigan Public Safety Advisory final draft 2-29-2020.pdf |
| | Michigan AG Letter final draft 2-29-2020.pdf |

All, My apology for the Sunday email.  Per my discussions with SAC Deir and ADD Richardson, I will be in the Detroit FD tomorrow to ease logistics on outreach to both Michigan US Attorneys,  MSP, and the Michigan AG's office regarding the issuance of the letter to AG Nessel and posting of the public safety advisory.  The final letter and advisory are attached and will be signed by AD Gilbert & dated effective 3/2 (Tuesday).

For notifications, we will follow the same basic process used previously:  SAC notice call to the U.S. Attorneys (with me as Director rep); notice call to MSP (with SAC, DIO Mendoza, DC McQuillan, and me – if necessary-- as Director rep) , and notice call by ADD Richardson to AG Nessel (or her designee).

Despite my late notice, we can hopefully accomplish all three notice calls tomorrow, with Tuesday also available for AG call if needed.

Please let me know if you have any questions.


Thanks, Joe



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Enforcement Programs and Services*

_Washington, DC 20226_

www.atf.gov

## PUBLIC SAFETY ADVISORY TO ALL MICHIGAN FEDERAL FIREARMS LICENSEES

The purpose of this Open Letter is to advise you of an important change to the procedure you must follow to comply with the Brady Handgun Violence Prevention Act (Brady law), 18 U.S.C. § 922(t), when transferring a firearm to an unlicensed person.

The Brady law generally requires FFLs to initiate a National Instant Criminal Background Check System (NICS) check before transferring a firearm to an unlicensed person. Nonetheless, pursuant to 18 U.S.C. § 922(t)(3), the Brady law contains exceptions to the NICS check, including an exception for holders of certain State permits to possess, carry, or acquire firearms. The law and implementing regulations provide that permits issued within the past 5 years may qualify as alternatives to the NICS check if certain other requirements are satisfied. This includes a requirement that a government official verifies that the possession of the firearm would not be in violation of law.

On March 24, 2006, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) published an Open Letter to all Michigan Federal firearm licensees (FFLs) finding that a Michigan State Concealed Pistol License (CPL) issued on or after November 22, 2005, could be used as an alternative to initiating a NICS background check prior to transferring a firearm to an unlicensed person.

ATF based this determination on the requirements of 18 U.S.C. § 922(t) and the requirements set forth in State statute MCL 28.426(2). In relevant part, that State statute required that a CPL shall not be issued to an applicant unless the Michigan State Police "has determined through the federal national instant criminal background check system that the applicant is not prohibited under federal law from possessing or transporting a firearm [and] has verified through the United States Immigration and Customs Enforcement databases that the applicant is not an illegal alien or a nonimmigrant alien."

In spite of this specific statutory requirement, ATF recently received information from the Federal Bureau of Investigation, Criminal Justice Information Services Division Audit Unit that Michigan CPLs have been, and continue to be issued to certain applicants without a determination by Michigan officials as to whether the applicant is prohibited under Federal law from possessing or transporting firearms. Specifically, ATF learned that CPLs were and

-2-

PUBLIC SAFETY ADVISORY TO ALL MICHIGAN FEDERAL FIREARMS LICENSEES
(continued)

continue to be issued to applicants who were likely prohibited due to a conviction for a
misdemeanor crime of domestic violence (18 U.S.C. § 922(g)(9)), and to habitual marijuana
users (18 U.S.C. § 922(g)(3)).  Although possession and use of marijuana is not unlawful under
Michigan law, marijuana remains a "controlled substance" under Federal law, and those using
marijuana are prohibited from possessing or transporting a firearm pursuant to 18 U.S.C.
§ 922(g)(3).

The ATF Open Letter issued to All Michigan Federal Firearms Licensees on March 24, 2006 is
rescinded as of the date of this letter because, as explained above, a valid Michigan CPL is no
longer a NICS alternative under 18 U.S.C. § 922(t).

**<u>All Michigan FFLs are required to conduct a NICS background check prior to the transfer
of a firearm to a non-licensee, even if that individual possesses a valid, unexpired CPL.</u>**

If you have any questions about this Open Letter, please call ATF's Firearms Industry Programs
Branch at (202) 648-7190.

ATF000093



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Enforcement Programs and Services*

*Washington, DC 20226*

www.atf.gov

Honorable Dana Nessel, Attorney General
State of Michigan
G. Mennen Williams Building
525 W. Ottawa Street
P.O. Box 30212
Lansing, Michigan  48909

Dear Attorney General Nessel:

This letter is to inform you that the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has determined that Michigan's Concealed Pistol License (CPL) no longer qualifies as an alternative to an Federal Bureau of Investigation (FBI) National Instant Criminal Background Check System (NICS) check which is otherwise required prior to the transfer of a firearm by a Federal firearms licensee (FFL).

The Federal Brady Handgun Violence Prevention Act (Brady law), codified at 18 U.S.C. § 922(t), generally requires FFLs to initiate a NICS background check before transferring a firearm to an unlicensed person.  The Brady law allows an exception to the NICS check requirement for holders of qualifying state-issued permits to possess, carry, or acquire firearms.  Permits issued within the past 5 years by the State in which the transfer is to take place qualify as alternatives to a NICS check if the law of the State provides that such a permit is to be issued only after an authorized State or local government official has verified that the information available to such official, including NICS check results, does not indicate that possession of a firearm by the applicant would be in violation of Federal, State, or local law.  *See* 18 U.S.C. § 922(t)(3) and 27 C.F.R. § 478.102(d)(1).  The legislative history of the Brady law makes clear that, in order for a State permit to qualify as a Brady alternative, a State or local government official must conduct a full NICS background check and determine that the applicant is not prohibited by law from possessing a firearm:

> New subsection (t) would provide that these background check requirements would be inapplicable to firearm transfers in three circumstances:  (1) The transferee has, within the five years preceding the transfer and after having his or her criminal background checked by a State or local government, received from his or her State or residence a permit that allows him or her to possess a firearm; …

Honorable Dana Nessel, Attorney General
State of Michigan

H.R. Rep. No. 103-344 (Public Law 103-159) (emphasis added).[1]

By letter dated February 7, 2006, former Michigan Attorney General Mike Cox requested that
ATF recognize CPLs as an alternative to a NICS background check. ATF agreed and responded
to your office by letter of March 14, 2006, and notified all Michigan FFLs by Open Letter dated
March 24, 2006, that CPLs issued on or after November 22, 2005, qualified as an alternative to a
NICS check. ATF's determination was based on applicants satisfying the requirements set forth
in MCL 28.426: (a) a full NICS check being conducted by an authorized Michigan government
official; (b) a determination made by that official that the permit holder is not prohibited under
Federal or State law from possessing firearms; and (c) the permit being denied if the individual is
prohibited from possessing a firearm under Federal (or State) law.

In 2017, ATF was informed by the FBI that although the Michigan State Police (MSP), the
authority responsible for running background checks for the issuance of CPLs, was accessing the
NICS Index to obtain prohibited person information, but it was not conducting the necessary
research or rendering a final determination as to whether a CPL applicant was prohibited by
Federal law from possessing a firearm. Specifically, ATF was informed that MSP was holding
in an indefinite open status at least 40 CPLs because it was waiting for a decision from FBI
NICS that these individuals were drug abusers prohibited under 18 U.S.C. § 922(g)(3), or
persons convicted of a misdemeanor crime of domestic violence prohibited under 18 U.S.C.
§ 922(g)(9) – Federal prohibitions for which there is apparently no State equivalent. During a
conference call with representatives from your office, MSP, and the FBI, ATF agreed with the
FBI that, under the Brady law and implementing regulations, State or local officials were
required to make a conclusive determination as to whether an individual is prohibited by Federal
law from possessing firearms, at least for the purpose of issuing alternate permits.[2] ATF further
clarified that Michigan officials were *not interpreting Federal law*, but merely applying Federal
law to the facts and circumstances of each license applicant. To assist Michigan officials in
applying Federal law, FBI offered to provide training to MSP personnel, and ATF agreed to give
MSP case specific guidance upon request. In July 2018, FBI was advised by MSP that your
office had granted MSP the authority to make Federal prohibited person determinations and enter
prohibited individuals into the NICS Index.

However, in May and June 2019, FBI's Criminal Justice Information Services Division Audit
Unit (CJIS) conducted an audit to determine Michigan's compliance with the use of NICS. CJIS
found that MSP legal counsel had reversed its position pending a new opinion from your office,
and was no longer determining whether CPL applicants were prohibited under Federal law from
possessing firearms. ATF was further informed that CPLs had been issued to applicants who
appeared to be federally prohibited due to a conviction for a misdemeanor crime of domestic

---

[1] *See also* 18 U.S.C. § 922(s) (interim Brady law provision noting that the chief State or local law enforcement
officer must "determine" whether "a transaction would violate Federal, State, or local law").

[2] Unlike a NICS check on a potential firearm purchaser, for alternate permit issuance, FBI NICS does not investigate
or determine whether the prospective permit holder is prohibited; rather, it provides access through the NICS Index
so that the State or local government officials can make that determination themselves. *See* 28 C.F.R. 25.6(j).

-3-

Honorable Dana Nessel, Attorney General
State of Michigan

violence, and that CPLs were being issued to federally prohibited habitual marijuana users
because marijuana had been legalized in Michigan.[3]

The issuance of CPLs to individuals who are prohibited by Federal law from possessing firearms
creates an unacceptable risk to public safety by allowing potentially dangerous individuals to
obtain firearms.  In light of the foregoing, ATF has determined that Michigan's CPL issuance
process does not meet the requirements set forth in the Brady law.  Consequently, effective
immediately, Michigan's CPLs no longer qualify as a NICS check alternative; ATF has issued
the enclosed Public Safety Advisory to all Michigan FFLs reflecting this determination.

If the State of Michigan desires to have its CPLs again qualify as an alternative to NICS, the
following corrective measures will need to be taken:

1.     The State must ensure that CPLs are only issued after an authorized government official
       has conducted a full NICS check, including the Immigration Alien Query (IAQ),
       conducts the necessary research, and if the official determines that there exists a Federal
       prohibitor, the prohibited applicant does not receive a CPL, as required by MCL 28.426;
2.     A full NICS check, including the IAQ, must be completed by an authorized Michigan
       official on all individuals previously issued CPLs without a full NICS check or without
       conducting the necessary research and make an updated prohibited person determination;
3.     All CPLs previously issued to individuals found to be prohibited from receiving or
       possessing firearms under Federal or State law must be revoked, pursuant to MCL 28.428
       or other applicable law, and recovered from those individuals; and
4.     Should you determine that an individual is in possession of a firearm in violation of
       Federal, but not State law, those cases should immediately be referred to the local ATF
       field office.

Unless these corrective measures are fully implemented, FFLs will be unable to accept Michigan
CPLs as a NICS alternative under the Brady law.  If you have any questions, please do not
hesitate to contact ATF.  Likewise, if the State of Michigan is interested in establishing a CPL
program that meets the requirements to qualify as a NICS check alternative, ATF stands ready to
provide technical guidance.  Please do not hesitate to contact me directly at 202-648-7122.

                          Sincerely yours,




                      Acting Assistant Director
                  Enforcement Programs and Services

---

[3] Marijuana (under the spelling "Marihuana") is listed in the Federal Controlled Substances Act as a Schedule I
controlled substance.  21 U.S.C. § 812(c)(10).  Regardless of State law, Federal law does not provide any exception
allowing the use of marijuana for medicinal or recreational purposes.

| From: | Perdas, Andrew M. |
|---|---|
| To: | Firearms Industry Programs Branch Staff |
| Subject: | FW: Revised Michigan TPs |
| Date: | Monday, March 2, 2020 8:21:42 PM |
| Attachments: | Michigan NICS Permit Talking Points.docx |

FYI.  Please see the attached Michigan NICS permit talking points which were approved by AD Gilbert.

**From:** Mitchem, Marianna S. ▮▮▮▮▮▮▮▮▮
**Sent:** Monday, March 2, 2020 2:10 PM
**To:** Gilbert, Curtis W. ▮▮▮▮▮▮▮▮; Epstein, Eric M. ▮▮▮▮▮▮▮▮; Vann, James P. ▮▮▮▮▮▮▮▮
**Cc:** Perdas, Andrew M. ▮▮▮▮▮▮▮▮
**Subject:** Revised Michigan TPs

The previous version I sent has been revised to clarify that the Michigan License to Purchase (LTP), which was certified as a NICS exemption in 1998, is still valid.  Please review and comment on the attached version.

Marianna Mitchem
Chief, Firearms and Explosives Industry Division
Enforcement Programs and Services
202▮▮▮▮ (office)
▮▮▮▮ (cell)



PROTECTING THE PUBLIC
SERVING OUR NATION

<u>Michigan NICS Alternate Permits</u>

- The Brady Act generally requires Federal firearms licensees (FFLs) to initiate a National Instant Criminal Background Check System (NICS) check before transferring a firearm to an unlicensed person.

- There are some limited exceptions to this rule; one of these exceptions allows FFL to transfer to non-licensed individuals who possess certain state-issued permit to possess, carry or acquire firearms (commonly referred to as "NICS alternates").  Most commonly these permits are known as "concealed carry" or "carry permits."
  - For a state-issued permit to qualify as a "NICS alternate" the holder of the permit must be subject to a state/county-run NICS check within the past 5 years.

- Michigan has two permits which have been certified as "NICS" alternatives:

  - Michigan License to Purchase (LTP) certified as "NICS" alternative by ATF in 1998.  This permit is issued by local police departments.

  - Michigan Concealed Pistol License (CPL) certified as "NICS Alternative" by ATF in 2006. This permit is issued by the Michigan State Police (MSP).

- Michigan LTP's are still a valid NICS alternative.

- Michigan CPL has been revoked.

- After a FBI NICS audit revealed non-compliance with the background check requirement, in 2017, ATF worked with MSP and Michigan's Attorney General's office to address concerns.
  - ATF continued conversations with MSP and Michigan's Attorney General's office in 2018 & 2019.

- A subsequent NICS audit in May and June 2019, found that MSP was no longer determining whether CPL applicants were prohibited under federal law from possessing firearms. MSP was not conducting the necessary research or rendering a final determination as to whether a CPL applicant was prohibited by federal law from possessing a firearm. ATF was specifically informed that CPLs were and continue to be issued to applicants who were likely prohibited due to a conviction for a misdemeanor crime of domestic violence (18 U.S.C. § 922(g)(9)), and that CPLs were and continue to be issued to federally prohibited habitual marijuana users (18 U.S.C. § 922(g)(3)) because marijuana was legalized in Michigan.

**From:** Perdas, Andrew M.
**To:** Firearms Industry Programs Branch Staff
**Subject:** FW: Michigan Public Safety Advisory-NICS 3.3.2020.pdf
**Date:** Monday, March 2, 2020 11:56:17 AM
**Attachments:** Michigan Public Safety Advisory-NICS 3.3.2020.pdf

Attached is the letter we are sending out.  Please proof read.   I believe the AL letter may have had a typo.

Thanks for your help.
Andy

---

**From:** Perdas, Andrew M.
**Sent:** Monday, March 2, 2020 11:53 AM
**To:** Mitchem, Marianna S. █████████████████████████
**Subject:** Michigan Public Safety Advisory-NICS 3.3.2020.pdf



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Enforcement Programs and Services*

*Washington, DC 20226*

www.atf.gov

March 3, 2020

## PUBLIC SAFETY ADVISORY TO ALL MICHIGAN FEDERAL FIREARMS LICENSEES

The purpose of this public safety advisory is to advise you of an important change to the procedure you must follow to comply with the Brady Handgun Violence Prevention Act (Brady law), 18 U.S.C. § 922(t), when transferring a firearm to an unlicensed person.

The Brady law generally requires FFLs to initiate a National Instant Criminal Background Check System (NICS) check before transferring a firearm to an unlicensed person. Nonetheless, pursuant to 18 U.S.C. § 922(t)(3), the Brady law contains exceptions to the NICS check, including an exception for holders of certain State permits to possess, carry, or acquire firearms. The law and implementing regulations provide that permits issued within the past 5 years may qualify as alternatives to the NICS check if certain other requirements are satisfied. This includes a requirement that a government official verifies that the possession of the firearm would not be in violation of law.

On March 24, 2006, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) published an Open Letter to all Michigan Federal firearm licensees (FFLs) finding that a Michigan State Concealed Pistol License (CPL) issued on or after November 22, 2005, could be used as an alternative to initiating a NICS background check prior to transferring a firearm to an unlicensed person.

ATF based this determination on the requirements of 18 U.S.C. § 922(t) and the requirements set forth in State statute MCL 28.426(2). In relevant part, that State statute required that a CPL shall not be issued to an applicant unless the Michigan State Police "has determined through the federal national instant criminal background check system that the applicant is not prohibited under federal law from possessing or transporting a firearm [and] has verified through the United States Immigration and Customs Enforcement databases that the applicant is not an illegal alien or a nonimmigrant alien."

In spite of this specific statutory requirement, ATF recently received information from the Federal Bureau of Investigation, Criminal Justice Information Services Division Audit Unit that Michigan CPLs have been, and continue to be issued to certain applicants without a determination by Michigan officials as to whether the applicant is prohibited under Federal law from possessing or transporting firearms. Specifically, ATF learned that CPLs were and

ATF000100

PUBLIC SAFETY ADVISORY TO ALL MICHIGAN FEDERAL FIREARMS LICENSEES
(continued)

continue to be issued to applicants who were likely prohibited due to a conviction for a
misdemeanor crime of domestic violence (18 U.S.C. § 922(g)(9)), and to habitual marijuana
users (18 U.S.C. § 922(g)(3)). Although possession and use of marijuana is not unlawful under
Michigan law, marijuana remains a "controlled substance" under Federal law, and those using
marijuana are prohibited from possessing or transporting a firearm pursuant to 18 U.S.C.
§ 922(g)(3).

The ATF Open Letter issued to All Michigan Federal Firearms Licensees on March 24, 2006 is
rescinded as of the date of this letter because, as explained above, a valid Michigan CPL is no
longer a NICS alternative under 18 U.S.C. § 922(t).

**All Michigan FFLs are required to conduct a NICS background check prior to the transfer
of a firearm to a non-licensee, even if that individual possesses a valid, unexpired CPL.**

If you have any questions about this Open Letter, please call ATF's Firearms Industry Programs
Branch at (202) 648-7190.

Curtis W. Gilbert
Acting Assistant Director
Enforcement Programs and Services

| | |
|---|---|
| **From:** | Perdas, Andrew M. |
| **To:** | Gluck, Jason H. |
| **Subject:** | FW: Michigan CPL Advisory |
| **Date:** | Wednesday, March 11, 2020 1:48:10 PM |

Please see the timeline below and add to the admin. record.

-----Original Message-----
From: Mitchem, Marianna S. ███████████████
Sent: Wednesday, March 11, 2020 1:45 PM
To: Perdas, Andrew M. ███████████████
Subject: FW: Michigan CPL Advisory

For the Michigan Timeline:

I received notification to send out the letter and post it on atf.gov from CoS Joe Allen on 3/3 (see below).  I immediately notified the Web Media team and instructed them to post it to atf.gov under the firearms-what's new section.  Additionally, the letter was emailed via GOV.Delivery to all Michigan FFLs with an email address on file (1,261 total).  I notified the corporate retailer group via email on 3/3 as well.  A FFL alert was also sent out on 3/3.  On 3/4, hard copy letters were mailed to all Michigan FFLs.

Marianna Mitchem
Chief, Firearms and Explosives Industry Division Enforcement Programs and Services
202-███████ (office)
███████████ (cell)

-----Original Message-----
From: Gilbert, Curtis W. ███████████████
Sent: Tuesday, March 3, 2020 3:23 PM
To: Mitchem, Marianna S. ███████████████
Subject: FW: Michigan CPL Advisory

-----Original Message-----
From: Allen, Joseph J. ███████████████
Sent: Tuesday, March 03, 2020 3:22 PM
To: Gilbert, Curtis W. ███████████████; Board, Daniel L., Jr. ███████████████; Bennett, Megan A. ███████████████
Cc: Richardson, Marvin G. ███████████████; Chittum, Thomas L. ███████████████ Lauder, George H. ███████████████; Deir, James M. ███████████████; Roessner, Joel J. ███████████████; Hicks, Pamela J. ███████████████; Epstein, Eric M. ███████████████ McQuillan, Stephen L. ███████████████
Subject: Michigan CPL Advisory

The Michigan AG has acknowledged receipt of the letter and completed review.

Please proceed with the posting of the Advisory and provide a link to SAC Deir.

Please note the Detroit FD PIO is on leave; any media questions will be directed to PAD.

Thanks to all.



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Enforcement Programs and Services*

*Washington, DC 20226*

www.atf.gov

March 3, 2020

Honorable Dana Nessel, Attorney General
State of Michigan
G. Mennen Williams Building
525 W. Ottawa Street
P.O. Box 30212
Lansing, Michigan 48909

Dear Attorney General Nessel:

This letter is to inform you that the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has determined that Michigan's Concealed Pistol License (CPL) no longer qualifies as an alternative to an Federal Bureau of Investigation (FBI) National Instant Criminal Background Check System (NICS) check which is otherwise required prior to the transfer of a firearm by a Federal firearms licensee (FFL).

The Federal Brady Handgun Violence Prevention Act (Brady law), codified at 18 U.S.C. § 922(t), generally requires FFLs to initiate a NICS background check before transferring a firearm to an unlicensed person. The Brady law allows an exception to the NICS check requirement for holders of qualifying state-issued permits to possess, carry, or acquire firearms. Permits issued within the past 5 years by the State in which the transfer is to take place qualify as alternatives to a NICS check if the law of the State provides that such a permit is to be issued only after an authorized State or local government official has verified that the information available to such official, including NICS check results, does not indicate that possession of a firearm by the applicant would be in violation of Federal, State, or local law. *See* 18 U.S.C. § 922(t)(3) and 27 C.F.R. § 478.102(d)(1). The legislative history of the Brady law makes clear that, in order for a State permit to qualify as a Brady alternative, a State or local government official must conduct a full NICS background check and determine that the applicant is not prohibited by law from possessing a firearm:

> New subsection (t) would provide that these background check requirements would be inapplicable to firearm transfers in three circumstances: (1) The transferee has, within the five years preceding the transfer and after having his or her criminal background checked by a State or local government, received from his or her State or residence a permit that allows him or her to possess a firearm; …

ATF000103

Honorable Dana Nessel, Attorney General
State of Michigan

H.R. Rep. No. 103-344 (Public Law 103-159) (emphasis added).[1]

By letter dated February 7, 2006, former Michigan Attorney General Mike Cox requested that ATF recognize CPLs as an alternative to a NICS background check. ATF agreed and responded to your office by letter of March 14, 2006, and notified all Michigan FFLs by Open Letter dated March 24, 2006, that CPLs issued on or after November 22, 2005, qualified as an alternative to a NICS check. ATF's determination was based on applicants satisfying the requirements set forth in MCL 28.426: (a) a full NICS check being conducted by an authorized Michigan government official; (b) a determination made by that official that the permit holder is not prohibited under Federal or State law from possessing firearms; and (c) the permit being denied if the individual is prohibited from possessing a firearm under Federal (or State) law.

In 2017, ATF was informed by the FBI that although the Michigan State Police (MSP), the authority responsible for running background checks for the issuance of CPLs, was accessing the NICS Index to obtain prohibited person information, it was not conducting the necessary research or rendering a final determination as to whether a CPL applicant was prohibited by Federal law from possessing a firearm. Specifically, ATF was informed that MSP was holding in an indefinite open status at least 40 CPLs because it was waiting for a decision from FBI NICS that these individuals were drug abusers prohibited under 18 U.S.C. § 922(g)(3), or persons convicted of a misdemeanor crime of domestic violence prohibited under 18 U.S.C. § 922(g)(9) – Federal prohibitions for which there is apparently no State equivalent. During a conference call with representatives from your office, MSP, and the FBI, ATF agreed with the FBI that, under the Brady law and implementing regulations, State or local officials were required to make a conclusive determination as to whether an individual is prohibited by Federal law from possessing firearms, at least for the purpose of issuing alternate permits.[2] ATF further clarified that Michigan officials were *not interpreting Federal law*, but merely applying Federal law to the facts and circumstances of each license applicant. To assist Michigan officials in applying Federal law, FBI offered to provide training to MSP personnel, and ATF agreed to give MSP case specific guidance upon request. In July 2018, FBI was advised by MSP that your office had granted MSP the authority to make Federal prohibited person determinations and enter prohibited individuals into the NICS Index.

However, in May and June 2019, FBI's Criminal Justice Information Services Division Audit Unit (CJIS) conducted an audit to determine Michigan's compliance with the use of NICS. CJIS found that MSP legal counsel had reversed its position pending a new opinion from your office, and was no longer determining whether CPL applicants were prohibited under Federal law from possessing firearms. ATF was further informed that CPLs had been issued to applicants who appeared to be federally prohibited due to a conviction for a misdemeanor crime of domestic

---

[1] *See also* 18 U.S.C. § 922(s) (interim Brady law provision noting that the chief State or local law enforcement officer must "determine" whether "a transaction would violate Federal, State, or local law").

[2] Unlike a NICS check on a potential firearm purchaser, for alternate permit issuance, FBI NICS does not investigate or determine whether the prospective permit holder is prohibited; rather, it provides access through the NICS Index so that the State or local government officials can make that determination themselves. *See* 28 C.F.R. 25.6(j).

-3-

Honorable Dana Nessel, Attorney General
State of Michigan

violence, and that CPLs were being issued to federally prohibited habitual marijuana users
because marijuana had been legalized in Michigan.[3]

The issuance of CPLs to individuals who are prohibited by Federal law from possessing firearms
creates an unacceptable risk to public safety by allowing potentially dangerous individuals to
obtain firearms. In light of the foregoing, ATF has determined that Michigan's CPL issuance
process does not meet the requirements set forth in the Brady law. Consequently, effective
immediately, Michigan's CPLs no longer qualify as a NICS check alternative; ATF has issued
the enclosed Public Safety Advisory to all Michigan FFLs reflecting this determination.

If the State of Michigan desires to have its CPLs again qualify as an alternative to NICS, the
following corrective measures will need to be taken:

1. The State must ensure that CPLs are only issued after an authorized government official
   has conducted a full NICS check, including the Immigration Alien Query (IAQ),
   conducts the necessary research, and if the official determines that there exists a Federal
   prohibitor, the prohibited applicant does not receive a CPL, as required by MCL 28.426;
2. A full NICS check, including the IAQ, must be completed by an authorized Michigan
   official on all individuals previously issued CPLs without a full NICS check or without
   conducting the necessary research and make an updated prohibited person determination;
3. All CPLs previously issued to individuals found to be prohibited from receiving or
   possessing firearms under Federal or State law must be revoked, pursuant to MCL 28.428
   or other applicable law, and recovered from those individuals; and
4. Should you determine that an individual is in possession of a firearm in violation of
   Federal, but not State law, those cases should immediately be referred to the local ATF
   field office.

Unless these corrective measures are fully implemented, FFLs will be unable to accept Michigan
CPLs as a NICS alternative under the Brady law. If you have any questions, please do not
hesitate to contact ATF. Likewise, if the State of Michigan is interested in establishing a CPL
program that meets the requirements to qualify as a NICS check alternative, ATF stands ready to
provide technical guidance. Please do not hesitate to contact me directly at 202-648-7122.

Sincerely yours,

Curtis W. Gilbert
Acting Assistant Director
Enforcement Programs and Services

---

[3] Marijuana (under the spelling "Marihuana") is listed in the Federal Controlled Substances Act as a Schedule I
controlled substance. 21 U.S.C. § 812(c)(10). Regardless of State law, Federal law does not provide any exception
allowing the use of marijuana for medicinal or recreational purposes.

ATF000105