UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GUN OWNERS OF AMERICA, INC. and
DONALD J. ROBERTS II,

        Plaintiffs,                        Case No. 1:20-cv-10639

v.                                          Honorable Thomas L. Ludington
                                               United States District Judge

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,

        Defendants.
_____/

**ORDER REOPENING CASE AND DIRECTING POST-REMAND BRIEFING**

This matter is before this Court on remand from the Sixth Circuit Court of Appeals. *See Gun Owners of Am., Inc. v. DOJ*, No. 21-1131, 2021 WL 5194078 (6th Cir. Nov. 9, 2021). In March 2020, Plaintiffs brought this action under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, challenging the Bureau of Alcohol, Tobacco, and Firearms' (ATF) decision to issue a public-safety advisory (PSA) to firearm dealers that "the Michigan concealed-pistol license no longer qualified . . . as a valid alternative to a federal background check." *Id.* at *2. In December 2020, this Court granted summary judgment for Defendants, finding that (1) ATF did not exceed its statutory authority, (2) ATF did not act arbitrarily or capriciously, and (3) ATF did not need to provide notice or solicit public comment before issuing the PSA. *See Roberts v. DOJ*, 507 F. Supp. 3d 864, 878–82 (E.D. Mich. 2020).

On appeal, the Sixth Circuit vacated this Court's order, explaining that it was "unwilling to accept" either side's interpretation of Michigan law or the federal background-check requirements. *See Gun Owners of Am.*, 2021 WL 5194078, at *4. Noting the need for additional case development, the Sixth Circuit "remand[ed] the case to allow both sides to account for what

[it] [had] said so far . . . and, if appropriate, to supplement the record." *Id.* at *5. Specifically, the Sixth Circuit noted that certain aspects of Michigan law and ATF's enforcement framework "remained unclear." *See id.* (calling for "more detail about what the NICS database reveals when it comes, for example, to identifying disqualifying domestic-violence misdemeanor convictions"). The Sixth Circuit also suggested that the parties consider "whether this . . . [case] lends itself to negotiation and mediation, including the possibility of a negotiation that includes the Michigan Attorney General and the Michigan State Police." *Id.*

During a post-remand status conference on February 9, 2022, this Court invited the parties to offer their views of how the case should proceed. Unsurprisingly, the parties offered different views. In Plaintiffs' view, the Sixth Circuit implicitly invited the use of traditional discovery devices, like depositions, to fill the gaps in the record. To that end, Plaintiffs seek to have this Court open a formal discovery period. By contrast, Defendants argue that formal discovery is unnecessary because they can supplement the record with affidavits, correspondence with Michigan officials, and other documents.

Given their disagreement on the path forward, the parties will be directed to file briefing that outlines their positions and the reasoning for them.

Accordingly, it is **ORDERED** that the above-captioned case is **REOPENED**.

Further, it is **ORDERED** that the parties are **DIRECTED** to file briefs **on or before February 25, 2022**, addressing how the case should proceed on remand. Such briefs shall be **no longer than 10 pages**. The parties may also file response briefs **no longer than 5 pages** but must do so **no later than 7 days after being served with the opposing side's brief**.

Dated: February 15, 2022                                     s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge