# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

**GUN OWNERS OF AMERICA** *et al.***,**
      Plaintiffs,

                                          Case No. 1:20-10639-BC

v.

                                          Hon. Thomas L. Ludington

**U.S. JUSTICE DEPARTMENT** *et al.***,**
      Defendants.

_____

Kerry L. Morgan (P32645)
PENTIUK, COUVREUR & KOBILJAK, P.C.
2915 Biddle Avenue, Suite 200
Wyandotte, MI 48192
Main: (734) 281-7100
F: (734) 281-2524
KMorgan@pck-law.com
*\*Counsel for Plaintiffs*

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
MS Bar No. 102784
stephen@sdslaw.us

Robert J. Olson
WILLIAM J. OLSON, P.C.
370 Maple Avenue West, Ste. 4
Vienna, VA 22180
T: (703) 356-5070
T: (540) 450-8777
F: (703) 356-5085
rob@wjopc.com
*Of Counsel*
*(Will seek admission)*

1

## PLAINTIFFS' BRIEF REGARDING FURTHER PROCEEDINGS ON REMAND

In its Order of February 15, 2022, this Court directed the parties "to file briefs on or before February 25, 2022, addressing how the case should proceed on remand." ECF #34 at 2.  Pursuant to that Order, and the status conference held via teleconference on February 9, 2022, Plaintiffs by and through counsel submit the following:

**1. The Sixth Circuit's Opinion Contemplates Supplementation of the Record by "Both Sides."**

First, Plaintiff's note that the Sixth Circuit remanded this case "to allow <u>both sides</u>" – not just the government – "to account for what we have said so far in pressing their respective legal arguments and, if appropriate, to supplement the record." ECF 35-2 at 9 (emphasis added).  This directive does not suggest or imply the position the government took at the February 9 status conference – that the agency should now unilaterally curate a brand-new, one-sided record (and that Plaintiffs have no role to play in that process) in the hopes of creating a *post hoc* justification of the decision it already made.

Rather, the Sixth Circuit's opinion seems to clearly contemplate that Plaintiffs should be permitted appropriate discovery to allow them (in addition to ATF) to uncover relevant information and answer the several factual and legal questions posed by the court.  *See Allen v. United States Dep't of Labor*, No. 5:14-CV-00163-

2

GNS, 2015 U.S. Dist. LEXIS 7910, at *6-7 (W.D. Ky. Jan. 23, 2015) (noting that "discovery" is the appropriate way to supplement a deficient administrative record). Since the Sixth Circuit determined that the administrative record compiled by Defendants does not tell the whole story, Plaintiffs' involvement in this process as an adverse party is necessary so that the parties (and thus this Court) can get to the bottom of things.

While the government certainly is correct that APA cases typically involve only a review of the administrative record submitted by the government, this is no longer a typical APA case. Rather, a Sixth Circuit panel unanimously rejected the administrative record filed by the government in this matter, finding it to be deficient in supporting the government's legal arguments and insufficient under the APA to support the challenged agency action. *See* ECF 35-2 at 9 ("there are … administrative … gaps ... the record would benefit from more detail."). Remanding the case to this Court, the Sixth Circuit ordered "both sides" to obtain "additional information" and "answer[] … some essential questions." [1]  ECF 35-2 at 6, 9.

---

[1] There is ample precedent for the Sixth Circuit's marching orders, and for a court to order discovery in an APA case. *See, e.g., Musa v. Nielsen*, No. 18-12073, 2020 U.S. Dist. LEXIS 145788, at *5-6 (E.D. Mich. Feb. 11, 2020) ("There is no absolute bar to discovery in [APA] cases of this type."). *See also Black v. Pension Benefit Guar. Corp.*, No. 09-CV-13616, 2011 U.S. Dist. LEXIS 32163, at *7 (E.D. Mich. Mar. 28, 2011) (Court "allowing discovery relative to determining the completeness of the administrative record" on allegations of a deficient record).

In prior cases, the Sixth Circuit has explained that "[s]everal reasons justify supplementation of the administrative record, such as when an agency deliberately or negligently excludes certain documents, or when the court needs certain 'background information' in order to determine whether the agency considered all of the relevant factors.'" *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997) (citation omitted). Another reason for supplementation is "bad faith" on the part of the agency. *See Latin Ams. for Soc. & Econ. Dev. v. Adm'r of the FHA*, 756 F.3d 447, 465 (6th Cir. 2014). Because the Sixth Circuit already has determined that relevant information was not included in the record, and that "certain background information" is needed to decide this case, discovery in order to supplement the record and answer the Court's questions undoubtedly is appropriate here.

**2. The Government's Proposed Supplementation Is Legally Improper and Substantively Insufficient.**

Second, Defendants report that ATF recently sent a letter dated January 28, 2022 to the Michigan Attorney General, and that the government's envisioned supplementation of the record *may* include a response from the Michigan Attorney General – but only if one is received. Defendants did not consult with Plaintiffs about the format or contents of this letter, and provided Plaintiffs a copy only upon their request. Nevertheless, this letter states that "ATF is requesting confirmation that our understanding of your [the Michigan AG's] interpretation of 18 U.S.C. §

922(t)(3) is correct." Exhibit A at 2. Interestingly enough, ATF claims that, if the Michigan Attorney General does not respond within 30 days, "we will assume our understanding is in fact correct." *Id.*

This ATF letter is a great example of what it does *not* mean "to supplement the record." Indeed, ATF's letter asks the Michigan Attorney General to inform ATF of her opinion as it exists *after* the date of ATF's January 28, 2022 letter, *after* ATF has now informed her that "Gun Owners of America, Inc. and one of its members have sued ATF," and *after* informing her of the position that ATF apparently would like for her to take to help the government's case. *Id.* But confirmation that the Attorney General *currently* agrees with what ATF thought *in the past* is diametric to the principle advocated by the government, that an APA case involves review only of the facts ATF *had before it* and considered (or did not consider) and the documents in the record (or that were omitted from the record but should have been included) *at the time* the challenged action was taken.

Indeed, the Sixth Circuit's opinion asked whether "[t]here could, for example, be … an opinion by the Michigan Attorney General that casts light on the statute." Op. at 6-7; *see also* at 9 ("unidentified individuals in the Michigan State Police [] spoke to unidentified people in the Michigan Attorney General's office…."). The Court's queries, then, focus on records that already exist and events which already have occurred. The Court *did not ask* whether a favorable Attorney General opinion

5

could be manufactured now, to justify a decision that ATF made nearly two years ago, based on what it apparently believed the Attorney General's position to be then. Any Attorney General opinion that is issued in 2022 could not possibly have been "before" the agency or "relied on" by the agency when it made its 2020 decision, and cannot under the APA be used to justify that decision.

### 3. Discovery Is Necessary to Answer the Sixth Circuit's Questions.

Third, Plaintiffs aver that the parties each should have the opportunity to answer the several questions raised by the Sixth Circuit's opinion. For example, the panel explained that "the record would benefit from more detail about what the NICS database reveals when it comes ... to identifying" MCDV convictions "and what kinds of resources are needed to go beyond that information to identify potential matches." *Id*. at 10. Since the ATF does not control the NICS database or operate the NICS system, neither a declaration from ATF officials nor a letter from the Michigan Attorney General could answer these questions about the *FBI's* operations. Nor should the government be permitted to create a new record to cover its tracks after the fact. Rather, **discovery is needed from the FBI** to answer the Sixth Circuit's queries.

Likewise, the Sixth Circuit questioned the "ostensible statements by unidentified individuals in the Michigan State Police who spoke to unidentified

people in the Michigan Attorney General's office…." *Id*. at 9. In order to uncover who spoke with whom about what, what opinions were exchanged, and thus determine how much weight (if any) to give these "ostensible statements," **discovery from the Michigan State Police is necessary**. Similarly, at oral argument, Chief Judge Sutton questioned the dichotomy between how Licenses to Purchase are issued (recognized by ATF as a Brady alternative) versus Concealed Pistol Licenses, noting "that isn't in the record." Oral argument at 26:00. Discovery is necessary from Michigan to find these answers. Moreover, although Plaintiffs have now submitted several requests for records pursuant to the Michigan Freedom of Information Act, their efforts have been unsuccessful in obtaining relevant documents, including but not limited to the February 7, 2006 letter from the Michigan Attorney General to the ATF (*see* Compl. ¶ 14), and the July 2018 "informal opinion" of the Michigan Attorney General (*see* ECF 16-1, Page ID#192, ATF000104). Discovery is necessary to obtain this and other relevant documents.

Finally, **discovery from ATF is necessary** because the agency has clearly not provided an administrative record sufficient to justify its decision, and the Sixth Circuit thus has ordered that "both sides" be permitted to flesh out the missing details. For example, although Plaintiffs' counsel twice requested a copy of a May 20, 2005 ATF letter to the Michigan State Police (referenced in the House Fiscal Agency report cited by this Court in its December 17, 2020 opinion), the government

7

has yet to produce that document. As another example, the administrative record references communications between the FBI, ATF, and MSP that were not summarized or produced. *See* ECF 16-1, Page ID#110-11, ATF000023-24. Additionally, the ATF March 3, 2020 demand letter to the Michigan Attorney General references a 2017 or 2018 "conference call with representatives from your office [the Michigan AG], MSP, [] the FBI, [and] ATF." ECF 16-1, Page ID#191, ATF000104. But, although ATF relies on the substance of this call as the basis for the challenged action, it provides scant records as to this exchange. Discovery is therefore necessary to uncover the contents of and records related to these important documents and interactions.

The above referenced items are not exhaustive, but are provided to the Court as examples of the nature of discoverable records that Plaintiffs seek to probe (through appropriate discovery) in order to answer the questions raised by the Sixth Circuit. Of course, discovery is also likely to lead to other relevant and admissible evidence. Based on the open questions raised by the Sixth Circuit, relevant information ATF *failed to consider* may be just as or more important than *what it did consider*. Plaintiffs believe that they are entitled to pursue such discovery in this matter and, alternatively, that leaving Defendants to their own devices will not produce much if any admissible fruit. Indeed, as the Court noted at its February 9,

2022 status conference, the Sixth Circuit's decision is reasonably interpreted to have ordered discovery *sub silentio*.

Plaintiffs thus request that the parties be granted leave to pursue discovery in this matter, pursuant to a schedule to be set by the Court. Plaintiffs are of the opinion that setting a briefing schedule is premature at this juncture, and this Court should allow discovery pursuant to the Federal Rules including depositions, interrogatories and document production to proceed first. Six to nine months would seem appropriate. When complete, then a briefing schedule could be set. Additionally, because the parties already have filed summary judgment briefing in this matter, Plaintiffs do not believe that another full round of summary judgment briefing is necessary, but instead that supplemental briefing would be the better route, with Plaintiffs' supplementing first, then Defendants responding, and Plaintiffs filing a reply.

Respectfully submitted,

| | |
|---|---|
| Kerry L. Morgan (P32645)<br>PENTIUK, COUVREUR & KOBILJAK, P.C.<br>2915 Biddle Avenue, Suite 200<br>Wyandotte, MI 48192<br>Main: (734) 281-7100<br>F: (734) 281-2524<br>KMorgan@pck-law.com<br>*Counsel for Plaintiffs* | Stephen D. Stamboulieh<br>Stamboulieh Law, PLLC<br>P.O. Box 428<br>Olive Branch, MS 38654<br>(601) 852-3440<br>MS Bar No. 102784<br>stephen@sdslaw.us |

Robert J. Olson
WILLIAM J. OLSON, P.C.
370 Maple Avenue West, Ste. 4
Vienna, VA 22180
T: (703) 356-5070
T: (540) 450-8777
F: (703) 356-5085
rob@wjopc.com
*Of Counsel*
*(Will seek admission)*