DATE

**VIA FIRST CLASS MAIL**

Honorable Dana Nessel, Attorney General
State of Michigan
G. Mennen Williams Building
525 West Ottawa Street
P.O. Box 30212
Lansing, Michigan  48909

      Re:    *Gun Owners of Am. v. U.S. Dep't of Justice*, No. 1:20-cv-10639-TLL-PTM
               (Eastern District of Michigan)

Dear Attorney General Nessel:

In two prior letters dated March 3, 2020 and January 28, 2022, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) informed you that it had determined Michigan's Concealed Pistol License (CPL) no longer qualified as an alternative to a Federal Bureau of Investigation (FBI) National Instant Criminal Background Check System (NICS) check which is otherwise required prior to the transfer of a firearm by a Federal firearms licensee (FFL).  Concurrent with the March 3, 2020 letter, ATF issued a Public Safety Advisory to all Michigan FFLs reflecting this determination and provided you with a copy.  A copy of the two letters and the advisory are enclosed.

Both letters stated: "The Federal Brady Handgun Violence Prevention Act (Brady law), codified at 18 U.S.C. § 922(t), generally requires FFLs to initiate a NICS background check before transferring a firearm to an unlicensed person.  The Brady law allows an exception to the NICS check requirement for holders of qualifying state-issued permits to possess, carry, or acquire firearms.  Permits issued within the past 5 years by the State in which the transfer is to take place qualify as alternatives to a NICS check if the law of the State provides that such a permit is to be issued only after an authorized State or local government official has verified that the information available to such official, including NICS check results, does not indicate that possession of a firearm by the applicant would be in violation of Federal, State, or local law.  *See* 18 U.S.C. § 922(t)(3) and 27 C.F.R. § 478.102(d)(l)."

Both letters further stated that "in May and June 2019, FBI's Criminal Justice Information Services Division Audit Unit (CJIS) conducted an audit to determine Michigan's compliance with the use of NICS.  FBI CJIS found that [Michigan State Police (MSP)] legal counsel had reversed its position pending a new opinion from your office and was no longer determining whether CPL applicants were prohibited under Federal law from possessing firearms."

Both letters requested confirmation that ATF's understanding of your interpretation of 18 U.S.C. § 922(t)(3) is correct.  Specifically, ATF asked you to confirm that the State of Michigan, by way of the MSP, is of the opinion that it is not required to determine whether CPL applicants are prohibited from possessing firearms under the Federal law codified at 18 U.S.C. §§ 922(g) and (n).  To date, ATF has received no response to either letter.

As ATF informed you in the January 28, 2022 letter, the Gun Owners of America, Inc. (Gun Owners) and one of its members have sued ATF regarding the rescission of Michigan's Concealed

- 2 -

Honorable Dana Nessel, Attorney General
State of Michigan

Pistol License as a NICS alternative permit, alleging that the rescission was arbitrary and capricious and an abuse of ATF's authority. *See Gun Owners v. U.S. Dep't of Justice*, No. 1:20-cv-10639-TLL-PTM (Eastern District of Michigan). Although the district court entered summary judgment in favor of ATF and dismissed Plaintiffs' claims, a panel of the Sixth Circuit vacated that decision and remanded the case to the district court.

The relevant background to that case is provided in an opinion and order dated May 27, 2022 that was issued by the district court on remand. A copy of that opinion and order is enclosed. In addition to summarizing the proceedings to date, the opinion ordered the following:

> The parties are DIRECTED to meet and confer regarding a letter addressed to the Michigan Attorney General (AG). The letter must invite the AG to file briefing stating her position on the MSP's duties under the Brady alternate exception. *The letter must also state that if the AG does not respond, Defendants will subpoena her for the production of relevant documents*. . . . If approved, this Court will direct Defendants to serve a copy of the letter on the AG by first-class mail.

Opinion and Order at 11 (emphasis added) (footnote omitted).

Accordingly, the Department of Justice is inviting you to file briefing in *Gun Owners v. U.S. Dep't of Justice*, No. 1:20-cv-10639-TLL-PTM (Eastern District of Michigan), stating your position on the MSP's duties under the Brady alternate exception within thirty days of the date of this letter. If no briefing is filed by that date, then the Department plans to subpoena you for the production of documents reflecting the Michigan Attorney General's position on this issue.

We greatly appreciate your cooperation in this matter and look forward to your response. If you have any questions or if you would like to discuss this matter further, please do not hesitate to contact me directly at 202-353-3098.

Sincerely yours,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

 /s/ Daniel Riess
DANIEL RIESS (TX Bar #24037359)
Trial Attorney
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, D.C. 200005

- 3 -

Honorable Dana Nessel, Attorney General
State of Michigan

                                        Telephone: (202) 353-3098
                                        Fax: (202) 616-8460
                                        Email: Daniel.Riess@usdoj.gov

                                        Bradley Darling
                                        Assistant United States Attorney
                                        211 W. Fort Street, Suite 2001
                                        Detroit, Michigan 48226
                                        (313) 226-9100
                                        Email: Bradley.Darling@usdoj.gov