

U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Enforcement Programs and Services*

Washington, DC 20226

www.atf.gov

March 3, 2020

Honorable Dana Nessel, Attorney General
State of Michigan
G. Mennen Williams Building
525 W. Ottawa Street
P.O. Box 30212
Lansing, Michigan 48909

Dear Attorney General Nessel:

This letter is to inform you that the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has determined that Michigan's Concealed Pistol License (CPL) no longer qualifies as an alternative to an Federal Bureau of Investigation (FBI) National Instant Criminal Background Check System (NICS) check which is otherwise required prior to the transfer of a firearm by a Federal firearms licensee (FFL).

The Federal Brady Handgun Violence Prevention Act (Brady law), codified at 18 U.S.C. § 922(t), generally requires FFLs to initiate a NICS background check before transferring a firearm to an unlicensed person. The Brady law allows an exception to the NICS check requirement for holders of qualifying state-issued permits to possess, carry, or acquire firearms. Permits issued within the past 5 years by the State in which the transfer is to take place qualify as alternatives to a NICS check if the law of the State provides that such a permit is to be issued only after an authorized State or local government official has verified that the information available to such official, including NICS check results, does not indicate that possession of a firearm by the applicant would be in violation of Federal, State, or local law. *See* 18 U.S.C. § 922(t)(3) and 27 C.F.R. § 478.102(d)(1). The legislative history of the Brady law makes clear that, in order for a State permit to qualify as a Brady alternative, a State or local government official must conduct a full NICS background check and determine that the applicant is not prohibited by law from possessing a firearm:

> New subsection (t) would provide that these background check requirements would be inapplicable to firearm transfers in three circumstances: (1) The transferee has, within the five years preceding the transfer and after having his or her criminal background checked by a State or local government, received from his or her State or residence a permit that allows him or her to possess a firearm; …

-2-

Honorable Dana Nessel, Attorney General
State of Michigan

H.R. Rep. No. 103-344 (Public Law 103-159) (emphasis added).[1]

By letter dated February 7, 2006, former Michigan Attorney General Mike Cox requested that ATF recognize CPLs as an alternative to a NICS background check. ATF agreed and responded to your office by letter of March 14, 2006, and notified all Michigan FFLs by Open Letter dated March 24, 2006, that CPLs issued on or after November 22, 2005, qualified as an alternative to a NICS check. ATF's determination was based on applicants satisfying the requirements set forth in MCL 28.426: (a) a full NICS check being conducted by an authorized Michigan government official; (b) a determination made by that official that the permit holder is not prohibited under Federal or State law from possessing firearms; and (c) the permit being denied if the individual is prohibited from possessing a firearm under Federal (or State) law.

In 2017, ATF was informed by the FBI that although the Michigan State Police (MSP), the authority responsible for running background checks for the issuance of CPLs, was accessing the NICS Index to obtain prohibited person information, it was not conducting the necessary research or rendering a final determination as to whether a CPL applicant was prohibited by Federal law from possessing a firearm. Specifically, ATF was informed that MSP was holding in an indefinite open status at least 40 CPLs because it was waiting for a decision from FBI NICS that these individuals were drug abusers prohibited under 18 U.S.C. § 922(g)(3), or persons convicted of a misdemeanor crime of domestic violence prohibited under 18 U.S.C. § 922(g)(9) – Federal prohibitions for which there is apparently no State equivalent. During a conference call with representatives from your office, MSP, and the FBI, ATF agreed with the FBI that, under the Brady law and implementing regulations, State or local officials were required to make a conclusive determination as to whether an individual is prohibited by Federal law from possessing firearms, at least for the purpose of issuing alternate permits.[2] ATF further clarified that Michigan officials were *not interpreting Federal law*, but merely applying Federal law to the facts and circumstances of each license applicant. To assist Michigan officials in applying Federal law, FBI offered to provide training to MSP personnel, and ATF agreed to give MSP case specific guidance upon request. In July 2018, FBI was advised by MSP that your office had granted MSP the authority to make Federal prohibited person determinations and enter prohibited individuals into the NICS Index.

However, in May and June 2019, FBI's Criminal Justice Information Services Division Audit Unit (CJIS) conducted an audit to determine Michigan's compliance with the use of NICS. CJIS found that MSP legal counsel had reversed its position pending a new opinion from your office, and was no longer determining whether CPL applicants were prohibited under Federal law from possessing firearms. ATF was further informed that CPLs had been issued to applicants who appeared to be federally prohibited due to a conviction for a misdemeanor crime of domestic

---

[1] *See also* 18 U.S.C. § 922(s) (interim Brady law provision noting that the chief State or local law enforcement officer must "determine" whether "a transaction would violate Federal, State, or local law").

[2] Unlike a NICS check on a potential firearm purchaser, for alternate permit issuance, FBI NICS does not investigate or determine whether the prospective permit holder is prohibited; rather, it provides access through the NICS Index so that the State or local government officials can make that determination themselves. *See* 28 C.F.R. 25.6(j).

-3-

Honorable Dana Nessel, Attorney General
State of Michigan

violence, and that CPLs were being issued to federally prohibited habitual marijuana users because marijuana had been legalized in Michigan.[3]

The issuance of CPLs to individuals who are prohibited by Federal law from possessing firearms creates an unacceptable risk to public safety by allowing potentially dangerous individuals to obtain firearms. In light of the foregoing, ATF has determined that Michigan's CPL issuance process does not meet the requirements set forth in the Brady law. Consequently, effective immediately, Michigan's CPLs no longer qualify as a NICS check alternative; ATF has issued the enclosed Public Safety Advisory to all Michigan FFLs reflecting this determination.

If the State of Michigan desires to have its CPLs again qualify as an alternative to NICS, the following corrective measures will need to be taken:

1. The State must ensure that CPLs are only issued after an authorized government official has conducted a full NICS check, including the Immigration Alien Query (IAQ), conducts the necessary research, and if the official determines that there exists a Federal prohibitor, the prohibited applicant does not receive a CPL, as required by MCL 28.426;
2. A full NICS check, including the IAQ, must be completed by an authorized Michigan official on all individuals previously issued CPLs without a full NICS check or without conducting the necessary research and make an updated prohibited person determination;
3. All CPLs previously issued to individuals found to be prohibited from receiving or possessing firearms under Federal or State law must be revoked, pursuant to MCL 28.428 or other applicable law, and recovered from those individuals; and
4. Should you determine that an individual is in possession of a firearm in violation of Federal, but not State law, those cases should immediately be referred to the local ATF field office.

Unless these corrective measures are fully implemented, FFLs will be unable to accept Michigan CPLs as a NICS alternative under the Brady law. If you have any questions, please do not hesitate to contact ATF. Likewise, if the State of Michigan is interested in establishing a CPL program that meets the requirements to qualify as a NICS check alternative, ATF stands ready to provide technical guidance. Please do not hesitate to contact me directly at 202-648-7122.

Sincerely yours,

Curtis W. Gilbert
Acting Assistant Director
Enforcement Programs and Services

---

[3] Marijuana (under the spelling "Marihuana") is listed in the Federal Controlled Substances Act as a Schedule I controlled substance. 21 U.S.C. § 812(c)(10). Regardless of State law, Federal law does not provide any exception allowing the use of marijuana for medicinal or recreational purposes.