U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Enforcement Programs and Services*

Washington, DC 20226

www.atf.gov

January 28, 2022

**VIA CERTIFIED MAIL**

Honorable Dana Nessel, Attorney General
State of Michigan
G. Mennen Williams Building
525 W. Ottawa Street
P.O. Box 30212
Lansing, MI  48909

Dear Attorney General Nessel:

In a letter dated March 3, 2020, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) informed you that we had determined Michigan's Concealed Pistol License (CPL) no longer qualified as an alternative to a Federal Bureau of Investigation (FBI) National Instant Criminal Background Check System (NICS) check which is otherwise required prior to the transfer of a firearm by a Federal firearms licensee (FFL).  ATF concurrently issued a Public Safety Advisory to all Michigan FFLs reflecting this determination and provided you with a copy.  A copy of the letter and the advisory are enclosed.

In our letter, we stated, "[t]he Federal Brady Handgun Violence Prevention Act (Brady law), codified at 18 U.S.C. § 922(t), generally requires FFLs to initiate a NICS background check before transferring a firearm to an unlicensed person.  The Brady law allows an exception to the NICS check requirement for holders of qualifying state-issued permits to possess, carry, or acquire firearms.  Permits issued within the past 5 years by the State in which the transfer is to take place qualify as alternatives to a NICS check if the law of the State provides that such a permit is to be issued only after an authorized State or local government official has verified that the information available to such official, including NICS check results, does not indicate that possession of a firearm by the applicant would be in violation of Federal, State, or local law.  *See* 18 U.S.C. § 922(t)(3) and 27 C.F.R. § 478.102(d)(l)."

We further explained in our March 3, 2020 letter that "in May and June 2019, FBI's Criminal Justice Information Services Division Audit Unit (CJIS) conducted an audit to determine Michigan's compliance with the use of NICS.  FBI CJIS found that [Michigan State Police (MSP)] legal counsel had reversed its position pending a new opinion from your office and was no longer determining whether CPL applicants were prohibited under Federal law from possessing firearms."

Honorable Dana Nessel, Attorney General
State of Michigan

As you may be aware, the Gun Owners of America, Inc. and one of its members have sued ATF regarding the rescission of Michigan's Concealed Pistol License as a NICS alternative permit, alleging that the rescission was arbitrary and capricious and an abuse of ATF's authority.  While the district court entered summary judgment in favor of ATF and dismissed Plaintiffs' claims, a panel of the Sixth Circuit recently vacated that decision and remanded the case to the district court.  The panel believed that there may be confusion regarding Michigan's interpretation of what was required of it pursuant to 18 U.S.C. § 922(t)(3).  Specifically, the panel noted that ATF "ha[d] not obtained an opinion of the Michigan Attorney General" and that "[a]ll it has are ostensibly statements by unidentified individuals in the Michigan State Police who spoke to unidentified people in the Michigan Attorney's office."  No. 21-1131, Slip Op. at 9.

Accordingly, ATF is requesting confirmation that our understanding of your interpretation of 18 U.S.C. § 922(t)(3) is correct.  Specifically, we are asking you to confirm that the State of Michigan, by way of the MSP, is of the opinion that it is not required to determine whether CPL applicants are prohibited from possessing firearms under the Federal law codified at 18 U.S.C. §§ 922(g) and (n).  In order to respond timely to the court, we respectfully request the above confirmation within thirty days of the date of this letter.  If we do not receive a response by then, we will assume our understanding is in fact correct.

We greatly appreciate your cooperation in this matter and look forward to your response.  If you have any questions or if you would like to discuss this matter further, please do not hesitate to contact me directly at 202-648-7004.

                                              Sincerely yours,

                                              Alphonso Hughes
                                              Assistant Director
                                              Enforcement Programs and Services