

U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Enforcement Programs and Services*

*Washington, DC 20226*

www.atf.gov

March 3, 2020

## PUBLIC SAFETY ADVISORY TO ALL MICHIGAN FEDERAL FIREARMS LICENSEES

The purpose of this public safety advisory is to advise you of an important change to the procedure you must follow to comply with the Brady Handgun Violence Prevention Act (Brady law), 18 U.S.C. § 922(t), when transferring a firearm to an unlicensed person.

The Brady law generally requires FFLs to initiate a National Instant Criminal Background Check System (NICS) check before transferring a firearm to an unlicensed person. Nonetheless, pursuant to 18 U.S.C. § 922(t)(3), the Brady law contains exceptions to the NICS check, including an exception for holders of certain State permits to possess, carry, or acquire firearms. The law and implementing regulations provide that permits issued within the past 5 years may qualify as alternatives to the NICS check if certain other requirements are satisfied. This includes a requirement that a government official verifies that the possession of the firearm would not be in violation of law.

On March 24, 2006, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) published an Open Letter to all Michigan Federal firearm licensees (FFLs) finding that a Michigan State Concealed Pistol License (CPL) issued on or after November 22, 2005, could be used as an alternative to initiating a NICS background check prior to transferring a firearm to an unlicensed person.

ATF based this determination on the requirements of 18 U.S.C. § 922(t) and the requirements set forth in State statute MCL 28.426(2). In relevant part, that State statute required that a CPL shall not be issued to an applicant unless the Michigan State Police "has determined through the federal national instant criminal background check system that the applicant is not prohibited under federal law from possessing or transporting a firearm [and] has verified through the United States Immigration and Customs Enforcement databases that the applicant is not an illegal alien or a nonimmigrant alien."

In spite of this specific statutory requirement, ATF recently received information from the Federal Bureau of Investigation, Criminal Justice Information Services Division Audit Unit that Michigan CPLs have been, and continue to be issued to certain applicants without a determination by Michigan officials as to whether the applicant is prohibited under Federal law from possessing or transporting firearms. Specifically, ATF learned that CPLs were and

PUBLIC SAFETY ADVISORY TO ALL MICHIGAN FEDERAL FIREARMS LICENSEES
(continued)

continue to be issued to applicants who were likely prohibited due to a conviction for a misdemeanor crime of domestic violence (18 U.S.C. § 922(g)(9)), and to habitual marijuana users (18 U.S.C. § 922(g)(3)). Although possession and use of marijuana is not unlawful under Michigan law, marijuana remains a "controlled substance" under Federal law, and those using marijuana are prohibited from possessing or transporting a firearm pursuant to 18 U.S.C. § 922(g)(3).

The ATF Open Letter issued to All Michigan Federal Firearms Licensees on March 24, 2006 is rescinded as of the date of this letter because, as explained above, a valid Michigan CPL is no longer a NICS alternative under 18 U.S.C. § 922(t).

**All Michigan FFLs are required to conduct a NICS background check prior to the transfer of a firearm to a non-licensee, even if that individual possesses a valid, unexpired CPL.**

If you have any questions about this Open Letter, please call ATF's Firearms Industry Programs Branch at (202) 648-7190.

Curtis W. Gilbert
Acting Assistant Director
Enforcement Programs and Services